## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Civil Case No.:  0:13-cv-62496

**ADELE FERRERA, DANA COOKE,
GABRIEL IBERTIS, STEVE TROUT,
MATTHEW MCDONOUGH, DAVID KORN,
ARNIE NEBRIAGA, RAHSAAN ASHFORD,
TERRY SHAPIRO, BENJAMIN BARTELL,
ANNE STEIMLE, ARTHUR KAROS,** and
**LARRY ROSENGARTEN,** individually and on
behalf of all others similarly situated,

     *Plaintiffs*,

vs.

**SNYDER'S-LANCE, INC.,** a North Carolina
corporation,

     *Defendant*.

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
## AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF

Plaintiffs Adele Ferrera, Dana Cooke, Gabriel Ibertis, Steve Trout, Matthew

McDonough, David Korn, Arnie Nebriaga, Rahsaan Ashford, Terry Shapiro, Benjamin Bartell,

Anne Steimle, Arthur Karos, and Larry Rosengarten (collectively, "Plaintiffs"), individually and

on behalf of all others similarly situated, by and through their undersigned attorneys, hereby

move to certify the classes of consumers identified below; reserve the right to amend and/or

supplement this Motion as further investigation and discovery occurs;[1] and state in support:

---

1.     Plaintiffs are filing this Motion for Class Certification to protect the interest of the
proposed Class from Defendant's anticipated attempt to "pick off" the putative lead class
representatives in this action.  *See Keim v. ADF Midatlantic, LLC.*, 2013 WL 3717737, at *6
(S.D. Fla. July 15, 2013) (citing *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)
(stating that "Class-action plaintiffs can move to certify the class at the same time that they file
their complaint.  The pendency of that motion protects a putative class from attempts to buy off
the named plaintiffs.").

1.      Pursuant to Federal Rule of Civil Procedure ("Rule") 23, Plaintiffs bring this action on behalf of themselves and on behalf of the following classes of consumers (collectively, the nationwide class and statewide classes identified below are the "Class" or the "Classes").

2.      **Nationwide Classes.**  Pursuant to Rule 23(a) and (b)(2), Plaintiffs bring this action on behalf of themselves and on behalf of a nationwide class, defined as follows:

> All persons who purchased one or more of the Products in the United States and its territories during the period from November 13, 2009, to the date of class certification.

3.      Additionally, pursuant to Rule 23(a) and (b)(3), Plaintiffs bring this action on behalf of themselves and on behalf of a nationwide class, defined as follows:

> All persons who purchased one or more of the Products in the United States and its territories during the period from November 13, 2009, to the date of class certification.

4.      **Statewide Classes.**  Additionally, or in the alternative, Plaintiffs bring this action on behalf of themselves and on behalf of several statewide classes, as follows:

- **Florida Classes.**  Pursuant to Rule 23(a) and (b)(2), Plaintiffs Adele Ferrara, Dana Cooke, Gabriel Ibertis, and Steve Trout bring this action on behalf of themselves and a class of all persons who purchased one or more of the Products in the State of Florida during the period from November 13, 2008, to the date of class certification

- Pursuant to Rule 23(a) and (b)(3), Plaintiffs Adele Ferrara, Dana Cooke, Gabriel Ibertis, and Steve Trout bring this action on behalf of themselves and a class of all persons who purchased one or more of the Products in the State of Florida during the period from November 13, 2008, to the date of class certification.

- **New York Classes.**  Pursuant to Rule 23(a) and (b)(2), Plaintiff Matthew McDonough brings this action on behalf of himself and a class of all persons who purchased one or more of the Products in the State of New York during the period from November 13, 2009, to the date of class certification.

- Pursuant to Rule 23(a) and (b)(3), Plaintiff Matthew McDonough brings this action on behalf of himself and a class of all persons who purchased one or more of the Products in the State of New York during the period from November 13, 2009, to the date of class certification.

- **California Classes.**  Pursuant to Rule 23(a) and (b)(2), Plaintiffs David Korn and Arnie Nebriaga bring this action on behalf of themselves and a class of all persons who purchased one or more of the Products in the State of California during the period from November 13, 2009, to the date of class certification.

- Pursuant to Rule 23(a) and (b)(3), Plaintiffs David Korn and Arnie Nebriaga bring this action on behalf of themselves and a class of all persons who purchased one or more of the Products in the State of California during the period from November 13, 2009, to the date of class certification.

- **Arizona Classes.**  Pursuant to Rule 23(a) and (b)(2), Plaintiff Steve Trout brings this action on behalf of himself and a class of all persons who purchased one or more of the Products in the State of Arizona during the period from November 13, 2009, to the date of class certification.

- Pursuant to Rule 23(a) and (b)(3), Plaintiff Steve Trout brings this action on behalf of himself and a class of all persons who purchased one or more of the Products in the State of Arizona during the period from November 13, 2009, to the date of class certification.

- **Illinois Classes.**  Pursuant to Rule 23(a) and (b)(2), Plaintiffs Steve Trout, Rahsaan Ashford, and Terry Shapiro bring this action on behalf of themselves and a class of all persons who purchased one or more of the Products in the State of Illinois during the period from November 13, 2009, to the date of class certification.

