## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Civil Case No.:  0:13-cv-62496

**TODD BARRON, ADELE FERRERA, MATTHEW MCDONOUGH,** and **DAVID KORN,** individually, and on behalf of all others similarly situated,

　　　　*Plaintiffs,*

vs.

**SNYDER'S-LANCE, INC.,** a North Carolina corporation,

　　　　*Defendant.*

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT

Plaintiffs Adele Ferrera, Dana Cooke, Gabriel Ibertis, Steve Trout, Matthew McDonough, David Korn, Arnie Nebriaga, Rahsaan Ashford, Terry Shapiro, Benjamin Bartell, Anne Steimle, Arthur Karos, and Larry Rosengarten (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, by and through their undersigned attorneys, respectfully submit the following supplemental authorities:

- *Forcellati v. Hyland's, Inc.*, No. CV 12-1983-GHK MRWX, 2014 WL 1410264 (C.D. Cal. Apr. 9, 2014) (attached as Exhibit 1 hereto); and

- *Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, No. 7:13-cv-03073-NSR, 2014 WL 1285137 (S.D.N.Y. Mar. 27, 2014) (attached as Exhibit 2 hereto),

each bearing on the arguments defendant Snyder's-Lance, Inc., raised in its motion to dismiss the

Amended Complaint in the above-captioned action pursuant to Federal Rule of Civil Procedure

12.  (Dkt. 38–39.)

The attached decisions demonstrate, *inter alia*:

- the plausibility of Plaintiffs' claims; specifically, in *Goldemberg*, the court

stated:

> Defendant also relies on *Lieberson v. Johnson & Johnson Consumer Cos.*, 865 F. Supp. 2d 529, 541–42 (D.N.J. 2011), wherein allegations that the defendant charged a premium of at least $1.00 while comparable products cost at least 25% less were found to be insufficient without identifying the comparators or the actual prices of the defendants' and competitors' products.  However, *Lieberson* dealt with the New Jersey Consumer Fraud Act, under which plaintiffs must satisfy the heightened pleading standard of Rule 9(b), *id.* at 538–42, whereas no such heightened standard applies to GBL § 349 claims, *Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir. 2005).  Thus, *Lieberson* is inapplicable.  ***Moreover, other post*Iqbal** *cases have found valid § 349 claims despite plaintiffs not identifying competitors or prices.*  *See, e.g.*, *Lynch v. Tropicana Prods., Inc.*, No. 2:11–cv–07382, 2013 WL 2645050, at *8 (D.N.J. June 12, 2013) ("Plaintiffs contend that Tropicana extracts a premium price for the product in question, based on the fact that the product is represented as fresh-squeezed."); *Guido v. L'Oreal USA, Inc.*, 284 F.R.D. 468, 483 (C.D. Cal. 2012) (plaintiffs alleged "that they paid a premium for the product based on marketing representations"); *Ackerman v. Coca–Cola Co.*, No. CV–09–0395 (JG)(RML), 2010 WL 2925955, at *23 (E.D.N.Y. July 21, 2010) (plaintiffs alleged that "[d]efendants command a premium price for vitamin water by distinguishing it from soft drinks (including their own), and by marketing and advertising it as a fortified beverage, a dietary supplement in liquid form").  ***Therefore, while identifying the prices of competing products in the Complaint would strengthen Plaintiff's allegation of injury***, *see, e.g.*, *Ebin v. Kangadis Food Inc.*, No. 13 Civ. 2311(JSR), 2013 WL 6504547, at *1 (S.D.N.Y. Dec. 11, 2013) (defendant's product allegedly selling for 16.3 cents per fluid ounce while identified competitor's product selling for only 9 .8 cents per fluid ounce), ***the failure to do so is not fatal to Plaintiff's claim***.  Accordingly, dismissal of the GBL § 349 claim as to representations on Defendant's website and Facebook page must also be denied.

(Ex. 2, *Goldemberg*, at *8–11 (emphasis added));

- that claims for breach of express warranty pursuant to New York common

law do not require privity (Ex. 2, *Goldemberg*, at *12–13 ("A buyer may bring a claim against a

manufacturer from whom he did not purchase a product directly, since an express warranty 'may include specific representations made by a manufacturer in its sales brochures or advertisements regarding a product upon which a purchaser relies.'" (citations omitted)));

- that the Court should rule that Plaintiffs have standing to sue concerning products they never purchased (Ex. 2, *Goldemberg*, at *14 ("Defendant's argument that Plaintiff lacks standing to represent a class including persons who purchased [the products at issue] which he did not purchase is properly considered at the class certification stage.")); and

- Plaintiffs, at the appropriate time, will be able to meet the commonality and typicality requirements for class certification under Federal Rule of Civil Procedure 23 (Ex. 1, *Forcellati*, at *1 (establishing that six different products were at issue), *8–10 (stating, with respect to commonality, that "it is immaterial that Defendants' products contain different ingredients because Plaintiffs are challenging the products' common homeopathic preparation. The efficacy of homeopathy is a question that will 'generate common answers apt to drive the resolution of the litigation'" and stating, with respect to typicality, that "Defendants also argue that Plaintiffs' claims are atypical because absent putative class members have purchased different products, and these different products 'have different ingredients to treat different symptoms and are advertised differently.'  [citation]  This argument was unpersuasive in the commonality context, and it fares no better here")).

