IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 0:13-cv-62496-LENARD/GOODMAN

TODD BARRON, ADELE FERRERA, MATTHEW MCDONOUGH and DAVID KORN, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

SNYDER'S-LANCE, INC.,

    Defendant.

**DEFENDANT'S CONSOLIDATED MOTION TO STRIKE AND RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY [ECF No. 51]**

Pursuant to Federal Rule of Civil Procedure 12(f) and Local Rule 7.1(c), Defendant Snyder's-Lance, Inc. ("Snyder's-Lance") submits its Consolidated Motion to Strike and Response to Plaintiffs' Notice of Supplemental Authority (the "Notice") [ECF No. 51]. The Notice should be stricken and disregarded by the Court in ruling on Snyder's-Lance's Motion to Dismiss because it: (1) violates this Court's Local Rules; (2) fails to meet the Eleventh Circuit's requirements for true "supplemental" authority; and (3) relies on two non-binding, distinguishable opinions from district courts outside the Eleventh Circuit.

Local Rule 7.1(c) authorizes only opposing and reply briefs, and further provides that "[n]o further or additional memoranda of law *shall be filed without prior leave of Court*." L.R. 7.1(c) (emphasis added). In disregard of this Court's Local Rules, Plaintiffs filed the Notice and attached "supplemental" authority without first seeking leave of the Court. For this reason alone, the Notice, and its attachments, should be stricken.

In addition, Plaintiffs' purported "supplemental" authority, *Forcellati v. Hyland's, Inc.*, No. CV 12-1983-GHK MRWX, 2014 WL 1410264 (C.D. Cal. Apr. 9, 2014), an unpublished opinion from a district court outside the Eleventh Circuit, fails to meet the requirements for true supplemental authority. In the Eleventh Circuit, "notices of supplemental authority should not make legal argument" and should not "raise issues for the first time." *Girard v. Aztec RV Resort, Inc.*, 10-62298-CIV, 2011 WL 4345443, at *2-3 (S.D. Fla. Sept. 16, 2011) (Rosenbaum, J.). Plaintiffs cite *Forcellati* to support a new—and not previously raised—class certification argument. But Plaintiffs may not raise and argue the issue of class certification for the first time in the Notice.[1] *See id.* at *3. Indeed, Plaintiffs' statement in the Notice itself reveals Plaintiffs' acknowledgement that it is *not* "the appropriate time" for the Court to consider either the class certification issue or *Forcellati*. *See* Notice at 3 ("Plaintiffs, *at the appropriate time*, will be able to meet the commonality and typicality requirements for class certification." (emphasis added)). Plainly, *Forcellati* is not "supplemental" authority and should be stricken. *See Girard*, 2011 WL 4345443, at *3.

As to the substance of the Notice, Plaintiffs rely on *Goldemberg v. Johnson & Johnson Consumer Cos., Inc.,* 13-cv-3073, 2014 WL 1285137 (S.D.N.Y. Mar. 27, 2014), a second unpublished decision, in which a district court outside this Circuit denied a motion to dismiss for failure to state a claim. In so doing, the court determined that under New York law allegations of "premium price" were sufficient to state actual injury. *See Goldemberg*, 2014 WL 1285137, at

---

[1] Further to the point, this Court postponed briefing on Plaintiffs' Motion for Class Certification [ECF No. 16] and set a briefing schedule for the parties to complete supplemental class certification briefing. *See* [ECF No. 27]. Pursuant to this Court's Order, Plaintiffs must submit a supplemental motion for certification by September 2, 2014; Snyder's-Lance must oppose by October 2, 2014; and Plaintiffs must reply by October 23, 2014. *See id.* In light of this Court's detailed briefing schedule, Plaintiffs' premature attempt to raise the issue of class certification for the first time in the Notice is improper.

\*10-11.  But *Goldemberg* is not controlling authority on the adequacy of Plaintiffs' "premium price" allegations under *Iqbal*, which in this case are insufficient to show ascertainable damage. *See* [ECF No. 38] Def's Mot. to Dismiss at 4-10; *see also* [ECF No. 45] Pls' Opp'n to Def's RJN (acknowledging "myriad other factors" having an effect on product pricing).  In other words, the post-*Iqbal* cases referenced in *Goldemberg* addressed whether "premium price" allegations can ever meet the injury requirement, and simply held that a "premium price" is sufficient to show injury under New York law.  *See Lynch v. Tropical Prods.,* Inc., No. 2:11–cv–07382, 2013 WL 2645050, at \*8 (D. N.J. June 12, 2013); *Guido v. L'Oreal USA, Inc.*, 284 F.R.D. 468, 483 (C.D. Cal. 2012); *Ackerman v. Coca-Cola Co.*, No. CV–09–0395, 2010 WL 2925955, at \*23 (E.D.N.Y. July 21, 2010).  In contrast to the cases relied on in *Goldemberg*, the complaint's fatal deficiencies as to the "premium price" allegations are (1) Plaintiffs' failure to set forth any plausible allegations of the existence of a "premium price"; and (2) Plaintiffs' failure to plausibly allege that any "premium price" was due to the "natural" labeling.

