UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-62496-CIV-LENARD/GOODMAN

TODD BARRON, et al.,

    Plaintiffs,

v.

SNYDER'S-LANCE, INC.,

    Defendant.
_____/

**ORDER ON DEFENDANT'S MOTION TO STRIKE**

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

    This matter is before the Undersigned on the District Court's referral of Defendant Snyder's-Lance, Inc.'s ("Defendant") Motion to Strike and Response to Plaintiffs' Notice of Supplemental Authority. [ECF Nos. 51; 52; 53]. Having reviewed the motion, the Plaintiffs' response, and the pertinent portions of the record, the Undersigned **GRANTS** in part and **DENIES** in part Defendant's motion.

**I.    BACKGROUND**

    Plaintiffs filed this action for declaratory and injunctive relief against Defendant for deceptively marketing products as "All Natural." [ECF No. 1]. After Defendant filed a motion to dismiss, Plaintiffs filed an amended complaint. [ECF Nos. 4; 11; 14].

    On March 10, 2014, Defendant moved to dismiss Plaintiffs' amended complaint. [ECF No. 38]. Plaintiffs filed their response on March 27, 2014. [ECF No. 44]. About six

weeks later, on May 8th, 2014, Plaintiffs filed a Notice of Supplemental Authority (the "Notice") supplementing their response to Defendant's motion to dismiss. [ECF No. 51]. In the Notice, Plaintiffs reference and attach two post-March 26, 2014 cases. The Notice, however, doesn't end there. Rather, Plaintiffs included **two additional pages** to explain why these two cases are relevant to this case. Defendant moved to strike **and respond to** the Notice. [ECF No. 52].

Defendant contends that the Notice violates the Local Rules, fails to meet the requirements for "supplemental" authority, and relies on two non-binding, distinguishable opinions. [ECF No. 52, p. 1]. But just like Plaintiffs' Notice, Defendant's motion/response goes on for a few pages explaining why these two cases are inapplicable. [*Id.* at pp. 2-5]. Unsurprisingly, Plaintiffs argue that the Notice constitutes supplemental authority and does not contain any legal argument. Plaintiffs further contend that the Notice is nothing more than "brief statements" relating to the arguments made in their response and the two cases. [ECF No. 56, pp. 2-3].

II.   **LEGAL STANDARDS**

Local Rule 7.1(c) authorizes only opposing and reply briefs. The rule is clear that "no further or additional memoranda of law shall be filed without prior leave of Court." Local Rule 7.1(c). Notices of supplemental authority, however, do not fall within the purview of the rule. *Pellegrino v. Koeckritz Dev. of Boca Raton, LLC*, No. 08-80164-CIV, 2008 WL 4753726, at *2 n. 2 (S.D. Fla. Oct. 27, 2008); *see also  Williams v. Heritage*

*Operating, L.P.*, No. 8:07CV977 T24MSS, 2007 WL 2302131, at *1 (M.D. Fla. Aug. 8, 2007) (analyzing analogous Middle District rule and noting that notices of supplemental authority do not fall within the purview of that rule).

"[S]upplemental filings should direct the Court's attention to legal authority or evidence that was not available to the filing party at the time that that party filed the original brief to which the subsequent supplemental filing pertains." *Girard v. Aztec RV Resort, Inc.*, No. 10-62298-CIV, 2011 WL 4345443, at *2 (S.D. Fla. Sept. 16, 2011). Beyond that, supplemental filings should do nothing more. *Id*. In particular, they should not make legal arguments. *Girard*, 2011 WL 4345443, at *2-3; *Pellegrino*, 2008 WL 4753726, at *2 n. 2.

### III.    ANALYSIS

The cases attached to the Notice are appropriate for submission to the District Court. Specifically, Plaintiffs' response was filed on March 27, 2014, while the cases in the Notice were decided on March 27, 2014 and April 9, 2014. Thus, the cases could not have been known to exist at the time of Plaintiffs' response. As such, they constitute new legal authority and will not be stricken. *Girard*, 2011 WL 4345443, at *3.

As for the remainder of the Notice, the Undersigned cannot reach the same conclusion. "Even the most superficial review of the notice[] reveal[s] that [it] contain[s] legal arguments." *Girard*, 2011 WL 4345443, at *3. Plaintiffs' attempt to couch their two pages of additional argument as permissible "brief statements" is unpersuasive. A brief

statement, if allowed, is just that -- brief. Two pages of quotations and Plaintiffs' gloss as to the meaning of these cases do not constitute "brief statements." Moreover, because Plaintiffs' Notice contains legal argument, it has, for all intents and purposes, prompted additional rounds of briefing. [*See* ECF Nos. 52; 56]. This is the precise situation that the Local Rules and the applicable case law authority are trying to prevent. Consequently, because Plaintiffs' Notice contains a surfeit of legal arguments, this part of the Notice must be stricken. *Girard*, 2011 WL 4345443, at *3.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Strike the Notice of Supplemental Authority is **GRANTED IN PART** and **DENIED IN PART.** The cases attached to the Notice [ECF Nos. 51-1; 51-2] will not be stricken, but the Notice [ECF No. 51] is hereby stricken.

**DONE AND ORDERED** in Chambers, Miami, Florida, June 13, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable Joan A. Lenard
All Counsel of Record