# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Civil Case No. 0:13-cv-62496-LENARD-GOODMAN

TODD BARRON, ADELE FERRARA, DANA COOKE,
GABRIEL IBERTIS, STEVE TROUT, MATTHEW
MCDONOUGH, DAVID KORN, ARNIE NEBRIAGA,
RAHSAAN ASHFORD, TERRY SHAPIRO,
BENJAMIN BARTELL, ANNE STEIMLE, ARTHUR
KAROS, and LARRY ROSENGARTEN, individually
and on behalf of all others similarly situated,

                Plaintiffs,

   v.

SNYDER'S-LANCE, INC., a North Carolina corporation,

                Defendant.

## PLAINTIFFS' SUPPLEMENTAL MOTION FOR CLASS CERTIFICATION AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF

Pursuant to Federal Rule of Civil Procedure 23 and Local Rule 23.1 of the Local Rules of the United States District Court for the Southern District of Florida, plaintiffs Adele Ferrara, Dana Cooke, Rahsaan Ashford, and Anne Steimle (collectively, "Representative Plaintiffs"), by and through their undersigned counsel, hereby move to certify the classes defined below (the "Class" or the "Classes") and state as follows in support thereof:

1.    The Class satisfies all of the statutory prerequisites for class certification, as detailed in the memorandum of law attached hereto and fully incorporated herein.

2.    Joinder of all Class members is not practical, as the Class consists of hundreds of thousands of consumers.

3.    There are questions of fact or law common to all Class members that predominate over any issues affecting only individual Class members.

4.      All Class claims arise from the same acts, policies, and practices of Snyder's-Lance, Inc. ("Defendant") and are all based on the same typical factual and legal theories.

5.      Representative Plaintiffs will fairly and adequately represent and protect the interests of the Class and have no interests antagonistic to those of the Class.

6.      All Class members have the same legal right to fair treatment by Defendant. Representative Plaintiffs, by proving their claims, will prove the claims of the Class.

7.      Representative Plaintiffs have retained competent counsel, experienced in the prosecution and successful settlement of class actions.

8.      Counsel have prosecuted and will continue to prosecute this action vigorously in the interests of all plaintiffs and the Class members.

9.      A class action is the appropriate method for the fair and efficient adjudication of this controversy.

10.     Absent this case proceeding as a class action, Representative Plaintiffs and Class members will effectively be left without a remedy.

WHEREFORE, Representative Plaintiffs respectfully request this Honorable Court enter an Order:

(1)     appointing Representative Plaintiffs as representatives for members of the Class;

(2)     appointing Representative Plaintiffs' counsel as Lead Class Counsel pursuant to Federal Rule of Civil Procedure 23(g);

(3)     certifying the following class under Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3):

**The Nationwide Class:**

All consumers who purchased one or more of the Products[1] in the United States and its territories for personal, family, or household purposes and not for resale during the period from November 13, 2009, to the date of class certification.

or, in the alternative, certifying the following class under Rule 23(a), (b)(2), and (b)(3):

**The Multi-State Class**

All consumers who purchased one or more of the Products in either the states of Florida, Illinois, or Missouri for personal, family, or household purposes and not for resale during the period November 13, 2009, to the date of class certification.

(4)     for all other relief this Honorable Court deems just, appropriate, or proper.

## CERTIFICATION OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), the undersigned hereby certifies that counsel for Representative Plaintiffs have conferred with counsel for Snyder's-Lance, Inc., in a good faith effort to resolve the issues the motion raises and have been unable to do so.

---

[1] Plaintiffs define the term "Products" herein to include the Cape Cod Chips and Snyder's Snacks (*i.e.*, pretzels and tortilla chips), as defined in their Amended Complaint. (Am. Compl., ¶ 2.)

Date: November 24, 2014                    Respectfully submitted,

                                            _/s/ Howard W. Rubinstein_____
                                            Howard W. Rubinstein (Florida Bar No. 104108)
                                            **THE LAW OFFICES OF**
                                            **HOWARD W. RUBINSTEIN, P.A.**
                                            1615 Forum Place, Suite 4C
                                            West Palm Beach, Florida  33401
                                            Telephone:      (800) 436-6437
                                            Facsimile:      (415) 692-6607
                                            Email:          _howardr@pdq.net_

                                            Benjamin M. Lopatin (admitted _pro hac vice_)
                                            **THE LAW OFFICES OF**
                                            **HOWARD W. RUBINSTEIN, P.A.**
                                            One Embarcadero Center, Suite 500
                                            San Francisco, California  94111
                                            Telephone:      (800) 436-6437
                                            Facsimile:      (415) 692-6607
                                            Email:          _lopatin@hwrlawoffice.com_

                                            Michael R. Reese (admitted _pro hac vice_)
                                            Kim E. Richman (admitted _pro hac vice_)
                                            George V. Granade II (admitted _pro hac vice_)
                                            **REESE RICHMAN LLP**
                                            875 Avenue of the Americas, 18th Floor
                                            New York, New York  10001
                                            Telephone:      (212) 643-0500
                                            Facsimile:      (212) 253-4272
                                            Email:          _mreese@reeserichman.com_
                                                            _krichman@reeserichman.com_
                                                            _ggranade@reeserichman.com_

                                            Melissa Wolchansky (admitted _pro hac vice_)
                                            **HALUNEN & ASSOCIATES**
                                            1650 IDS Center
                                            80 South Eighth Street
                                            Minneapolis, Minnesota  55402
                                            Telephone:      (612) 605-4098
                                            Facsimile:      (612) 605-4099
                                            Email:          _wolchansky@halunenlaw.com_

                                            _Counsel for Plaintiffs_

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................................ iii

INTRODUCTION ............................................................................................................... 1

THE COMMON FACTS UNDERLYING REPRESENTATIVE PLAINTIFFS' CLAIMS ............................................................................................................................ 2

ARGUMENT ...................................................................................................................... 6

I.        STANDARD OF REVIEW ...................................................................................... 6

II.      THE COURT SHOULD CERTIFY THE CLASS ................................................... 6

      A.     The Class Meets the Requirements of Federal Rule of Civil Procedure 23(a) ............................................................................................................ 7

            1.     The Class Meets the Numerosity Requirement ............................. 7

            2.     The Class Meets the Commonality Requirement ......................... 7

            3.     Representative Plaintiffs Meet the Typicality Prerequisite ......... 9

            4.     The Class Representatives and Their Counsel Will Fairly and Adequately Protect the Interests of the Class ............................ 10

      B.     The Class Meets the Requirements of Federal Rule of Civil Procedure 23(b)(2) ........................................................................................................ 11

      C.     The Class Meets the Requirements of Federal Rule of Civil Procedure 23(b)(3) ........................................................................................................ 12

            1.     Common Questions of Law and Fact Predominate over Questions Affecting Individual Class Members ......................... 12

                     *a.*     *The Question of Whether Defendant's Products Are "All Natural" Predominates over Other Questions of Causation or Damages* ................................................................ 13