- Pursuant to Rule 23(a) and (b)(3), Plaintiffs Steve Trout, Rahsaan Ashford, and Terry Shapiro bring this action on behalf of themselves and a class of all persons who purchased one or more of the Products in the State of Illinois during the period from November 13, 2009, to the date of class certification.

- **Indiana Classes.**  Pursuant to Rule 23(a) and (b)(2), Plaintiff Steve Trout brings this action on behalf of himself and a class of all persons who purchased one or more of the Products in the State of Indiana during the period from November 13, 2009, to the date of class certification.

- Pursuant to Rule 23(a) and (b)(3), Plaintiff Steve Trout brings this action on behalf of himself and a class of all persons who purchased one or more of the Products in the State of Indiana during the period from November 13, 2009, to the date of class certification.

- **Minnesota Classes.**  Pursuant to Rule 23(a) and (b)(2), Plaintiff Benjamin Bartell brings this action on behalf of himself and a class all persons who purchased one or more of the Products in the State of Minnesota during the period from November 13, 2007, to the date of class certification.

- Pursuant to Rule 23(a) and (b)(3), Plaintiff Benjamin Bartell brings this action on behalf of himself and a class of all persons who purchased one or more of the Products in the State of Minnesota during the period from November 13, 2007, to the date of class

certification.

- **Missouri Classes.**  Pursuant to Rule 23(a) and (b)(2), Plaintiff Anne Steimle brings this action on behalf of herself and a class of all persons who purchased one or more of the Products in the State of Missouri during the period from November 13, 2008, to the date of class certification.

- Pursuant to Rule 23(a) and (b)(3), Plaintiff Anne Steimle brings this action on behalf of herself and a class of all persons who purchased one or more of the Products in the State of Missouri during the period from November 13, 2008, to the date of class certification.

- **Wisconsin Classes.**  Pursuant to Rule 23(a) and (b)(2), Plaintiffs Arthur Karos and Larry Rosengarten bring this action on behalf of themselves and a class of all persons who purchased one or more of the Products in the State of Wisconsin during the period from November 13, 2007, to the date of class certification.

- Pursuant to Rule 23(a) and (b)(3), Plaintiffs Arthur Karos and Larry Rosengarten bring this action on behalf of themselves and a class of all persons who purchased one or more of the Products in the State of Wisconsin during the period from November 13, 2007, to the date of class certification.

5.     Excluded from the Classes are Defendant, its subsidiaries, affiliates, and employees; all persons who make a timely election to be excluded from the Classes; governmental entities; and the judge(s) to whom this case is assigned and any immediate family members thereof.

6.     Plaintiffs' Classes satisfy all of the statutory prerequisites for class certification, as detailed in the Memorandum of Law attached hereto and fully incorporated herein.

7.     Joinder of all Class members is not practical, as the Class likely consists of thousands of persons who reside throughout the United States, Florida, New York, California, Arizona, Illinois, Indiana, Minnesota, Missouri, and Wisconsin.  Plaintiff will ascertain the precise scope of the Class through discovery.

8.     There are questions of fact and law common to all Class members, which predominate over any issues affecting only individual Class members.

9.     All Class claims arise from the same acts, policies, and practices of Defendant

---

and all are based on the same typical factual and legal theories.

10.     Plaintiffs will fairly and adequately represent and protect the interests of the Class and have no interests antagonistic to those of the Class.

11.     All Class members have the same legal right to fair treatment by Defendant.

12.     Plaintiffs, by proving their claims, will prove the claims of the Class.

13.     Plaintiffs have retained competent counsel experienced in the prosecution and successful settlement of class actions.

14.     Counsel for Plaintiffs have prosecuted and will continue to prosecute this action vigorously in the interests of Plaintiffs and the Class.

15.     A class action is an appropriate method for the fair and efficient adjudication of the controversy.

16.     Absent this case proceeding as a class action, Plaintiffs and Class members will effectively be left without a remedy.

**WHEREFORE**, Plaintiffs respectfully requests this Honorable Court to enter an Order:

A.     appointing Plaintiffs as representatives for members of the Class;

B.     appointing the undersigned counsel as Lead Class Counsel;

C.     certifying the Classes requested above under Federal Rule of Civil Procedure 23; and

D.     for all other relief this Honorable Court deems just, appropriate, or proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE:
## CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion

in a good faith effort to resolve the issues but has been able to resolve the issues.