Dated: May 8, 2014                    **Respectfully Submitted By,**

                                       /s/ Howard W. Rubinstein
                                      Howard W. Rubinstein (Florida Bar No. 104108)
                                      **THE LAW OFFICES OF**
                                      **HOWARD W. RUBINSTEIN, P.A.**
                                      1615 Forum Place, Suite 4C
                                      West Palm Beach, Florida  33401

Telephone:     (800) 436-6437
Facsimile:      (415) 692-6607
Email:           *howardr@pdq.net*

Benjamin M. Lopatin (admitted *pro hac vice*)
**THE LAW OFFICES OF**
**HOWARD W. RUBINSTEIN, P.A.**
One Embarcadero Center, Suite 500
San Francisco, California  94111
Telephone:     (800) 436-6437
Facsimile:      (415) 692-6607
Email:           *lopatin@hwrlawoffice.com*

Michael R. Reese (admitted *pro hac vice*)
George V. Granade II (admitted *pro hac vice*)
**REESE RICHMAN LLP**
875 Avenue of the Americas, 18th Floor
New York, New York  10001
Telephone:     (212) 643-0500
Facsimile:      (212) 253-4272

Clayton Halunen
Melissa Wolchansky (admitted *pro hac vice*)
**HALUNEN & ASSOCIATES**
1650 IDS Center
80 South Eighth Street
Minneapolis, Minnesota  55402
Telephone:     (612) 605-4098
Facsimile:      (612) 605-4099

*Counsel for Plaintiffs and the Proposed Class*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that on May 8, 2014, the foregoing **PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT** and its accompanying exhibits were electronically filed with the Clerk of the Court using the CM/ECF system, which will send copies to all counsel of record.

    /s/ Howard W. Rubinstein
Howard W. Rubinstein

**SERVICE LIST**
*Barron et al. v. Synder's-Lance, Inc.*
No. 0:13-cv-62496-JAL
United States District Court for the Southern District of Florida

Benjamin M. Lopatin
**Law Offices of Howard W. Rubinstein, P.A.**
One Embacadero Center
Suite 500
San Francisco, CA 94111
800-436-6437
Email: *lopatin@hwrlawoffice.com*

Michael Robert Reese
**Reese Richman LLP**
875 Avenue of the Americas
18th Floor
New York, NY 10001
212-646-0500
Fax: 212-253-4272
Email: *mreese@reeserichman.com*

George V. Granade II
**Reese Richman LLP**
875 Avenue of the Americas
18th Floor
New York, NY 10001
212-646-0500
Email: *ggranade@reeserichman.com*

Scott W. Carlson
**Halunen & Associates**
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
612-605-4098
Email: *carlson@halunenlaw.com*

Melissa W. Wolchansky
**Halunen & Associates**
1650 IDS Center
80 South Eight Street
Minneapolis, MN 55402
612-605-4098
Email: *wolchansky@halunenlaw.com*

Howard Weil Rubinstein
**The Law Offices of Howard W. Rubinstein, P.A.**
1615 Forum Place
Suite 4C
West Palm Beach, FL 33401
832-715-2788
Fax: 4156926607
Email: *howardr@pdq.net*

Kiran H. Mehta
**K&L Gates, LLP**
214 N. Tryon Street
Suite 4700
Charlotte, NC 28202
704-331-7437
Email: *kiran.mehta@klgates.com*

Matthew G. Ball
**K&L Gates, LLP**
4 Embarcadero Center
Suite 1200
San Francisco, CA 94111
415-249-1014
Email: *matthew.ball@klgates.com*

April Lynn Boyer
**K&L Gates, LLP**
Southesast Financial Center
200 South Biscayne Boulevard
Suite 3900
Miami, FL 33131-2399
305-539-3300
Fax: 305-358-7095
Email: *april.boyer@klgates.com*

Olivia Rae Waters Kelman
**K&L Gates LLP**
200 S. Biscayne Boulevard, Suite 3900
Miami, FL 33131
305-539-3300
Email: *olivia.kelman@klgates.com*