Moreover, unlike the claims addressed in *Goldemberg*, Plaintiffs' claims under various state laws must meet the heightened pleading standard of Rule 9(b).  *See In re Horizon Organic Milk Plus DHA Omega-3 Mktg. & Sales Practice Litig.*, 955 F. Supp. 2d 1311, 1322-23 (S.D. Fla. 2013) (applying heightened pleading standard of Rule 9(b) to claims under Arizona Consumer Fraud Act, California Unfair Competition Law, California Consumers Legal Remedies Act, Florida Deceptive and Unfair Trade Practices Act, and Illinois Consumer Fraud Act); *Hughes v. Ester C Co.*, 930 F. Supp. 2d 439, 470 (E.D.N.Y. 2013) (Missouri Merchandising Practices Act claims must meet Rule 9(b) standard); *Lynch v. Tropicana Prods., Inc.,* 2:11-CV-07382 DMC, 2013 WL 2645050 (D.N.J. June 12, 2013) (applying Rule 9(b) to Wisconsin consumer fraud and false advertising statute); *Jones v. ConAgra Foods, Inc.*, 912 F. Supp. 2d 889, 903 (N.D. Cal. 2012) (dismissing California False Advertising Law claims for failure to meet Rule 9(b) pleading standard ); *Thunander v. Uponor, Inc.*, 887 F. Supp. 2d 850, 875 (D. Minn.

3

2012) (dismissing claims under Indiana Deceptive Consumer Sales Act and Minnesota False Statement in Advertisement Act for failure to meet Rule 9(b) pleading standards); *Select Comfort Corp. v. Sleep Better Store, LLC*, 796 F. Supp. 2d 981, 983 (D. Minn. 2011) (dismissing claims under Minnesota Uniform Deceptive Trade Practices Act, Minnesota Unlawful Trade Practices Act, and Minnesota Consumer Fraud Act for failure to meet Rule 9(b) pleading standards); *Lawrence v. UMLIC-Five Corp.*, 06 CVS 20643, 2007 WL 2570256 (N.C. Super. June 18, 2007) (granting motion to dismiss North Carolina Unfair and Deceptive Trade Practices Act claims for failure to meet Rule 9(b) pleading standards). Accordingly, the Court should apply the plausibility analysis in *Lieberson v. Johnson & Johnson Consumer Cos.*, 865 F. Supp. 2d 529, 541-42 (D.N.J. 2011).

Plaintiffs also point to *Goldemberg* to show that privity is not required to state a claim for breach of express warranty under New York law. *See Goldemberg*, 2014 WL 1285137, at *12-13. But it is well-settled that "under New York law, privity is an essential element of a cause of action for breach of express warranty." *See, e.g., Koenig v. Boulder Brands, Inc.,* 13-CV-1186 ER, 2014 WL 349706, at *13 (S.D.N.Y. Jan. 31, 2014) *and Ebin v. Kangadis Food Inc.*, 13 CIV. 2311 JSR, 2013 WL 6504547, at *6 (S.D.N.Y. Dec. 11, 2013). New York law and the New York Uniform Commercial Code recognize a limited exception to the requirement of privity where the plaintiff claims to have been personally injured. *See Koenig*, 2014 WL 349706, at *13; *Ebin*, 2013 WL 6504547, at *6; N.Y. U.C.C. § 2–313(1)(a) (McKinney 2012). But here, "Plaintiffs have pleaded solely economic injury, and therefore privity is required to assert a breach of warranty claim" under New York law. *Koenig*, 2014 WL 349706, at *13 (citing *Ebin*, 2013 WL 6504547, at *6). *C.f. DiBartolo v. Abbott Labs.,* 914 F. Supp. 2d 601, 625 (S.D.N.Y. 2012) (allowing breach of warranty claim absent allegations of privity because plaintiff alleged personal injury). To the extent the *Goldemberg* court ignored the requirement of privity, the

decision is inconsistent with New York law as applied by district courts within the Second Circuit and should not be followed by this Court. *See, e.g., Ebin*, 2013 WL 6504547, at *6.