                     *b.*     *The Florida, Illinois, and Missouri Claims Share Predominant Legal Questions* ......................................... 14

                               *i.*     *Consumer Protection Laws* ............................... 14

                               *ii.*    *Express Warranty* ............................................. 16

i

          *iii.*    *Intentional Misrepresentation*...........................................16

    2.     A Class Action Lawsuit Is the Superior Method of Adjudication.............17

  D.     The Class Is Ascertainable ....................................................................18

III.    PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(c)(4), THE COURT SHOULD CERTIFY THE CLASS FOR LIABILITY PURPOSES ONLY .................................................................................................................19

IV.    THE COURT SHOULD CERTIFY A NATIONWIDE CLASS PURSUING CLAIMS UNDER NORTH CAROLINA STATE LAW...................................................21

CONCLUSION................................................................................................................22

CERTIFICATE OF SERVICE ..........................................................................................24

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Allapattah Servs., Inc. v. Exxon Corp.*, 333 F.3d 1248 (11th Cir. 2003)
  *aff'd sub nom. Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)................ 13

*Allen v. Hyland's Inc.*, 300 F.R.D. 643 (C.D. Cal. 2014) ................................................... 19

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997) ................................................ 6, 13

*Aranaz v. Catalyst Pharm. Partners Inc.*, No. 13-CV-23878-UU,
  2014 WL 4814352 (S.D. Fla. Sept. 29, 2014) ................................................... 10

*Astiana v. Kashi Co.*, 291 F.R.D. 493 (S.D. Cal. 2013) ............................................... 19

*Butler v. Sears, Roebuck & Co.,* 727 F.3d 796 (7th Cir. 2013) .................................... 20

*Cabrera v. Gov't Employees Ins. Co.*, No. 12-61390-CIV,
  2014 WL 2999206 (S.D. Fla. July 3, 2014) ................................................... 18

*Campos v. INS*, 188 F.R.D. 656 (S.D. Fla. 1999) ...................................................... 12

*Carpenter v. Davis*, 424 F.2d 257 (5th Cir. 1970) .................................................... 18

*Cnty. of Monroe v. Priceline.com, Inc.*, 265 F.R.D. 659 (S.D. Fla. 2010) ...................... 9, 13, 17

*Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 185 L. Ed. 2d 515 (2013) ....................... 20

*Craft v. Philip Morris Cos.*, 190 S.W.3d 368 (Mo. Ct. App. 2005) ............................... 15

*Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561 (S.D.N.Y. 2014) .................................... 19

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) ................................................. 6

*Forcellati v. Hyland's, Inc.*, No. 12-CV-1983-GHK,
  2014 WL 1410264 (C.D. Cal. Apr. 9, 2014) ................................................... 9

*Gunnells v. Healthplan Servs.*, 348 F.3d 417 (4th Cir. 2003)...................................... 14

*Harris v. comScore, Inc.*, 292 F.R.D. 579 (N.D. Ill. 2013) ........................................ 19

*In re Amerifirst Sec. Litig.*, 139 F.R.D. 423 (S.D. Fla. 1991) ..................................... 8

*In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124 (2d Cir. 2001) .................. 13

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*,
    722 F.3d 838 (6th Cir. 2013) ........................................................................ 20

*Jacobs v. Cent. Transp., Inc.*, 891 F. Supp. 1088 (E.D.N.C. 1995)............................................. 21

*Jacobs v. Osmose, Inc.*, 213 F.R.D. 607 (S.D. Fla. 2003) ............................................................. 9

*Jermyn v. Best Buy Stores, L.P.*, 276 F.R.D. 167 (S.D.N.Y. 2011)............................................. 12

*Jones v. Diamond*, 519 F.2d 1090 (5th Cir. 1975).......................................................................... 18

*Klay v. Humana, Inc.*, 382 F.3d 1241, 1254 (11th Cir. 2004) ...................................................... 13

*Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332 (11th Cir. 1984),
    *cert. denied*, 470 U.S. 1004 (1985)............................................................... 9

*Latman v. Costa Cruise Lines, N.V.*, 758 So. 2d 699 (Fla. Dist. Ct. App. 2000) ......................... 15

*Lawrence v. UMLIC-Five Corp.*, No. 06-CV-20643,
    2007 WL 2570256 (N.C. Super. June 18, 2007) ....................................................... 21

*Lilly v. Jamba Juice Co.*, No. 13-CV-2998,
    2014 WL 4652283 (N.D. Cal. Sept. 18, 2014) ................................................. 19, 20

*Little v. T-Mobile USA, Inc.*, 691 F.3d 1302 (11th Cir. 2012)...................................................... 18

*Moore v. GNC Holdings, Inc.*, No. 12-cv-61703-WPD (S.D. Fla. Oct. 17, 2013),
    Doc. No. 61 .......................................................................... 7, 9, 13, 14

*Moore v. Walter Coke, Inc.*, 294 F.R.D. 620 (N.D. Ala. 2013)...................................................... 18

*Moreno-Espinosa v. J & J Ag Prods.*, 247 F.R.D. 686 (S.D. Fla. 2007)....................................... 6

*Muzuco v. Re$ubmitIt, L.L.C.*, 297 F.R.D. 504 (S.D. Fla. 2013) .................................................. 8

*Nelson v. Mead Johnson Nutrition Co.*, 270 F.R.D. 689 (S.D. Fla. 2010) .................................... 9

*Neumont v. Monroe Cnty., Fla.*, 198 F.R.D. 554 (S.D. Fla. 2000)................................................ 18

*Oliveira v. Amoco Oil Co.*, 776 N.E.2d 151 (Ill. 2002) ................................................................ 15

*Pop's Pancakes, Inc. v. NuCO2, Inc.*, 251 F.R.D. 677 (S.D. Fla. 2008) ...................................... 11

*Ries v. Ariz. Bevs. USA L.L.C.*, 287 F.R.D. 523 (N.D. Cal. 2012) ............................................... 19

*Sharf v. Fin. Asset Resolution, L.L.C.*, 295 F.R.D. 664 (S.D. Fla. 2014) ................................. 7, 8

*Smilow v. Sw. Bell Mobile Sys.*, 323 F.3d 32 (1st Cir. 2003)........................................................ 13

*State v. AreaCo. Inv. Co.*, 756 S.W.2d 633 (Mo. Ct. App. 1988)................................................ 15

*Stinson v. City of N.Y.*, 282 F.R.D. 360 (S.D.N.Y. 2012) *reconsideration denied*,
    No. 10-CV-4228-RWS, 2012 WL 2952840 (S.D.N.Y. July 19, 2012)................................... 12

*Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750 (7th Cir. Ill. 2014) ................................................ 15

*Tonkovich v. S. Fla. Citrus Indus.*, 185 So. 2d 710 (Fla. Dist. Ct. App. 1966) ........................... 16

*Veal v. Crown Auto Dealerships, Inc.*, 236 F.R.D. 572 (M.D. Fla. 2006)....................................... 6

*Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256 (11th Cir. 2009) ................................................. 6, 13