Dated: February 6, 2014                    Respectfully Submitted,

                                  By:       /s/  Howard W. Rubinstein
                                          Howard W. Rubinstein (Florida Bar No. 104108)
                                          **THE LAW OFFICES OF**
                                          **HOWARD W. RUBINSTEIN, P.A.**
                                          1615 Forum Place, Suite 4C
                                          West Palm Beach, Florida  33401
                                          Telephone:     (800) 436-6437
                                          Facsimile:     (415) 692-6607
                                          Email:         *howardr@pdq.net*

                                          Benjamin M. Lopatin
                                          **THE LAW OFFICES OF**
                                          **HOWARD W. RUBINSTEIN, P.A.**
                                          One Embarcadero Center, Suite 500
                                          San Francisco, California  94111
                                          Telephone:     (800) 436-6437
                                          Facsimile:     (415) 692-6607
                                          Email:         *lopatin@hwrlawoffice.com*

                                          Michael R. Reese
                                          George V. Granade
                                          **REESE RICHMAN LLP**
                                          875 Avenue of the Americas, 18th Floor
                                          New York, New York 10001
                                          Telephone:     (212) 643-0500
                                          Facsimile:     (212) 253-4272
                                          Email:         *mreese@reeserichman.com*
                                                         *ggranade@reeserichman.com*

                                          Clayton Halunen
                                          Melissa Wolchansky
                                          **HALUNEN & ASSOCIATES**
                                          1650 IDS Center
                                          80 South Eighth Street
                                          Minneapolis, Minnesota 55402
                                          Telephone:     (612) 605-4098
                                          Facsimile:     (612) 605-4099
                                          Email:         *halunen@halunenlaw.com*
                                                         *wolchansky@halunenlaw.com*

                                          *Counsel for Plaintiffs and the Proposed Class*

PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs Adele Ferrera, Dana Cooke, Gabriel Ibertis, Steve Trout, Matthew McDonough, David Korn, Arnie Nebriaga, Rahsaan Ashford, Terry Shapiro, Benjamin Bartell, Anne Steimle, Arthur Karos, and Larry Rosengarten (collectively, "Plaintiffs") are filing this Motion for Class Certification to protect the interest of the proposed Class from Defendant's anticipated attempt to "pick off" the putative lead class representatives in this action.  *See Keim v. ADF Midatlantic, LLC.*, 2013 WL 3717737, at *6 (S.D. Fla. July 15, 2013) (citing *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011) ("Class-action plaintiffs can move to certify the class at the same time that they file their complaint.  The pendency of that motion protects a putative class from attempts to buy off the named plaintiffs.")).

Plaintiffs respectfully request the Court to defer decision on this Motion until a later date, when the record has been more developed.  Alternatively, if the Court decides the Motion should proceed at this juncture, Plaintiffs will continue to uncover evidence and will seek to engage in discovery, further developing the record and demonstrating that the requirements of Federal Rule of Civil Procedure ("Rule") 23 have been satisfied.

## I.    INTRODUCTION

The above-captioned lawsuit is ideally suited for class certification of Plaintiffs' claims, which are based on Snyder's-Lance, Inc.'s ("Defendant") false and misleading labeling, marketing, and advertising to United States purchasers of certain of its Products.[2]  (Dkt. 14.)

The Products are simply not what Defendant uniformly represents them to be in labeling,

---

2.    This Motion for Class Certification uses the terms "Product" and "Products" as defined in Plaintiffs' Amended Complaint.  (Dkt. 14, at ¶ 2.)  Unless otherwise specified, all paragraph references are to the Amended Complaint.

marketing, and advertising—snack products that are "All Natural," "natural," and/or "naturals."[3] In fact, the Products are unnatural because they contain genetically-modified ingredients[4] ("GMOs") and other artificial and synthetic ingredients.  (¶ 5.)

The central issue in this action is whether Defendants' uniform "All Natural" labeling of the Products is false and misleading representation that is likely to deceive reasonable consumers.  The answer to this question is the same for all Class[5] members.  The labeling is either deceptive or it is not, and since whether the representation is deceptive is governed by an objective, reasonable consumer standard, common evidence will establish this fact.  As a result, the predominance requirement of Rule 23(b)(3) is satisfied here.  Moreover, certification under Rule 23(b)(2) is appropriate, as Defendants have "acted or refused to act on grounds generally applicable to the [C]lass, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the [C]lass as a whole."

Defendant cannot demonstrate that this lawsuit is better tried on an individual basis, thousands of times over.  The issue presented on this Motion for Class Certification is not whether Defendant's statements or omissions are in fact false or deceptive, but whether Plaintiffs can present their case on a class-wide basis pursuant to the factors enumerated in Rule 23.

## II.    STATEMENT OF COMMON FACTS UNDERLYING PLAINTIFFS' CLAIMS

Defendant made and continues to make uniform false and misleading representations that the Products are "All Natural," "natural," and/or "naturals."  (¶ 1.)  The "All Natural," "natural,"

---

3.    This Motion for Class Certification uses the terms "All Natural," "natural," and/or "naturals" interchangeably, as they are not materially different.

4.    This Motion uses the term "genetically-modified" as Plaintiffs' Amended Complaint uses that term.  (¶ 1 n.1.)

5.    This Motion for Class Certification uses the terms "Class" and "Classes" as defined in Plaintiffs' Amended Complaint.  (¶¶ 180–83; *see, supra*, pages 2–4.)

and "naturals" representations appear uniformly on all the Products at issue.  (*Id.*; ¶¶ 110–16; Am. Compl., Ex. 1 (labeling of each Product).)   Defendant's "All Natural" representation prominently displayed on the Products' packaging is false, misleading, and likely to deceive reasonable consumers, such as Plaintiffs and members of the Class, because of the presence in the Products of unnatural, genetically-modified ingredients and other unnatural artificial and synthetic ingredients.  (¶¶ 1–7.)