Relying upon dicta in *Goldemberg* that is plainly inconsistent with Eleventh Circuit precedent, Plaintiffs urge the Court to find that Plaintiffs have standing to sue as to products that they never purchased. But it is beyond dispute that in the Eleventh Circuit "Article III must be established on a claim-by-claim basis." *Toback v. GNC Holdings, Inc.*, No. 13-80526-CIV, 2013 WL 5206103, *4 (S.D. Fla. Sept. 13, 2013) (citing *Prado-Steiman v. Bush*, 221 F.3d 1266, 1279-80 (11th Cir. 2000)) (dismissing putative class claims asserted with respect to entire product line where named plaintiff only alleged purchase of one product in that line).

The Notice does not warrant consideration by the Court and should be stricken as Plaintiffs failed to comply with Local Rule 7.1(c) and the *Forcellati* opinion does not meet the requirements of supplemental authority. As to the substance of the Notice, Plaintiffs ask the Court to ignore binding precedent and cases from district courts within this Circuit in favor of non-binding, distinguishable decisions from outside the Eleventh Circuit. Plaintiffs' Notice and supplemental authorities should be stricken, or in the alternative disregarded, and the Amended Complaint should be dismissed in its entirety with prejudice.

Dated: Miami, Florida  
       May 14, 2014

Respectfully submitted,

*/s/ April Boyer*  
April Boyer  
Florida Bar No. 168335  
april.boyer@klgates.com  
Olivia Kelman  
Florida Bar No. 105286  
olivia.kelman@klgates.com  
**K&L GATES LLP**  
Southeast Financial Center  
200 South Biscayne Boulevard, Suite 3900  
Miami, Florida 33131  
Telephone:  305.539.3300  
Facsimile:  305.358.7095  
    and  
Kiran H. Mehta, admitted *pro hac vice*  
kiran.mehta@klgates.com  
**K&L GATES LLP**  
214 N. Tryon Street, Suite 4700  
Charlotte, NC 28202  
Telephone: 704.331.7437  
Facsimile: 704.353.3137  
    and  
Matthew G. Ball, admitted *pro hac vice*  
matthew.ball@klgates.com  
**K&L GATES LLP**  
4 Embarcadero Center, Suite 1200  
San Francisco, CA 94111  
Telephone: 412.249.1014  
Facsimile: 412.882.8220  
*Counsel for Defendant*  
*Snyder's-Lance, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 14, 2014, the foregoing was filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel or parties of record on the service list set forth below.

*/s/   April Boyer*  
APRIL BOYER

6

## SERVICE LIST
## Case No. 0:13-cv-62496-LENARD/GOODMAN

Howard W. Rubinstein
The Law Offices of Howard W.
 Rubinstein, P.A.
1615 Forum Place, Suite 4C
West Palm Beach, FL 33401
Email: howardr@pdq.net
Telephone: 832.715.2788
Facsimile:  561.688.0630

Benjamin M. Lopatin, admitted *pro hac vice*
The Law Offices of Howard W.
 Rubinstein, P.A.
One Embarcadero Center, Suite 500
San Francisco, CA 94111
Email: lopatin@hwrlawoffice.com
Telephone: 800.436.6437
Facsimile: 415.692.6607

Michael R. Reese, admitted *pro hac vice*
George V. Granade, II, admitted *pro hac vice*
Reese Richman LLP
875 Avenue of the Americas, 18th Floor
New York, NY  10001
Email: mreese@reeserichman.com
Telephone:  212.646.0500
Facsimile: 212.253.4272

Melissa W. Wolchansky, admitted *pro hac vice*
Scott W. Carlson, admitted *pro hac vice*
Halunen & Associates
1560 IDS Center
80 South Eight Street
Minneapolis, MN 55402
Email: wolchansky@halunenlaw.com
Email: carlson@halunenlaw.com
Telephone: 612-605-4098

April Boyer
Florida Bar No. 168335
Olivia Kelman
Florida Bar No. 105286
K&L GATES LLP
Southeast Financial Center
200 South Biscayne Boulevard, Suite 3900
Miami, FL 33131
Email: april.boyer@klgates.com
Email: olivia.kelman@klgates.com
Telephone: 305.539.3300
Facsimile:  305.358.7095

Matthew G. Ball, admitted *pro hac vice*
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Email: matthew.ball@klgates.com
Telephone: 412.249.1014
Facsimile:  412.882.8220

Kiran H. Mehta, admitted *pro hac vice*
K&L GATES LLP
214 N. Tryon Street, Suite 4700
Charlotte, NC 28202
Email: kiran.mehta@klgates.com
Telephone: 704.331.7437
Facsimile:  704.353.3137