*Walco Invs. v. Thenen*, 168 F.R.D. 315 (S.D. Fla. 1996) ..................................................... 10, 17

*Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 180 L. Ed. 2d 374,
    180 L. Ed. 2d 374 (2011) .......................................................................................... 6, 8, 12

*Werdebaugh v. Blue Diamond Growers*, No. 12-CV-2724,
    2014 WL 2191901 (N.D. Cal. May 23, 2014) ............................................................... 17, 19

*Williams v. Mohawk Indus.*, 568 F.3d 1350 (11th Cir. 2009)........................................... 8, 11, 19

*Zeisel v. Diamond Foods, Inc.*, No. 10-CV-01192-JSW,
    2011 WL 2221113 (N.D. Cal. June 7, 2011) ........................................................................ 9

## Statutes and Other Authorities

815 Ill. Comp. Stat. 505/1 ...................................................................................................... 14

Alba Conte & Herbert B. Newberg, 2 Newberg on Class Actions § 10:12 (4th ed. 2012) .......... 19

Federal Rule of Civil Procedure 23 ................................................................................... passim

Fl. Stat. § 672.313 ................................................................................................................. 16

Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.* ..................... 6, 14

Herbert Newberg & Alba Conte, *Newberg on Class Actions* § 9:59 (4th Ed. 2010)................... 21

Ill. Comp. Stat. § 810-5/2-313 ............................................................................................... 16

Local Rule 23.1, Local Rules of the United States District Court
    for the Southern District of Florida............................................................................... 1

Manual for Complex Litigation (Fourth) § 21.222 (2004) .......................................................... 18

Mo. Rev. Stat. § 407.010 ...................................................................................................... 14

V.A.M.S. § 400.2-313................................................................................................................ 16

Pursuant to Federal Rule of Civil Procedure 23 and Local Rule 23.1 of the Local Rules of the United States District Court for the Southern District of Florida, plaintiffs Adele Ferrara, Dana Cooke, Rahsaan Ashford, and Anne Steimle (collectively, "Representative Plaintiffs"), by and through their undersigned counsel, respectfully submit this Memorandum of Law in support of their Supplemental Motion for Class Certification.

## INTRODUCTION

Federal courts have repeatedly recognized that claims, such as those that Representative Plaintiffs assert here, challenging deceptive business practices and false advertising should be certified as class actions under Rule 23 of the Federal Rules of Civil Procedure.  This is particularly true where, as here, the central issue concerns a label that is materially the same throughout the class period.  Here, the central issue is whether defendant Snyder's-Lance, Inc.'s ("Defendant") labeling of the Products[2] is deceptive to a reasonable consumer.  Since deception is determined by an ***objective***, reasonable consumer standard, common evidence will establish and prove it.  The answer to this question is the same for all Class members.  The labeling is either deceptive or it is not.  The predominance requirement of Rule 23(b)(3) of the Federal Rules of Civil Procedure is therefore satisfied here.

Moreover, certification under Rule 23(b)(2) is also appropriate as Defendant has "acted or refused to act on grounds generally applicable to the [C]lass, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the [C]lass as a whole."  Indeed, Defendant continues to sell the Products with the deceptive and misleading labeling.  Thus, this action easily meets the requirements for class certification under Rule 23(b)(2).

---

[2] Plaintiffs define the term "Products" herein to include the Cape Cod Chips and Snyder's Snacks (*i.e.*, pretzels and tortilla chips), as defined in their Amended Complaint.  (Am. Compl., ¶ 2.)

## THE COMMON FACTS UNDERLYING REPRESENTATIVE PLAINTIFFS' CLAIMS

Defendant deceptively promotes its Products using the common, uniform representation on the front of the packaging that its products are "All Natural," when, in fact, they are not, as they contain GMOs and other synthetic ingredients.  (*See* Am. Compl., Ex. 1 (showing labeling and ingredients of the Products).)

As seen in Defendant's internal documents produced during discovery in this action, ▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉  For example, Defendant stated in one such document regarding the Cape Cod Products that bear the "All Natural" representation:



(Declaration of George V. Granade in Support of Plaintiffs' Supplemental Motion for Class Certification ("Granade Decl."), Ex. A (Cape Cod Potato Chips Brand Story, August 2008), at SLI00054626; *see also id.*, Ex. B (Cape Cod Potato Chips 2012 Plan), at SLI00036617.)

And as stated in another internal document entitled Cape Cod Brand and Sub-Brand Equity Qualitative, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉:



(*Id.*, Ex. C, at SLI00024035, SLI00024037, SLI00024039.)

Indeed, because of this consumer belief that the Products are what Defendant represents them to be – "All Natural" – Defendant is able to command a premium price for its Products. Numerous internal documents and studies ███████████████████████████████████ ████████████████████████████████████████████. As stated in one study that an independent third party performed:



(Granade Decl., Ex. D, at SLI00037103.)   The following images are drawn from Defendant's internal documents:

(*See* Granade Decl., Ex. E, at SLI00021511, SLI00021527.)

And as stated in another internal document



(*Id.*, Ex. F, at SLI00021057, SLI00021058.)

The end result of Defendant's misleading "All Natural" campaign is that Defendant has been able to sell its Products to ████████████████████. (*Id.*, Ex. G, at SLI00021066 (multi-page print-out of Microsoft Excel spreadsheet showing Snyder's-Lance Gross & Net Revenue).)

Unfortunately for consumers, the "All Natural" representation Defendant prominently makes on the front of the packaging for the Products is false and misleading because the Products all contain cheap, non-natural ingredients that are made from genetically modified organisms ("GMOs"). As stated in an internal presentation made to several of Defendant's high-level employees:





(Granade Decl., Ex. H, at SLI00016039, SLI00016042, SLI00016043 (emphasis added).)

Nonetheless, even though Defendant is well aware of the consumer deception and confusion caused by calling its Products "All Natural," when, in fact, they are not because they contain GMOs, Defendant refuses to remove the "All Natural" claim from its Products ▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ As stated in one "Confidential" internal email:



(*Id.*, Ex. I, at SLI00022546.)   And as Defendant's head Marketing Manager stated in another "Confidential" internal email:



(*Id.*, Ex. J, at SLI00025962.)

Even more disturbing is 

(*Compare* Granade Decl., Ex. H at SLI00016046 (███████████████████████████████████████ ██████████████████████████████) *with id.*, Ex. G (█████████████████ █████████████████████████).)

## ARGUMENT

## I.   STANDARD OF REVIEW

When considering whether to certify a class, courts must generally take the complaint's substantive allegations as true.  *Moreno-Espinosa v. J & J Ag Prods.*, 247 F.R.D. 686 (S.D. Fla. 2007).  While the court may look beyond the pleadings to determine whether the requirements of Rule 23 have been met, *see Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1264 (11th Cir. 2009), it may not consider the plaintiffs' likelihood of success on the merits, although some consideration of the merits may be necessary.  *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 n.6, 180 L. Ed. 2d 374, 180 L. Ed. 2d 374 (2011) ("*Wal-Mart*"); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177–78 (1974).