Genetically-modified ingredients are not "natural" because their genetic makeup has been altered to exhibit characteristics that do not otherwise occur in nature. (¶¶ 117–25.)  Similarly, the other highly-processed, artificial, and synthetic ingredients in the Products are not "natural." (¶¶ 136–46.)   For example, the synthetic ingredient maltodextrin is produced through a "relatively severe process," *i.e.*, partial acid and enzymatic hydrolysis of corn starch, that renders the ingredient not "natural."  (¶ 140.)

Plaintiffs and every Class member were exposed to the same materially false, deceptive, and misleading "All Natural," "natural," and "naturals" claims.  (¶¶ 110–16.)   Defendant deceptively labeled and marketed the Products to induce the general consuming public, such as Plaintiffs and the Class members, to purchase them.  (¶¶ 147–54.)   Defendant's false and deceptive labeling and marketing caused Plaintiffs' and the Class members injuries—*i.e.*, Plaintiffs and the Class members purchased the Products at a premium price on account of Defendant's misrepresentations.  (¶¶ 161–78; Am. Compl., Ex. 3.)   Plaintiffs and the Class members have been economically damaged by their purchase of the Products, since the Products are not, in fact, "All Natural," "natural," and "naturals."  (*Id.*)

Further, Plaintiffs and the Class members seek to enjoin Defendant from falsely and misleadingly labeling and marketing the Products as "All Natural," when the Products contain

unnatural GMOs and other artificial and synthetic ingredients.  Plaintiffs desire to purchase the

Products in the future, if they could be confident the Products are in fact truthfully and non-

misleadingly labeled.  (¶¶ 18, 25, 32, 42, 49, 56, 63, 70, 77, 84, 92, 99, 106.)

## III.    THE PROPOSED CLASS

As set forth in Plaintiffs' Amended Complaint, Plaintiffs bring this action on behalf of

the following Classes:

- **Nationwide Classes.**  Pursuant to Rule 23(a) and (b)(2), Plaintiffs bring this action on behalf of themselves and on behalf of a nationwide class, defined as follows:

> All persons who purchased one or more of the Products in the United States and its territories during the period from November 13, 2009, to the date of class certification.

- Additionally, pursuant to Rule 23(a) and (b)(3), Plaintiffs bring this action on behalf of themselves and on behalf of a nationwide class, defined as follows:

> All persons who purchased one or more of the Products in the United States and its territories during the period from November 13, 2009, to the date of class certification.

- **Statewide Classes.**   Additionally, or in the alternative, Plaintiffs bring this action on behalf of themselves and on behalf of several statewide classes, as follows:

  - **Florida Classes.**  Pursuant to Rule 23(a) and (b)(2), Plaintiffs Adele Ferrara, Dana Cooke, Gabriel Ibertis, and Steve Trout bring this action on behalf of themselves and a class of all persons who purchased one or more of the Products in the State of Florida during the period from November 13, 2008, to the date of class certification.

  - Pursuant to Rule 23(a) and (b)(3), Plaintiffs Adele Ferrara, Dana Cooke, Gabriel Ibertis, and Steve Trout bring this action on behalf of themselves and a class of all persons who purchased one or more of the Products in the State of Florida during the period from November 13, 2008, to the date of class certification.

  - **New York Classes.**    Pursuant to Rule 23(a) and (b)(2), Plaintiff Matthew McDonough brings this action on behalf of himself and a class of all persons who purchased one or more of the Products in the State of New York during the period from November 13, 2009, to the date of class certification.

  - Pursuant to Rule 23(a) and (b)(3), Plaintiff Matthew McDonough brings this action on behalf of himself and a class of all persons who purchased one or more of the

Products in the State of New York during the period from November 13, 2009, to the date of class certification.

o **California Classes.** Pursuant to Rule 23(a) and (b)(2), Plaintiffs David Korn and Arnie Nebriaga bring this action on behalf of themselves and a class of all persons who purchased one or more of the Products in the State of California during the period from November 13, 2009, to the date of class certification.

o Pursuant to Rule 23(a) and (b)(3), Plaintiffs David Korn and Arnie Nebriaga bring this action on behalf of themselves and a class of all persons who purchased one or more of the Products in the State of California during the period from November 13, 2009, to the date of class certification.

o **Arizona Classes.** Pursuant to Rule 23(a) and (b)(2), Plaintiff Steve Trout brings this action on behalf of himself and a class of all persons who purchased one or more of the Products in the State of Arizona during the period from November 13, 2009, to the date of class certification.

o Pursuant to Rule 23(a) and (b)(3), Plaintiff Steve Trout brings this action on behalf of himself and a class of all persons who purchased one or more of the Products in the State of Arizona during the period from November 13, 2009, to the date of class certification.

o **Illinois Classes.** Pursuant to Rule 23(a) and (b)(2), Plaintiffs Steve Trout, Rahsaan Ashford, and Terry Shapiro bring this action on behalf of themselves and a class of all persons who purchased one or more of the Products in the State of Illinois during the period from November 13, 2009, to the date of class certification.