## II.   THE COURT SHOULD CERTIFY THE CLASS

Consumer protection claims, including the claims at issue here, are ideal for class certification.  *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997) ("Predominance is a test readily met in certain cases alleging consumer or securities fraud or violations of the antitrust laws."); *accord Veal v. Crown Auto Dealerships, Inc.*, 236 F.R.D. 572, 581 (M.D. Fla. 2006) (certifying a claim under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.*, and finding that "[p]laintiff alleges that [d]efendant committed the same or

very similar unlawful acts utilizing the same methodology against the entire class").

"An action may be maintained as a class action only if all four prerequisites of Rule 23(a) are satisfied and, in addition, the requirements of one of the three subsections of Rule 23(b) are also met."  *Sharf v. Fin. Asset Resolution, L.L.C.*, 295 F.R.D. 664, 668–69 (S.D. Fla. 2014).  Here, the Class meets all Rule 23(a) requirements, as well as Rule 23(b)(2) and (b)(3).

### A.  The Class Meets the Requirements of Federal Rule of Civil Procedure 23(a)

To certify a class, a plaintiff must satisfy the following four prerequisites: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy.  Fed. R. Civ. P. 23(a).

### 1.  The Class Meets the Numerosity Requirement

"[T]he focus of the numerosity inquiry is . . . 'whether joinder of proposed class members is impractical.'"  (Granade Decl., Ex. K (*Moore v. GNC Holdings, Inc.*, No. 12-cv-61703-WPD (S.D. Fla. Oct. 17, 2013), Doc. No. 61), at 4 (citation omitted).)   "Parties seeking class certification do not need to know the precise number of class members, but they must make reasonable estimates with support as to the size of the proposed class."  (*Id.* at 4–5 (citation and internal quotation marks omitted).)   "The Eleventh Circuit has held that generally, less than twenty-one is inadequate, more than forty adequate."  *Sharf*, 295 F.R.D. at 669.

According to a document Defendant produced in discovery, ███████████████████ ████████████████████████████████████████.  (Granade Decl., Ex. G, at SLI00026616.)   Based on this sales figure, the number of consumers nationwide who purchased the Products during the class period is likely ████████, making the Class members so numerous that joinder is impracticable.  Consequently, the Class satisfies Rule 23(a)(1).

### 2.  The Class Meets the Commonality Requirement

Under Rule 23(a), there must be "questions of law or fact common to the class."  Fed. R.

Civ. P. 23(a)(2).  Commonality is satisfied where questions of law refer to standardized conduct by a defendant toward proposed class members.  *In re Amerifirst Sec. Litig.*, 139 F.R.D. 423, 428 (S.D. Fla. 1991). "Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury'" that "must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart*, 131 S. Ct. at 2551.

"The Eleventh Circuit has noted that the Rule 23(a)(2) commonality requirement is a 'low hurdle.'" *Muzuco v. Re$ubmitIt, L.L.C.*, 297 F.R.D. 504, 515 (S.D. Fla. 2013) (citing *Williams v. Mohawk Indus.*, 568 F.3d 1350, 1356 (11th Cir. 2009)).  Commonality is a "relatively light burden" that "does not require that **all** the questions of law and fact raised by the dispute be common[.]" *Sharf*, 295 F.R.D. at 669 (citation omitted) (emphasis added).[3]

The common central issue in this case is quite simple: whether the Products were "All Natural" even though they contained GMOs.[4]  Defendant contends that GMO are, in fact, "All Natural."  Representative Plaintiffs contend the Products were not "All Natural" because GMOs are organisms for which "genes are taken (copied) from one organism that shows a desired trait and transferred into the genetic code of another organism" by scientists in a laboratory (*see* Am. Compl. at ¶ 119 (citing Monsanto's definition of GMOs); *see generally id.* at ¶¶ 117–125).  This factual issue regarding GMOs is enough to satisfy the commonality prong of 23(a).

Nonetheless, there are additional common issues.  Additional common factual and legal questions include, for example, whether Defendant violated North Carolina's consumer protection act and breached its express warranties in violation of North Carolina state law and

---

[3] *See also In re Amerifirst Sec. Litig.*, 139 F.R.D. at 428 ("Establishing commonality . . . does not require complete identity of the plaintiffs' claims.").

[4] Defendant does not dispute that the Products contain GMO ingredients and states as much in its discovery responses.

whether the Court may grant equitable relief, including injunctive relief and restitution, to Representative Plaintiffs and the Class members.  *See, e.g.*, *Nelson v. Mead Johnson Nutrition Co.*, 270 F.R.D. 689, 693 (S.D. Fla. 2010).

Because the Court may resolve each of the above-listed questions of fact and law in one stroke, the Class satisfies the commonality requirement.  (Granade Decl., Ex. K (*Moore*), at 6.) *See also Forcellati v. Hyland's, Inc.*, No. 12-CV-1983-GHK, 2014 WL 1410264, at *10 (C.D. Cal. Apr. 9, 2014) ("[B]ecause Plaintiffs' central theory of the case is susceptible to class-wide proof, Plaintiffs have satisfied the commonality requirement[.]"); *Zeisel v. Diamond Foods, Inc.*, No. 10-CV-01192-JSW, 2011 WL 2221113, at *7 (N.D. Cal. June 7, 2011) (certifying class in case involving alleged misrepresentations on packaging of Diamond Foods, Inc.'s walnuts).

### 3.    Representative Plaintiffs Meet the Typicality Prerequisite

Under Rule 23(a)(3), a class representative's claims must be "typical of the claims or defenses of the class[,]" that is, where they bear the same essential characteristics as the claims of the class at large.  *Jacobs v. Osmose, Inc.*, 213 F.R.D. 607, 613 (S.D. Fla. 2003) (citations omitted). "Like commonality, typicality is not a demanding test." *Cnty. of Monroe v. Priceline.com, Inc.*, 265 F.R.D. 659, 668 (S.D. Fla. 2010).

To establish typicality, a class plaintiff must show a nexus between his or her claims and the common questions of law or fact that unite the class.  *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984), *cert. denied*, 470 U.S. 1004 (1985).  "A sufficient nexus is established if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory." *Id.* at 1337. "Factual variations will not render a class representative's claims atypical so long as those claims share 'the same essential characteristics as the claims of the class at large.'" *Aranaz v. Catalyst*

*Pharm. Partners Inc.*, No. 13-CV-23878-UU, 2014 WL 4814352, at *4 (S.D. Fla. Sept. 29, 2014) (citation omitted).

Here, Representative Plaintiffs' claims focus on Defendant's false, misleading, and deceptive representations and omissions.  Representative Plaintiffs each were exposed to the "All Natural" claim made prominently on the labels of the Products, and they allege that these claims were a material factor in their decisions to purchase the Products.  Representative Plaintiffs' claims are identical to those of the Class members because, like the Class members, they would not have paid for the Products had they known the truth.  The Court should find the Representative Plaintiffs meet the typicality requirement of Rule 23(a)(3).