o Pursuant to Rule 23(a) and (b)(3), Plaintiffs Steve Trout, Rahsaan Ashford, and Terry Shapiro bring this action on behalf of themselves and a class of all persons who purchased one or more of the Products in the State of Illinois during the period from November 13, 2009, to the date of class certification.

o **Indiana Classes.** Pursuant to Rule 23(a) and (b)(2), Plaintiff Steve Trout brings this action on behalf of himself and a class of all persons who purchased one or more of the Products in the State of Indiana during the period from November 13, 2009, to the date of class certification.

o Pursuant to Rule 23(a) and (b)(3), Plaintiff Steve Trout brings this action on behalf of himself and a class of all persons who purchased one or more of the Products in the State of Indiana during the period from November 13, 2009, to the date of class certification.

o **Minnesota Classes.** Pursuant to Rule 23(a) and (b)(2), Plaintiff Benjamin Bartell brings this action on behalf of himself and a class all persons who purchased one or more of the Products in the State of Minnesota during the period from November 13,

2007, to the date of class certification.

o   Pursuant to Rule 23(a) and (b)(3), Plaintiff Benjamin Bartell brings this action on behalf of himself and a class of all persons who purchased one or more of the Products in the State of Minnesota during the period from November 13, 2007, to the date of class certification.

o   **Missouri Classes.**  Pursuant to Rule 23(a) and (b)(2), Plaintiff Anne Steimle brings this action on behalf of herself and a class of all persons who purchased one or more of the Products in the State of Missouri during the period from November 13, 2008, to the date of class certification.

o   Pursuant to Rule 23(a) and (b)(3), Plaintiff Anne Steimle brings this action on behalf of herself and a class of all persons who purchased one or more of the Products in the State of Missouri during the period from November 13, 2008, to the date of class certification.

o   **Wisconsin Classes.**  Pursuant to Rule 23(a) and (b)(2), Plaintiffs Arthur Karos and Larry Rosengarten bring this action on behalf of themselves and a class of all persons who purchased one or more of the Products in the State of Wisconsin during the period from November 13, 2007, to the date of class certification.

o   Pursuant to Rule 23(a) and (b)(3), Plaintiffs Arthur Karos and Larry Rosengarten bring this action on behalf of themselves and a class of all persons who purchased one or more of the Products in the State of Wisconsin during the period from November 13, 2007, to the date of class certification.

Excluded from each of the Classes are Defendant, its subsidiaries, affiliates, and employees; all persons who make a timely election to be excluded from the Classes; governmental entities; and the judge(s) to whom this case is assigned and any immediate family members thereof.

Plaintiffs Adele Ferrera, Dana Cooke, Gabriel Ibertis, Steve Trout, Matthew McDonough, David Korn, Arnie Nebriaga, Rahsaan Ashford, Terry Shapiro, Benjamin Bartell, Anne Steimle, Arthur Karos, and Larry Rosengarten are the proposed Class representatives.

## IV.   **LEGAL STANDARDS**

### A.   **Federal Rule of Civil Procedure 23**

Plaintiffs seek certification under Rule 23.  A "district court has broad discretion in determining whether to certify a class." *Washington v. Brown & Williamson Tobacco Corp.*, 959

F.2d 1566, 1569 (11th Cir. 1992); *see also Heaven v. Trust Co.* Bank, 118 F.3d 735, 737 (11th Cir. 1997) ("The district court's decision whether to certify a class may only be overturned if it constitutes an abuse of discretion.").

A plaintiff can maintain her case as a class action "if all four prerequisites of Rule 23(a) are satisfied, and, in addition, the requirements of one of the three subsections of Rule 23(b) are also met." *Heaven*, 118 F.3d at 737.  In determining whether to maintain an action as a class action, courts do not conduct an exploration of the merits regarding aspects of the claims unrelated to a Rule 23 requirement. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011); *Eisen v. Carlisle & Jacqueline*, 417 U.S. 156, 177–78 (1974); *In re Initial Public Offerings Secs. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006).  Moreover, because a court decides whether certification of a class is appropriate at the pleading stage of the action, the court accepts substantive allegations in the complaint as true for purposes of the motion. *See Eisen & Carlisle*, 417 U.S. at 177; *Cortigiano v. Oceanview Manor Home For Adults*, 227 F.R.D. 194 (E.D.N.Y. 2005).

## V.  CLASS CERTIFICATION IS APPROPRIATE

### A.  Certification is Appropriate Pursuant to Rule 23(a)

Consumer protection claims, including the claims at issue here, are ideal for class certification. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997); *accord Veal v. Crown Auto Dealerships, Inc.*, 236 F.R.D. 572, 581 (M.D. Fla. 2006) (certifying a claim under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.*, and finding that "[p]laintiff alleges that [d]efendant committed the same or very similar unlawful acts utilizing the same methodology against the entire class").

To certify a class, a plaintiff must satisfy the following four prerequisites set forth in Rule

23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy.  Fed. R. Civ. P. 23(a).