> **4.     The Class Representatives and Their Counsel Will Fairly and Adequately Protect the Interests of the Class**

Rule 23(a)(4) requires a showing that the representative party or parties will fairly and adequately protect the interests of the class.  *See* Fed. R. Civ. P. 23(a)(4).  Class representation is generally adequate when (1) counsel is qualified, experienced, and will competently and vigorously prosecute the action, and (2) the named plaintiffs' interests are not in conflict with those of the class.  *See Walco Invs. v. Thenen*, 168 F.R.D. 315, 327 (S.D. Fla. 1996).  Representative Plaintiffs and their counsel satisfy these requirements.

Each Representative Plaintiff is ready, willing, and able to act as the representative party for the Class and commits to fairly and adequately protecting the interests of their fellow consumers in the Class.  (Am. Compl., ¶ 191.)  Representative Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in litigation of this nature.  (*Id.*)  Representative Plaintiffs have strong incentives to protect the interests of absent Class members because their claims and those of absent Class members arise from identical conduct by Defendant, and they assert the same legal claims concerning Defendant's

marketing of the Products as "All Natural."  (*Id.*, ¶ 193.)   There is no hostility between Representative Plaintiffs and the unnamed Class members.

With respect to counsel, Rule 23(a) "'involves questions of . . . whether plaintiffs' counsel are qualified, experienced, and generally able to conduct the proposed litigation.'" *Pop's Pancakes, Inc. v. NuCO2, Inc.*, 251 F.R.D. 677, 683 (S.D. Fla. 2008).   The adequacy element is met here because Representative Plaintiffs have requested the Court to appoint two consumer-class-action law firms, Halunen & Associates and Reese Richman LLP, both of which have abundant experience in complex class actions.   They have served as lead counsel in other class actions and have a proven track record of successful prosecution of significant class actions.  (*See* Declaration of Melissa W. Wolchansky ("Wolchansky Decl."), Ex. A; Declaration of Michael R. Reese ("Reese Decl."), Ex. A.)   The attorneys of Halunen & Associates and Reese Richman LLP possess the knowledge and insight necessary to conduct this litigation on behalf of Plaintiffs and the proposed classes.  (*See* Wolchansky Decl. at ¶¶ 8–9; Reese Decl. at ¶¶ 4–9.)

## B.   The Class Meets the Requirements of Federal Rule of Civil Procedure 23(b)(2)

The Court should certify the Class under Rule 23(b)(2) because Defendant's uniform false and deceptive labeling of the Products as "All Natural" despite the presence of GMOs and synthetic ingredients is an action of general applicability to all members of the Class "so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  *See* Fed. R. Civ. P. 23(b)(2); *Williams*, 568 F.3d at 1359.

Representative Plaintiffs and the Class members seek an Order prohibiting Defendant from falsely and misleadingly labeling the Products as "All Natural" despite the presence of GMOs (or to reformulate the products to remove GMOs), as well as corresponding declaratory relief, on behalf of themselves and the proposed Class as a whole.  (Am. Compl., Prayer for

Relief, ¶ D.)  Defendant has, in fact, two broad ways to comply with an injunction against deceptive labeling of the Products as "All Natural."  Defendant could cease using GMOs to make the Products, or Defendant could remove the "All Natural" claim from the Product labeling and any other marketing. These remedies apply to, and will benefit, all Class members because Defendant does not customize the Product labeling for each individual consumer, and an injunction barring Defendant from continuing to label the Products as "All Natural" is a logical form of relief for the Class as a whole.  Put simply, Representative Plaintiffs "are seeking final injunctive relief or corresponding declaratory relief."  *Campos v. INS*, 188 F.R.D. 656, 661 (S.D. Fla. 1999). "Consequently, they are seeking the type of relief for which (b)(2) was intended." *Id.*[5]

### C.   The Class Meets the Requirements of Federal Rule of Civil Procedure 23(b)(3)

#### 1.   Common Questions of Law and Fact Predominate over Questions Affecting Individual Class Members

Rule 23(b)(3) requires that questions of law or fact common to the class members must predominate over questions affecting individual members.   "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by

---

[5] Plaintiffs anticipate Defendant will argue that the United States Supreme Court's decision in *Wal-Mart*, 131 S. Ct. 2541, precludes certification under Rule 23(b)(2) in this case because Plaintiffs seek monetary relief in addition to an injunction. However, the proposed (b)(2) class in this case seeks only injunctive relief.  Although the Supreme Court in *Wal-Mart* reversed certification of a (b)(2) class, the plaintiffs there were seeking both injunctive and monetary relief under (b)(2), and, unlike Plaintiffs here, did not seek certification of their monetary claims under (b)(3).  Nothing in *Wal-Mart* precludes this Court from certifying Plaintiffs' claims for injunctive relief under (b)(2) and their claims for monetary relief separately under (b)(3). Indeed, in *Jermyn v. Best Buy Stores, L.P.*, 276 F.R.D. 167 (S.D.N.Y. 2011), the district court certified classes seeking injunctive and monetary relief after determining that the proposed class had satisfied the requirements of both (b)(2) and (b)(3), as *Wal-Mart* requires.  *Jermyn*, 276 F.R.D. at 173-74; *see also Stinson v. City of N.Y.*, 282 F.R.D. 360 (S.D.N.Y. 2012) *reconsideration denied*, No. 10-CV-4228-RWS, 2012 WL 2952840 (S.D.N.Y. July 19, 2012). The court's reasoning in *Jermyn* is equally applicable here and supports certification of the proposed (b)(2) class.  Consequently, *Wal-Mart* is no bar to certification under (b)(2) here.

representation." *Amchem*, 521 U.S. at 623.  In other words, "[c]ommon issues of law or fact predominate where they 'have a direct impact on every class member's effort to establish liability' that is more substantial than the impact of individualized issues in resolving the claim or claims of each class member."  *Cnty. of Monroe*, 265 F.R.D. at 670 (citing *Vega*, 564 F.3d at 1270).  "It is not necessary that all questions of fact or law be common, but only that some questions are common and that they predominate over individual questions."  *Klay v. Humana, Inc.*, 382 F.3d 1241, 1254 (11th Cir. 2004).  Here, that standard is easily met.

> a.    *The Question of Whether Defendant's Products Are "All Natural" Predominates over Other Questions of Causation or Damages*

Common questions of law and fact predominate over individual inquiries with respect to liability and damages.  Regarding liability, Representative Plaintiffs and the Class members were all subjected to identical false, misleading, and deceptive representations on the Product labeling that the Products were "All Natural," as a result of which they were injured.  Thus, on the issue of liability, the same questions of law and fact are present for all Class members and predominate over individual inquiries.  (Granade Decl., Ex. K (*Moore v. GNC Holdings, Inc.*), at 10–11 (finding that the parties could resolve through common proof whether, under the Florida consumer protection statute, the allegedly deceptive label was, in fact, deceptive to a consumer acting reasonably in the same circumstances).)