### 1.    Numerosity is Satisfied

Rule 23(a)(1) requires the class to be so numerous that joinder of individual class members is impracticable.  *Smith v. Wm. Wrigley Jr. Co.*, No. 09-60646-CIV, 2010 WL 2401149, at *4 (S.D. Fla. June 15, 2010) (citation omitted).  It is not necessary for parties seeking class certification to know the exact number of class members, but they "must make reasonable estimates with support as to the size of the proposed class."  *Smith*, 2010 WL 2401149, at *4 (internal citation and quotation marks omitted).

Defendant has sold thousands to millions of units of the Products nationwide.  Here, based on Plaintiffs' anticipated number of sales and the popularity of the Products, the number of consumers who purchased the Products is likely to be at least in the many thousands, thereby making the class so numerous that joinder is impracticable.  As a result, numerosity is satisfied.

### 2.    Commonality Is Satisfied

The commonality requirement of Rule 23(a)(2) requires that there be "questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  Commonality is satisfied where questions of law refer to standardized conduct by a defendant towards members of the proposed class.  *In re Amerifirst Sec. Litig.*, 139 F.R.D. 423, 428 (S.D. Fla. 1991).  "Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury."  *Wal-Mart Stores, Inc.*, at 2551.  Commonality is a "relatively light burden" that "does not require that all the questions of law and fact raised by the dispute be common . . . or that the common questions of law or fact predominate over individual issues."  *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 (11th Cir. 2009).  As this very court has noted, the threshold for commonality is "not high."  *Jacobs v. Osmose, Inc.*, 213 F.R.D. 607, 612 (S.D. Fla 2003) (citation omitted).  "The

requirement is satisfied when questions of law and fact linking the class members are substantially related to the resolution of the litigation, even though the individuals are not identically situated. *Jacobs*, 213 F.R.D at 612 (citation omitted).

Here, commonality is satisfied because there are common issues of law and fact whose resolution is capable of being proven class-wide, and that will affect all or a significant number of the putative class members. Issues of fact and law common to the proposed Class include:

a. Whether Defendant's use of "All Natural" representations in the marketing, labeling, and sales of the Products is false, unfair, deceptive, and unlawful;

b. Whether all of the ingredients contained in the Products are, in fact, "natural";

c. Whether any ingredient contained in the Products is a GMO or is derived from GMOs;

d. Whether the claim "All Natural" on the Products' labels is material to a reasonable consumer;

e. Whether the claim "All Natural" on the Products' labels is likely to deceive a reasonable consumer, when the Products contain or are made from genetically modified ingredients and other artificial and synthetic ingredients;

f. Whether Defendant's conduct economically injured consumers, and if so, the extent of the injury and proper measure of relief;

g. Whether Plaintiffs and the Class members are entitled to injunctive relief enjoining Defendant from continuing falsely and misleadingly label the Products as "All Natural," "natural," and "naturals";

h. Whether Defendant should be made to engage in a corrective advertising campaign;

i. Whether Defendant should be prohibited from labeling its Products "All Natural" when they contain ingredients derived from GMOs and other artificial and synthetic ingredients.

Because each of the above-listed questions of fact and law are common to the entire Class, the Class satisfies the commonality requirement.

3.    Typicality Is Satisfied

Typicality requires that "the claims or defenses of the representative parties are typical of

the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).  The typicality requirement, like the commonality requirement, is not demanding.  *In re Disposable Contact Lens Antitrust Litig.*, 170 F.R.D. 524, 532 (M.D. Fla. 1996).  "[A] strong similarity of legal theories will satisfy the typicality requirement despite substantial factual differences."  *Piazza v. Ebsco Indus., Inc.*, 273 F.3d 1341, 1351 (11th Cir. 2001).  The typicality element is satisfied when the named plaintiff's claims "arise from the same event or pattern or practice and are based on the same legal theory" as the claims of the class.  *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984), *cert. denied*, 470 U.S. 1004 (1985); *see also CV Reit, Inc. v. Levy*, 144 F.R.D. 690, 696 (S.D. Fla. 1992).  The Supreme Court has noted that the "commonality and typicality requirements of Rule 23(a) tend to merge."  *Gen. Tel. Co. of SW v. Falcon*, 457 U.S. 147, 157 n.13 (1982); *see also Griffin v. Dugger*, 823 F.2d 1476, n. 31 (11th Cir. 1987).  In *Kornberg*, the Eleventh Circuit elaborated on the typicality standard, stating that "a factual variation will not render a class representative's claim atypical unless the factual position of the representative markedly differs from that of other members of the class."   *Kornberg*, at 1337 (citing *Edmondson v. Simon*, 86 F.R.D. 375, 380-81 (N.D. Ill. 1980)).

The typicality element is met here because: (1) Plaintiffs allege a common pattern of wrongdoing; (2) Plaintiffs purchased the same Products that the Class members purchased; (3) the representations regarding the Products contained uniform language viewed by Plaintiffs and the Class members; (4) Plaintiffs and the Class members purchased the Products at a premium price above the market value based on Defendant's false, deceptive, and/or misleading "All Natural" representations; (5) Plaintiffs and the proposed Class members assert claims based on the same course of conduct by Defendant, which led to each Plaintiffs' and each Class members' economic injury.  Additionally, each of the Plaintiffs and the Class members seeks the same

relief—an injunction putting an end to Defendant's deception of consumers—and monetary relief as provided under state law.  Rule 23(a)(3) is satisfied.