With regard to damages, "numerous courts have recognized that the presence of individualized damages issues does not prevent a finding that the common issues in the case predominate."  *Allapattah Servs., Inc. v. Exxon Corp.*, 333 F.3d 1248, 1261 (11th Cir. 2003) *aff'd sub nom. Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005).[6]

---

[6] *See also Smilow v. Sw. Bell Mobile Sys.*, 323 F.3d 32, 40 (1st Cir. 2003); *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 139 (2d Cir. 2001); *Gunnells v. Healthplan*

Individualized damages issues do not predominate over the common legal and factual issues related to liability where, as here, the primary issue of liability is whether a reasonable consumer would have been deceived by a misrepresentation on Defendant's Products.  (Granade Decl., Ex. K (*Moore*), at 11; *see generally id.* at 10–12.)

> b.   *The Florida, Illinois, and Missouri Claims Share Predominant Legal Questions*

The plaintiffs in the above-captioned case assert violations of consumer protection laws, claims for breach of express warranty, and claims for intentional misrepresentation.  (Am. Compl., at ¶¶ 194–528.)  In the alternative to seeking a Nationwide Class under North Carolina law, Representative Plaintiffs have limited their claims to Class members who purchased the Products in Florida, Illinois, and Missouri.  Despite modest differences between these three states' laws, common legal questions predominate.

> i.   *Consumer Protection Laws*

Representative Plaintiffs assert claims under consumer protection statutes in Florida, Illinois, and Missouri.  (Am. Compl., ¶¶ 204–13, 310–25, 390–402.)  The statutes in Florida, Illinois, and Missouri all plainly forbid false or misleading representations to consumers.[7]

The Court can determine liability under these states' statutes without individualized inquiry.  For instance, Florida uses objective standards to determine whether a representation is

---

*Servs.*, 348 F.3d 417, 428–30 (4th Cir. 2003).

[7] *See* Fla. Stat. § 501.201 ("[U]nfair or deceptive acts or practices in the conduct of any business, trade, or commerce are hereby declared unlawful."); 815 Ill. Comp. Stat. 505/1 ("Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception . . . [or] misrepresentation . . . with intent that others rely upon the concealment . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby."); Mo. Rev. Stat. § 407.010 ("The act, use or employment by any person of any deception, . . . [or] misrepresentation . . .  in connection with the sale or advertisement of any merchandise in trade or commerce . . . in or from the state of Missouri, is declared to be an unlawful practice.").

14

deceptive, based on whether the representation would have caused a reasonable consumer to act differently.  *See, e.g.*, *Latman v. Costa Cruise Lines, N.V.*, 758 So. 2d 699, 703 (Fla. Dist. Ct. App. 2000).  Florida does not require proof that a consumer actually relied on a defendant's deceptive representations.  *Id.* at 703.

In Illinois, reliance is not a separate element of a plaintiff's cause of action, but the deception must occur in the course of conduct involving trade and commerce and proximately cause the damage.  *Oliveira v. Amoco Oil Co.*, 776 N.E.2d 151, 158 (Ill. 2002).  Similarly, proof of reliance is not required in Missouri.  *State v. AreaCo. Inv. Co.*, 756 S.W.2d 633, 635–36 (Mo. Ct. App. 1988).

Thus, where plaintiffs allege a defendant made uniformly false or deceptive representations about its products, there are predominant questions under these states' consumer protection laws. *See, e.g.*, *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 760 (7th Cir. Ill. 2014) (explaining the importance of the class action device in vindicating the rights of consumers); *Craft v. Philip Morris Cos.*, 190 S.W.3d 368, 381–82 (Mo. Ct. App. 2005) ("A single common issue may be the overriding one in the litigation, despite the fact that the suit also entails numerous remaining individual questions.").  Differences in these states' laws, to the extent they exist, do not overcome predominance.  *See Suchanek*, 764 F.3d at 760 (noting manufacturer's concession that false or misleading statements about product would violate consumer protection laws in eight states).

Here, Representative Plaintiffs have identified a class-wide misleading representation by Defendant, namely, that its Products are "All Natural."  Objective standards, without need for individualized proof, determine whether these statements violate the governing consumer protection laws.  Under these circumstances, Representative Plaintiffs have established that

common questions of law and fact predominate with respect to their consumer protection claims.

### ii.    Express Warranty

A similar analysis applies to Representative Plaintiffs' claims for breach of express warranty.  In the alternative to a Nationwide Class, Representative Plaintiffs are seeking class certification of claims for breach of express warranty in Florida, Illinois, and Missouri.  (Am. Compl., ¶¶ 427–35, 461–68, 485–91.)  All three states' express warranty claims are controlled, in essence, by Uniform Commercial Code (UCC) section 2-313, which states in relevant part, "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise[.]"

This language appears, with no material differences, in all three states' implementations of the UCC.  *See* Fl. Stat. § 672.313; Ill. Comp. Stat. § 810-5/2-313; V.A.M.S. § 400.2-313.  The predominant question for analysis will be whether Defendant breached its express warranty that the Products were "All Natural" because the Products contain GMOs.

### iii.    Intentional Misrepresentation

In the alternative to a Nationwide Class, Representative Plaintiffs are seeking class certification of claims for intentional misrepresentation in Florida.  (Am. Compl., ¶¶ 499–508.)  To prevail on a claim for intentional misrepresentation in Florida, a plaintiff must establish the following: a misrepresentation, made with knowledge of its falsity and with an intent to defraud or induce reliance, justifiable reliance, and resulting damage.  *Tonkovich v. S. Fla. Citrus Indus.*, 185 So. 2d 710, 712 (Fla. Dist. Ct. App. 1966).

The same legal questions predominate over all of Representative Plaintiffs' claims: whether Defendant misrepresented the Products as "natural" with knowledge that these claims

16

were false; whether Defendant intended to defraud or induce reliance on consumers; and whether Representative Plaintiffs and members of the Class relied on Defendant's misrepresentations to their detriment. The Court should find the predominance requirement easily met.

### 2.    A Class Action Lawsuit Is the Superior Method of Adjudication

The Court should also find that a class action is the superior method of adjudicating this dispute. *See* Fed. R. Civ. P. 23(b) "The superiority inquiry focuses on 'whether there is a better method of handling the controversy than through the class action mechanism.'" *Cnty. of Monroe*, 265 F.R.D. at 671 (citations omitted). Rule 23(b)(3) lists four factors that the Court should consider: (a) the class members' interests in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already begun by or against class members; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (d) the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3). No single element, however, is determinative, and the list is not meant to be exhaustive. *See Walco Invs.*, 168 F.R.D. at 337; *Werdebaugh v. Blue Diamond Growers*, No. 12-CV-2724, 2014 WL 2191901 (N.D. Cal. May 23, 2014).