### 4.   Adequacy Is Satisfied

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  "This requirement applies to both the named plaintiffs and their counsel."  *Smith*, 2010 WL 2401149 at *12 (citing *London v. Wal-Mart, Inc.*, 340 F.3d 1246, 1253 (11th Cir. 2003)).  Generally, in class actions, "[a]dequacy of representation is presumed." *Brown v. SCI Funeral Servs. of Fla., Inc.*, 212 F.R.D. 602, 605 (S.D. Fla. 2003).

Here, Plaintiffs will fairly and adequately represent and protect the interests of members of the Class. Each Class member's claims arise under the same legal theories, each Class member was harmed in the same way, and each Class member seeks the same recovery as the representative Plaintiffs, so Plaintiffs' interests align perfectly with the interests of absent Class members.  There is nothing to suggest that Plaintiffs have any interest antagonistic to the vigorous pursuit of the Class members' claims against Defendants.

In addition, Plaintiffs have retained counsel competent and experienced in both consumer protection and class action litigation.  Further, there is a presumption of competence for all members of the bar in good standing unless evidence to the contrary is adduced.  *Dolgow v. Anderson*, 43 F.R.D. 472, 496 (E.D.N.Y. 1968), *rev'd on other grounds*, 438 F.2d 825 (2d Cir. 1970).  Plaintiffs' counsel have extensive experience handling complex class actions and have demonstrated a willingness to vigorously prosecute the Class members' claims.  Plaintiffs' counsel is adequate class counsel.

### B.      Certification is Appropriate Pursuant to Rule 23(b)(2)

This action qualifies as a class action under Rule 23(b)(2) because, as described above,

Defendants' uniform false and deceptive labeling and marketing of the Products is an action generally applicable to all members of the Class "so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class[e]s as a whole." Fed. R. Civ. P. 23(b)(2). Plaintiffs and the Class members seek for the Court to issue an Order prohibiting Defendant from using the false and misleading Product labeling and marketing at issue, as well as corresponding declaratory relief, on behalf of themselves and the proposed Class as a whole, satisfying (b)(2).

### C.      Certification is Appropriate Pursuant to Rule 23(b)(3)

#### 1.      Predominance is Satisfied

"The predominance inquiry 'tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Nelson v. Mead Johnson Nutrition Co.*, 270 F.R.D. 689, 696–97 (S.D. Fla. 2010) (internal citation omitted). "To satisfy the predominance requirement, 'the issues in the class action that are subject to generalized proof and, thus, applicable to the class as a whole, must predominate over those issues that are subject only to individualized proof.'" *Id.* at 697 (citation omitted). Common issues predominate when they have a "direct impact on every class member's effort to establish liability that is more substantial than the impact of individual issues in resolving the claim or claims of each class member." *Id.* (quoting *Vega*, 564 F.3d at 1270).

However, "individualized damages determinations generally do not preclude class certification if liability may be determined class-wide." *Nelson*, 270 F.R.D. at 697 (citing *Klay v. Humana, Inc.*, 382 F.3d 1241, 1260 (11th Cir. 2004)); *In re Alexander Grant & Co. Litig.*, 110 F.R.D. 528, 534 (S.D. Fla. 1986) (Predominance is met where "the liability issue is common to the class[.]"); *Allapattah Servs., Inc. v. Exxon Corp.*, 333 F.3d 1248, 1261 (11th Cir. 2003) ("[T]he presence of individualized damages issues does not prevent a finding that the common

issues in the case predominate." (internal quotation and citation omitted)).

Here, Plaintiffs and the Class members will submit identical proof that Defendant's representations about the Products would deceive an objective consumer acting reasonable under the circumstances. All Products contain the same "All Natural" statement and all Products contain unnatural, genetically-modified ingredients and other artificial and synthetic ingredients. Because reasonable consumers do not expect "All Natural" Products to contain genetically-modified ingredients and other artificial and synthetic ingredients, Defendant's representations objectively deceive reasonable consumers, such as Plaintiffs and the Class members. Indeed, as the court noted in *Fitzpatrick v. General Mills, Inc.*, 263 F.R.D. 687 (S.D. Fla. 2010), every member of the class need not have been exposed to every representation made by Defendant to make class treatment appropriate. 263 F.R.D. at 693–94. Because Plaintiffs may prove the essential issues in this case with common proof, class-wide issues predominate over individualized issues. As a result, predominance is satisfied.

2.      Class Treatment is Superior and Manageable

Rule 23(b)(3) considers whether "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). "In many respects, the predominance analysis has a tremendous impact on the superiority analysis because when common issues predominate over individual issues, a class action lawsuit becomes more desirable as a vehicle for adjudicating the plaintiffs' claims." *Nelson*, 270 F.R.D. at 698 (citing *Klay*, 382 F.3d at 1269). "[T]he improbability that large numbers of class members would possess the initiative to litigate individually" further compels a finding of superiority. *Fabricant v. Sears Roebuck*, 202 F.R.D. 310, 318 (S.D. Fla. 2001); *Amchem,* 521 U.S. at 617; *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985); *see also Smith*, 2010 WL 2401149, at *5.