Here, a class action is the superior method of adjudicating this controversy. There are thousands of class members whose claims all raise the same issues of law and fact. No one class member has any particular unique reason to individually control the prosecution of his or her case. The threat of inconsistent adjudication will be permanently avoided if this class is certified. Yet if the class is not certified and individual consumers are left to pursue their own remedies, Defendant's misconduct will go unaddressed, or alternatively, multiple suits will be brought in various jurisdictions with a concomitant threat of inconsistent adjudications.

A class action will not be difficult to manage. While the class is potentially large, it does

not appear to be so large that class counsel will be prevented from ascertaining and organizing the necessary information regarding class members.  (*See* Section D, *infra*.)  Those serving as class counsel will be able to overcome any hurdles of managing the class.  Therefore, the Court should find the class qualifies for certification under Rule 23(b)(3).

### D.      The Class Is Ascertainable

An implicit threshold requirement for class certification under Rule 23(b)(3) is that the proposed class be "adequately defined and clearly ascertainable."  *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012).  "Ascertainability depends on the class definition, and a successful definition is one that is 'precise, objective, and presently ascertainable . . . by reference to objective criteria.'"  *Moore v. Walter Coke, Inc.*, 294 F.R.D. 620, 624 (N.D. Ala. 2013) (quoting Manual for Complex Litigation (Fourth) § 21.222 (2004)).

At the certification stage, class members need only be identifiable; they need not actually be identified.  *See Carpenter v. Davis*, 424 F.2d 257, 260 (5th Cir. 1970); *Jones v. Diamond*, 519 F.2d 1090, 1100 (5th Cir. 1975).  And because "the scope and contour of a class may change radically as discovery progresses and more information is gathered about the nature of the putative class members' claims," *Cabrera v. Gov't Employees Ins. Co.*, No. 12-61390-CIV, 2014 WL 2999206, at *8 (S.D. Fla. July 3, 2014), a class definition may be altered or amended even after certification.  Indeed, "a class definition is necessary only to establish that a class does, in fact, exist and that its members will be identifiable[.]"  *Neumont v. Monroe Cnty., Fla.*, 198 F.R.D. 554, 558 (S.D. Fla. 2000).

Plaintiffs in a consumer class action alleging false advertising have typically demonstrated their purchase of a product by submitting affidavits, proofs of claim, or retailer receipts.  Courts have found this evidence sufficient for ascertaining a class—or have not

required evidence at the class certification stage—because plaintiffs need not identify class members at the certification stage. *See, e.g.*, *Lilly v. Jamba Juice Co.*, No. 13-CV-2998, 2014 WL 4652283, at *4 (N.D. Cal. Sept. 18, 2014); *Werdebaugh*, 2014 WL 2191901, at *10; *Allen v. Hyland's Inc.*, 300 F.R.D. 643, 658–59 (C.D. Cal. 2014); *Harris v. comScore, Inc.*, 292 F.R.D. 579, 588 (N.D. Ill. 2013) (quoting Alba Conte & Herbert B. Newberg, 2 Newberg on Class Actions § 10:12 (4th ed. 2012) for the proposition that "a simple statement or affidavit may be sufficient where claims are small or are not amenable to ready verification"); *Astiana v. Kashi Co.*, 291 F.R.D. 493, 500 (S.D. Cal. 2013); *Ries v. Ariz. Bevs. USA L.L.C.*, 287 F.R.D. 523, 535 (N.D. Cal. 2012). To require consumers to document purchases at the class certification stage "would render class actions against producers almost impossible to bring," *see Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561, 567 (S.D.N.Y. 2014), an outcome inconsistent with the purpose of Rule 23.[8]

Because identical misrepresentations appear on the Product packaging, there is no concern that a Class of Product purchasers includes individuals who were not exposed to the misrepresentations. *See Allen*, 300 F.R.D. at 658; *Astiana*, 291 F.R.D. at 500.

For all these reasons, Representative Plaintiffs' proposed Class is ascertainable.

## III. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(c)(4), THE COURT SHOULD CERTIFY THE CLASS FOR LIABILITY PURPOSES ONLY

Rule 23(c)(4) provides that "[w]hen appropriate, an action may be brought or maintained as a class action with respect to particular issues." Fed. R. Civ. P. 23(c)(4); *Williams*, 568 F.3d at 1359. Under Rule 23(c)(4), "a class may be certified for liability purposes only, leaving

---

[8] *Id.* at 567 ("Yet the class action device, at its very core, is designed for cases like this where a large number of consumers have been defrauded but no one consumer has suffered an injury sufficiently large as to justify bringing an individual lawsuit. Against this background, the ascertainability difficulties, while formidable, should not be made into a device for defeating the action.").

individual damages calculations to subsequent proceedings." *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 860–61 (6th Cir. 2013) ("*In re Whirlpool*"). Indeed, "a class action limited to determining liability on a class-wide basis, with separate hearings to determine—if liability is established—the damages of individual class members, or homogeneous groups of class members . . . will often be the sensible way to proceed." *Butler v. Sears, Roebuck & Co., 7*27 F.3d 796, 800 (7th Cir. 2013).[9]  Further, because "[r]ecognition that individual damages calculations do not preclude class certification under Rule 23(b)(3) is well nigh universal," . . . in "the mine run of cases, it remains the 'black letter rule' that a class may obtain certification under Rule 23(b)(3) when liability questions common to the class predominate over damages questions unique to class members." *In re Whirlpool*, 722 F.3d at 861.  Adjudication of liability alone will advance the claims of individual consumers against Defendant for its deceptive labeling of the Products as "All Natural," providing significant benefits to the Class members.

Importantly, the Court can manage damages-related issues through well-established judicial management procedures.  "Accumulated experience in class action litigation has led to several recognized approaches for managing and resolving related individual issues . . . . [T]here are numerous means available for resolving irreducible individual issues, primarily through the use of delegation to magistrates, special masters and others, and by the development through the consent of the parties or by court direction of simplified procedures for resolving individual claims under the supervision of the court."  Herbert Newberg & Alba Conte, *Newberg on Class*

---

[9] "Where determinations on liability and damages have been bifurcated, *see* Fed. R. Civ. P. 23(c)(4), the decision in [*Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 185 L. Ed. 2d 515 (2013)]—to reject certification of a liability and damages class because plaintiffs failed to establish that damages could be measured on a classwide basis—has limited application."  *In re Whirlpool*, 722 F.3d at 860; *Lilly*, 2014 WL 4652283, at *11.

*Actions* § 9:59 at 447–48 (4th Ed. 2010) ("Newberg"). It is also worth noting that, absent class certification, each Class member would have to file a consumer fraud lawsuit to recover against Defendant, and such individual claims would be small enough to have to be pursued in small claims court. In small claims courts, Defendant would not be able to take the extensive discovery of each Class member that it would need to defend itself because "[s]mall claims courts often use simplified claim forms, do not provide for discovery, and permit proofs under greatly relaxed rules of evidence." *Id.* § 9:64 at 456–57.

Because the Class will benefit from this Court's determination of Defendant's liability for its false, unfair, and misleading conduct, and the Court can effectively manage any damages-related questions, the Court should certify the Class as to liability only under Rule 23(c)(4).