Here, superiority considerations weigh heavily in favor of class certification because Class members would likely have no interest in pursuing individual actions.  Indeed, it would be neither economically feasible, nor judicially efficient, for the many thousands of Class members to pursue their claims against Defendant on an individual basis because the monetary recovery for the majority of Class members is relatively small.  This makes vindication of Class members' rights extremely difficult, if not impossible, absent this case being maintained as a class action.

If every Class member filed an individual action against Defendant, it would result in an overload on judicial resources and a heavy burden on the Defendant.  Even assuming Defendant chooses to "cross examine" each putative Class member who submits a claim form, the sole issue it will need to establish is the purchase.  When this option is weighed against thousands of separate lawsuits, it is clear that class relief is more manageable, even for Defendant.

Although identifying the individuals in the putative Class may raise some difficulty, "these issues are not insurmountable."  *Fitzpatrick*, 263 F.R.D. at 702 (class action involving a retail sales action involving two million packages of a yogurt).  "This concern will rarely, if ever, be in itself sufficient to prevent certification. . . . Even potentially severe management issues have been held insufficient to defeat class certification . . . ."  *Spinelli v. Capital One Bank*, 265 F.R.D. 598, 611 (M.D. Fla. 2009) (citing *Klay,* 382 F.3d at 1273; other internal citations omitted).  Courts commonly approve class settlements in retail sales actions, even those where the Defendant has "no way to identify the vast majority of individual class members," by utilizing a Class Action Settlement Administrator.  *Smith*, 2010 WL 2401149, at *6 ("Because . . . there is no way to identify the vast majority of individual Class members, Wrigley does not have mailing addresses for Class members.  Based upon Wrigley's media plans for the products, Garden City was able to design a notice program that maximized exposure to Class members. . .

[which] satisfies the requirements of Rule 23(e)(1).").

Accordingly, Rule 23(b)(3)'s requirements are met.

**VI.**     <u>**CONCLUSION**</u>

Based on the foregoing, Plaintiffs respectfully request this Honorable Court to:

(1)     Certify the Class requested herein;

(2)     Appoint Plaintiffs as representatives for the Class;

(3)     Appoint the undersigned counsel as Lead Class Counsel; and

(4)     Provide all other relief this Honorable Court deems just, appropriate, or proper.

Dated: February 6, 2014                    Respectfully Submitted,

                    By:     /s/  Howard W. Rubinstein
                    Howard W. Rubinstein (Florida Bar No. 104108)
                    **THE LAW OFFICES OF**
                    **HOWARD W. RUBINSTEIN, P.A.**
                    1615 Forum Place, Suite 4C
                    West Palm Beach, Florida  33401
                    Telephone:     (800) 436-6437
                    Facsimile:     (415) 692-6607
                    Email:         *howardr@pdq.net*

                    Benjamin M. Lopatin
                    **THE LAW OFFICES OF**
                    **HOWARD W. RUBINSTEIN, P.A.**
                    One Embarcadero Center, Suite 500
                    San Francisco, California  94111
                    Telephone:     (800) 436-6437
                    Facsimile:     (415) 692-6607
                    Email:         *lopatin@hwrlawoffice.com*

                    Michael R. Reese
                    George V. Granade
                    **REESE RICHMAN LLP**
                    875 Avenue of the Americas, 18th Floor
                    New York, New York 10001
                    Telephone:     (212) 643-0500
                    Facsimile:     (212) 253-4272

Clayton Halunen
Melissa Wolchansky
**HALUNEN & ASSOCIATES**
1650 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone:      (612) 605-4098
Facsimile:      (612) 605-4099

*Counsel for Plaintiffs and the Proposed Class*

<u>**CERTIFICATE OF SERVICE**</u>

I do hereby certify that on February 6, 2014, I electronically filed the forgoing **PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF** with the Clerk of the Court using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record via transmission Notices of Electronic Filing generated by CM/ECF.

_/s/   Howard W. Rubinstein_
Howard W. Rubinstein

**SERVICE LIST**
*Ferrera et al. v. Snyder's-Lance, Inc.*
No. 0:13-cv-62496-JAL
United States District Court for the Southern District of Florida

Howard Weil Rubinstein
**The Law Offices of Howard W.**
**Rubinstein, P.A.**
1615 Forum Place
Suite 4C
West Palm Beach, FL 33401
832-715-2788
Fax: 4156926607
Email: *howardr@pdq.net*

Kiran H. Mehta
**K&L Gates, LLP**
214 N. Tryon Street
Suite 4700
Charlotte, NC 28202
704-331-7437
Email: *kiran.mehta@klgates.com*

Matthew G. Ball
**K&L Gates, LLP**
4 Embarcadero Center
Suite 1200
San Francisco, CA 94111
415-249-1014
Email: *matthew.ball@klgates.com*

April Lynn Boyer
**K&L Gates, LLP**
Southesast Financial Center
200 South Biscayne Boulevard
Suite 3900
Miami, FL 33131-2399
305-539-3300
Fax: 305-358-7095
Email: *april.boyer@klgates.com*