## IV.   THE COURT SHOULD CERTIFY A NATIONWIDE CLASS PURSUING CLAIMS UNDER NORTH CAROLINA STATE LAW

Relief under North Carolina's consumer protection law "is available to a foreign plaintiff suing a resident defendant over alleged foreign injuries having a substantial in-state effect on North Carolina trade or commerce." *Lawrence v. UMLIC-Five Corp.*, No. 06-CV-20643, 2007 WL 2570256, at *6 (N.C. Super. June 18, 2007) (citation and quotation marks omitted).

Where, as here, Defendant is headquartered in the state from which the deceptive marketing emanated, the injuries to Representative Plaintiffs and the Class members have a substantial in-state effect on North Carolina, and the Court should allow them to pursue nationwide claims under North Carolina law. *See Jacobs v. Cent. Transp., Inc.*, 891 F. Supp. 1088, 1111 (E.D.N.C. 1995) (concluding that the contacts in North Carolina were not merely incidental, but substantial because the relationship centered in North Carolina where defendant had its corporate headquarters and made decisions of which the plaintiffs complain). Indeed, Representative Plaintiffs anticipate Defendant will not contest certification on a nationwide basis

under North Carolina law.  The alternative would be piecemeal litigation in a number of different states throughout the country, which would benefit neither the parties nor the court system.

<u>**CONCLUSION**</u>

For the foregoing reasons, Representative Plaintiffs respectfully request this Honorable Court to enter an Order:

(1)    appointing Representative Plaintiffs as representatives for members of the Class;

(2)    appointing Representative Plaintiffs' counsel as Lead Class Counsel pursuant to Federal Rule of Civil Procedure 23(g);

(3)    certifying the Nationwide Class (as defined in the Motion, *supra*) under Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3), or, in the alternative, certifying the Multi-State Class (as defined in the Motion, *supra*) under Rule 23(a), (b)(2), and (b)(3); and

(4)    for all other relief this Honorable Court deems just, appropriate, or proper.

Date: November 24, 2014                Respectfully submitted,

                               */s/ Howard W. Rubinstein*
Howard W. Rubinstein (Florida Bar No. 104108)
**THE LAW OFFICES OF**
**HOWARD W. RUBINSTEIN, P.A.**
1615 Forum Place, Suite 4C
West Palm Beach, Florida  33401
Telephone:      (800) 436-6437
Facsimile:      (415) 692-6607
Email:            *howardr@pdq.net*

Benjamin M. Lopatin (admitted *pro hac vice*)
**THE LAW OFFICES OF**
**HOWARD W. RUBINSTEIN, P.A.**
One Embarcadero Center, Suite 500
San Francisco, California  94111
Telephone:      (800) 436-6437
Facsimile:      (415) 692-6607
Email:            *lopatin@hwrlawoffice.com*

Michael R. Reese (admitted *pro hac vice*)
Kim E. Richman (admitted *pro hac vice*)
George V. Granade II (admitted *pro hac vice*)
**REESE RICHMAN LLP**
875 Avenue of the Americas, 18th Floor
New York, New York  10001
Telephone:      (212) 643-0500
Facsimile:      (212) 253-4272
Email:            *mreese@reeserichman.com*
                      *krichman@reeserichman.com*
                      *ggranade@reeserichman.com*

Melissa Wolchansky (admitted *pro hac vice*)
**HALUNEN & ASSOCIATES**
1650 IDS Center
80 South Eighth Street
Minneapolis, Minnesota  55402
Telephone:      (612) 605-4098
Facsimile:      (612) 605-4099
Email:            *wolchansky@halunenlaw.com*

*Counsel for Plaintiffs and the Proposed Class*

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 24, 2014, the foregoing was filed with the Clerk of the Court via the CM/ECF system, which sent an electronic copy to all counsel of record on the Service List below.  (An un-redacted version of the foregoing was also filed with the Clerk of the Court in connection with a motion to seal and was emailed to all counsel of record.)

/s/ Howard W. Rubinstein
Howard W. Rubinstein

## SERVICE LIST
*Barron v. Snyder's-Lance, Inc.*
No. 0:13-cv-62496-JAL
United States District Court for the Southern District of Florida

Benjamin Lopatin (admitted *pro hac vice*)
**LAW OFFICES OF**
**HOWARD W. RUBINSTEIN, P.A.**
One Embacadero Center
Suite 500
San Francisco, CA 94111
800-436-6437
Email: *lopatin@hwrlawoffice.com*

George V. Granade (admitted *pro hac vice*)
**REESE RICHMAN LLP**
875 Avenue of the Americas, 18th Floor
New York, NY 10001
212-646-0500
Email: *ggranade@reeserichman.com*

Kim E. Richman (admitted *pro hac vice*)
**REESE RICHMAN LLP**
875 Avenue of the Americas, 18th Floor
New York, NY 10001
212-646-0500
Email: *krichman@reeserichman.com*

Melissa Wolchansky (admitted *pro hac vice*)
**HALUNEN & ASSOCIATES**
1650 IDS Center
80 South Eight Street
Minneapolis, MN 55402
612-605-4098
Email: *wolchansky@halunenlaw.com*

Michael Reese (admitted *pro hac vice*)
**REESE RICHMAN LLP**
875 Avenue of the Americas
18th Floor
New York, NY 10001
212-646-0500
Fax: 212-253-4272
Email: *mreese@reeserichman.com*

Scott W. Carlson (admitted *pro hac vice*)
**HALUNEN & ASSOCIATES**
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
612-605-4098
Email: *carlson@halunenlaw.com*

Howard Weil Rubinstein
**THE LAW OFFICES OF**
**HOWARD W. RUBINSTEIN, P.A.**
1615 Forum Place
Suite 4C
West Palm Beach, FL 33401
832-715-2788
Fax: 4156926607
Email: *howardr@pdq.net*

Kiran H. Mehta
**TROUTMAN SANDERS LLP**
301 South College Street
Suite 3400
Charlotte, NC 28202
704-998-4072
Fax: 704-998-4051
Email: *Kiran.mehta@troutmansanders.com*

Matthew G. Ball (admitted *pro hac vice*)
**K&L GATES, LLP**
4 Embarcadero Center
Suite 1200
San Francisco, CA 94111
415-249-1014
Email: *matthew.ball@klgates.com*

April Lynn Boyer
**K&L GATES, LLP**
Southesast Financial Center
200 South Biscayne Boulevard
Suite 3900
Miami, FL 33131-2399
305-539-3300
Fax: 305-358-7095
Email: *april.boyer@klgates.com*

Jonathan Bart Morton
**K&L GATES LLP**
Wachovia Financial Center
200 S Biscayne Boulevard
39th Floor
Miami, FL 33131-2399
305-539-3357
Fax: 305-358-7095
Email: *jonathan.morton@klgates.com*

Olivia Rae Waters Kelman
**K&L GATES LLP**
200 S. Biscayne Boulevard, Suite 3900
Miami, FL 33131
305-539-3300
Email: *olivia.kelman@klgates.com*