**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Civil Case No. 0:13-cv-62496-LENARD-GOODMAN

TODD BARRON, ADELE FERRARA,
DANA COOKE, RAHSAAN ASHFORD,
and ANNE STEIMLE, individually and on
behalf of all others similarly situated,

                Plaintiffs,

v.

SNYDER'S-LANCE, INC.,

                Defendant.

**PLAINTIFFS' REPLY IN SUPPORT OF**
**<u>SUPPLEMENTAL MOTION FOR CLASS CERTIFICATION</u>**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. iii

INTRODUCTION .............................................................................................................1

ARGUMENT ....................................................................................................................1

I.     THE PROPOSED CLASS IS ASCERTAINABLE ...........................................1

II.    THE CLASS SATISFIES ALL REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 23(a) ......................................................................7

III.   THE CLASS SATISFIES THE REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 23(b)(2) ...................................................................9

IV.    THE CLASS SATISFIES THE REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 23(b)(3) .................................................................11

V.     PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(c)(4), THE COURT SHOULD CERTIFY THE CLASS FOR LIABILITY PURPOSES ONLY ................................................................................................14

CONCLUSION ...............................................................................................................15

REQUEST FOR HEARING ...........................................................................................15

CERTIFICATE OF SERVICE .......................................................................................17

## **TABLE OF AUTHORITIES**

**Federal Cases**

*Allapattah Servs. v. Exxon Corp.*,
    333 F.3d 1248 (11th Cir. 2003) ........................................................................ 11

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997) ........................................................................................... 7

*Arizona v. Shamrock Foods Co.*,
    729 F.2d 1208 (9th Cir. 1984) ............................................................................ 5

*Bohlke v. Shearer's Foods, L.L.C.*,
    No. 14-cv-80727, 2015 U.S. Dist. LEXIS 6054 (S.D. Fla. Jan. 20, 2015) ............. 8

*Braz. v. Dole Packaged Foods, L.L.C.*,
    No. 12-CV-01831-LHK, 2014 U.S. Dist. LEXIS 157578 (N.D. Cal. Nov. 6, 2014) ........... 13

*Bush v. Calloway Consol. Group River City, Inc.*,
    No. 3:10-cv-841-J-37MCR, 2012 U.S. Dist. LEXIS 40450 (M.D. Fla. Mar. 26, 2012) ......... 5

*Bussey v. Macon Cnty. Greyhound Park, Inc.*,
    562 F. App'x 782 (11th Cir. 2014) ....................................................................... 3

*Butler v. Sears, Roebuck & Co.*,
    727 F.3d 796 (7th Cir. 2013) ............................................................................. 12

*C-Mart v. Metro. Life Ins. Co.*,
    299 F.R.D. 679 (S.D. Fla. 2014) .......................................................................... 2

*Carrera v. Bayer Corp.*,
    727 F.3d 300 (3d Cir. 2013) ............................................................................... 3

*Cohn v. Mass. Mut. Life Ins. Co.*,
    189 F.R.D. 209 (D. Conn. 1999) ......................................................................... 15

*Comcast Corp. v. Behrend*,
    133 S. Ct. 1426 (2013) .................................................................................. 1, 13

*Ebin v. Kangadis Food Inc.*,
    297 F.R.D. 561 (S.D.N.Y. 2014) ..................................................................... 3, 14

*Fitzpatrick v. Gen. Mills, Inc.*,
    635 F.3d 1279 (11th Cir. 2011) ........................................................................... 4

*Fitzpatrick v. Gen. Mills, Inc.*,
    263 F.R.D. 687 (S.D. Fla. 2010) .................................................................. 3, 5, 14

*Forcellati v. Hyland's, Inc.*,

2014 U.S. Dist. LEXIS 50600 (C.D. Cal. Apr. 9, 2014) ........................................................ 6

*Greenberg v. Procter & Gamble Co.* (*In re Dry Max Pampers Litig.*),
724 F.3d 713 (6th Cir. 2013) ................................................................................................. 5

*In re Checking Account Overdraft Litig.*,
286 F.R.D. 645 (S.D. Fla. 2012) ............................................................................................ 3

*In re ConAgra Foods, Inc.*,
302 F.R.D. 537 (C.D. Cal. 2014) ..................................................................................... 8, 14

*In re Deepwater Horizon*,
739 F.3d 790 (5th Cir. 2014) ............................................................................................... 12

*In re Nexium Antitrust Litig.*,
No. 14-cv-1521, 2015 U.S. App. LEXIS 968 (1st Cir. Jan. 21, 2015) ................................. 12

*In re Pet Food Prods. Liab. Litig.*,
629 F.3d 333 (3d Cir. 2010) ................................................................................................... 5

*In re Scotts EZ Seed Litig.*,
No. 12-cv-4727, 2015 U.S. Dist. LEXIS 9116 (S.D.N.Y. Jan. 26, 2015) ............................. 7

*In re Urethane Antitrust Litig.*,
768 F.3d 1245 (10th Cir. 2014) ........................................................................................... 12

*In re Vitamins Antitrust Class Actions*,
215 F.3d 26 (D.C. Cir. 2000) ................................................................................................. 5

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*),
722 F.3d 838 (6th Cir. 2013) ......................................................................................... 12, 14

*Jermyn v. Best Buy Stores, L.P.*,
276 F.R.D. 167 (S.D.N.Y. 2011) ......................................................................................... 11

*Jones v. Diamond*,
519 F.2d 1090 (5th Cir. 1975) ............................................................................................... 2

*Karhu v. Vital Pharms., Inc.*,
No. 13-cv-60768, 2014 U.S. Dist. LEXIS 26756 (S.D. Fla. Mar. 3, 2014) .......................... 6

*Leyva v. Medline Indus.*,
716 F.3d 510 (9th Cir. 2013) ............................................................................................... 12

*Lilly v. Jamba Juice Co.*,
No. 13-cv-02998, 2014 U.S. Dist. LEXIS 131997 (N.D. Cal. Sept. 18, 2014) ..................... 8

*Marty v. Anheuser-Busch Cos.*,
No. 13-cv-23656, 2014 U.S. Dist. LEXIS 124180 (S.D. Fla. Sept. 5, 2014) ....................... 11

*McCrary v. Elations Co.*,
No. EDCV 13-00242 JGB (OPx), 2014 U.S. Dist. LEXIS 8443 (C.D. Cal. Jan. 13, 2014)
.......................................................................................................................... 3, 6

*Natale v. Country Ford Ltd.*,
287 F.R.D. 135 (E.D.N.Y. 2012) ............................................................................ 9

*Nelson v. Mead Johnson Nutrition Co.*,
270 F.R.D. 689 (S.D. Fla. 2010) .......................................................................... 14

*Nelson v. Mead Johnson & Johnson Co.*,
484 F. App'x 429 (11th Cir. 2012) ......................................................................... 5

*Neumont v. Monroe Cnty., Fla.*,
198 F.R.D. 554 (S.D. Fla. 2000) ............................................................................ 2

*Ries v. Ariz. Bevs. USA L.L.C.*,
287 F.R.D. 523 (N.D. Cal. 2012) ......................................................................... 10

*Roach*,
No. 13-cv-3070, 2015 U.S. App. LEXIS 2054 (2d Cir. Feb. 10, 2015) ......................... 12, 13

*Smith v. Wm. Wrigley Jr. Co.*,
No. 09-60646-CIV-COHN/SELTZER, 2010 U.S. Dist. LEXIS 67832 (S.D. Fla. June 15,
2010) ..................................................................................................................... 5

*Spinelli v. Capital One Bank*,
265 F.R.D. 598 (M.D. Fla. 2010) ........................................................................... 5

*Stinson v. City of N.Y.*,
282 F.R.D. 360 (S.D.N.Y. 2012) .......................................................................... 11

*Wal-Mart Stores, Inc. v. Dukes*,
131 S. Ct. 2541 (2011) ........................................................................................... 7

*Werdebaugh v. Blue Diamond Growers*,
No. 12-cv-02724, 2014 U.S. Dist. LEXIS 173789 (N.D. Cal. Dec. 15, 2014) ............... 15

*Williams v. Gerber Prods. Co.*,
552 F.3d 934 (9th Cir. 2008) ................................................................................. 8

*Williams v. Mohawk Indus.*,
568 F.3d 1350 (11th Cir. 2009) ......................................................................... 9, 10

## Statutes

Fed. R. Civ. P. 23 ..................................................................................................... 1

Fed. R. Civ. P. 23(b)(2) ............................................................................................ 9

**Other**

3 Conte & Newberg, Newberg on Class Actions § 10:5 (2002) ..................................................... 6

Francis E. McGovern, *Distribution of Funds in Class Actions-Claims Administration*,
   35 J. Corp. L. 123 (2009) ........................................................................................................... 5

Pursuant to Federal Rule of Civil Procedure 23 and Local Rule 23.1 of the Local Rules of the United States District Court for the Southern District of Florida, plaintiffs Adele Ferrara, Dana Cooke, Rahsaan Ashford, and Anne Steimle (collectively, "Plaintiffs"), respectfully submit this Reply in Support of their Supplemental Motion for Class Certification (Doc. No. 74).

## INTRODUCTION

In their opening brief, Plaintiffs demonstrated that class certification is appropriate under Rule 23(a), (b)(2), and (b)(3). Plaintiffs seek injunctive relief and damages on behalf of similarly situated consumers on account of Defendant Snyder's-Lance, Inc.'s ("Defendant") uniform false and misleading "All Natural" food labeling.

In its Opposition to Plaintiffs' Supplemental Motion for Class Certification (Doc. No. 86 ("Opp.")), Defendant fails to overcome Plaintiffs' arguments. First, Defendant ignores that the reasonable consumer standard is objective—not subjective as Defendant incorrectly claims—and does not break down into individualized questions. This argument is a disguised defense on the merits. At trial, Plaintiffs will either prove via a preponderance of the evidence that the "All Natural" claim deceives the reasonable consumer, or they will not. Defendant's identification of a proposed common defense emphasizes why class certification is particularly appropriate here.

Further, Defendant misstates the United States Supreme Court's holding in *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013) ("Comcast"). *Comcast* does not require Plaintiffs to provide a classwide damages model to demonstrate predominance of common issues, and Plaintiffs have shown that common issues regarding liability predominate. On the issue of damages, in its Opposition, Defendant also relies on a declaration by a lay commenter, Carol Scott (*see* Doc. No. 86-6). Plaintiffs are in the process of deposing Ms. Scott and intend to file a motion to strike her

declaration.[1] For this reason, if the Court intends to rely on Ms. Scott's declaration, Plaintiffs respectfully request that the Court defer ruling on class certification until ruling on Plaintiffs' anticipated motion to strike.

For the reasons stated herein, Plaintiffs have met the requirements of class certification.

## ARGUMENT

## I.    THE PROPOSED CLASS IS ASCERTAINABLE

Plaintiffs have defined manageable and ascertainable Classes.[2] Where, as here, the defendant's statement to each individual is identical, a class of persons who received the statement is ascertainable. *C-Mart v. Metro. Life Ins. Co.*, 299 F.R.D. 679, 688-89 (S.D. Fla. 2014) (holding class of recipients of blast faxes was ascertainable).[3]

At the certification stage, Plaintiffs need not actually identify Class members. *See Jones v. Diamond*, 519 F.2d 1090, 1100 (5th Cir. 1975). Indeed, "a class definition is necessary only to establish that a class does, in fact, exist and that its members *will be* identifiable." *Neumont v. Monroe Cnty., Fla.*, 198 F.R.D. 554, 558 (S.D. Fla. 2000). And a class is ascertainable when class

---

1. Defendant has insisted that the deposition not take place until after the court-ordered mediation set for March 13, 2015.

2. Because Defendant claims that some of the Products did not contain the "All Natural" statement throughout the entire class period, Plaintiffs amend their proposed class definitions as follows. Plaintiffs seek to certify the following class pursuant to Rule 23(a), (b)(2), and (b)(3): **The Nationwide Class:** All consumers who purchased one or more Products *containing the label statement "All Natural"* in the United States and its territories for personal, family, or household purposes and not for resale during the period from November 13, 2009, to the date of class certification. In the alternative, Plaintiffs seek to certify the following class pursuant to Rule 23(a), (b)(2), and (b)(3): **The Multi-State Class:** All consumers who purchased one or more Products *containing the label statement "All Natural"* in either the states of Florida, Illinois, or Missouri for personal, family, or household purposes and not for resale during the period November 13, 2009, to the date of class certification. Herein, Plaintiffs refer to the Nationwide Class and the Multistate Class, together, as the "Class" or the "Classes."

3. Unless otherwise indicated, all internal citations, brackets, and quotation marks have been omitted and all emphasis has been added.

members may be identified through an "administratively feasible" analysis using objective criteria. *Bussey v. Macon Cnty. Greyhound Park, Inc.*, 562 F. App'x 782, 787 (11th Cir. 2014). Plaintiffs must provide an "indication that they . . . ***can*** obtain[] data" capable of identifying the individuals in the proposed Class. *Id.* at 788. Numerous courts have found affidavits, proofs of claim, and receipts sufficient for ascertaining a class—even when the defendant has no records to show class membership. *E.g.*, *Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561, 567 (S.D.N.Y. 2014) (discussing various means of identifying class members and concluding that "ascertainability difficulties, while formidable, should not be made into a device for defeating the action"), *McCrary v. Elations Co., LLC*, No. 13-cv-00242, 2014 U.S. Dist. LEXIS 8443, at *27 (C.D. Cal. Jan. 13, 2014) ("Once Defendant's records establish which retailers sold [the product at issue] during the class period, class notice will further help reveal the class members.").[4] Further, records of the defendant or third parties, either standing alone or when reviewed by an expert, are sufficient to show class members are identifiable. *See In re Checking Account Overdraft Litig.*, 286 F.R.D. 645, 650-51 (S.D. Fla. 2012) (holding class ascertainable where expert proposed to review the defendant's data to identify members).

   *Fitzpatrick v. Gen. Mills, Inc.*, 263 F.R.D. 687 (S.D. Fla. 2010), is on point.  In *Fitzpatrick*, which involved over 2 million purchases of allegedly deceptively-marketed yogurt, (263 F.R.D. at 696–97), the Southern District of Florida certified a class under FDUTPA, holding that "identifying those consumers that bought [the yogurt], and of that group, who paid a premium for it, will not be an easy process. . . . Nevertheless, these issues are not insurmountable . . . and this

---

4.      A minority of federal courts have questioned whether such evidence, standing alone, adequately protects the interests of absent class members and the defendant. *See, e.g.*, *Carrera v. Bayer Corp.*, 727 F.3d 300, 308 (3d Cir. 2013). Significantly, the United States Court of Appeals for the Eleventh Circuit has not adopted the reasoning in *Carrera*, and *Carrera* is not binding here.

difficulty is not in itself a sufficient basis to prevent certification of a class." *Id.* at 702 (citing *Klay v. Humana, Inc.*, 382 F.3d 1241, 1272 (11th Cir. 2004)). On appeal, the Eleventh Circuit approved the district court's reasoning, holding that the "analysis in its Order on Motion for Class Certification [was] sound and in accord with federal and state law." *Fitzpatrick v. Gen. Mills, Inc.*, 635 F.3d 1279, 1283 (11th Cir. 2011) (remanding on other grounds).

Here, in addition to providing an objective Class definition, Plaintiffs offer consumer records that can be obtained upon request from individual retailers, which provide identifiable customer information. (*See* Declaration of George V. Granade in Support of Plaintiffs' Reply in Support of Supplemental Motion for Class Certification ("Granade Decl."), Ex. A (█████████ ████████████);*id.*, Ex. B (████████████████████████████).) These records can be referenced against documents Defendant produced that identify the retailers that sold the Products at any given time throughout the Class period. (*See id.*, Ex. C (████████ ██████████).)

Furthermore, Plaintiffs introduce the opinion of an expert who has reviewed this data and can confirm the ascertainability of the members of the proposed Class. (Declaration of Steven Weisbrot (Angeion Group), *Regarding Court-Approved Notice Plans in Class Actions Where Class Members are Not Known* ("Weisbrot Decl."), filed concurrently herewith.) Courts commonly approve class certification in retail sales actions, even where the defendant has "no way to identify the vast majority of individual class members," by utilizing a class notice administrator. *Smith v. Wm. Wrigley Jr., Co.*, No. 09-cv-60646, 2010 U.S. Dist. LEXIS 67832, at *15–17 (S.D. Fla. June 15, 2010) ("Garden City was able to design a notice program that maximized exposure

4

to Class members. . . [which] satisfies the requirements of Rule 23(e)(1).").[5] Here, Steven Weisbrot confirms a claims administrator "will be able to develop and implement an effective notice program in this action as well as an effective claims process which would allow the parties to verify claims made by class members and distribute the proceeds of any judgment the class may obtain." (Weisbrot Decl., ¶ 5.[6])

The Court should not be distracted by Defendant's arguments concerning purported administrative difficulties in proving membership in the proposed Classes. Although Defendant may not readily possess lists of Class members, "these issues are not insurmountable." *Fitzpatrick*, 263 F.R.D. at 702. (*See also* Granade Decl., Ex. D (Order Granting Plaintiffs' Motion for Class Certification, *Moore v. GNC Holdings, Inc.*, No. 12-cv-61703-WPD (S.D. Fla. Oct. 17, 2013), Doc. No. 61), at 12 (certifying a class despite defendant's argument that "class members cannot be identified").) "Even potentially severe management issues have been held insufficient to defeat class certification[.]" *Spinelli v. Capital One Bank*, 265 F.R.D. 598, 611 (M.D. Fla. 2010). Any "administrative difficulties of establishing members of the class and providing appropriate notice do not negate the overall superiority of the instant class action over the alternative of piecemeal litigation[.]" (Granade Decl., Ex. D (*Moore*), at 13.); *see also Bush v. Calloway Consol. Grp. River City, Inc.*, No. 10-cv-841, 2012 U.S. Dist. LEXIS 40450, at *6 (M.D. Fla. Mar. 26, 2012) (holding

---

5.      *See also Nelson v. Mead Johnson & Johnson Co., 48*4 F. App'x 429, 431 (11th Cir. 2012) (case involving baby formula); *In re Vitamins Antitrust Class Actions*, 215 F.3d 26, 28 (D.C. Cir. 2000) (vitamins); *In re Pet Food Prods. Liab. Litig.*, 629 F.3d 333, 336 (3d Cir. 2010) (pet food); *In re Dry Max Pampers Litig.*, 724 F.3d 713, 716-17 (6th Cir. 2013) (diapers); *Arizona v. Shamrock Foods Co.*, 729 F.2d 1208, 1210 (9th Cir. 1984) (dairy products).

6.      *See also* Francis E. McGovern, *Distribution of Funds in Class Actions-Claims Administration*, 35 J. Corp. L. 123 (2009) (providing case studies demonstrating how claims administrators increase participation in class action settlements while reducing the level of potential fraud).

class was ascertainable).

Defendant's reliance on *Karhu v. Vital Pharms., Inc.*, No. 13-cv-60768, 2014 U.S. Dist. LEXIS 26756 (S.D. Fla. Mar. 3, 2014) (Opp. at 7–8), is misplaced.[7] In *Karhu*, the plaintiff had "not suggested any practical means of verifying class membership through existing evidence, and the Court [would] not allow individuals to identify themselves as class members ***solely*** upon a sworn statement." *Karhu*, 2014 U.S. Dist. LEXIS 26756, at *9. Here, by contrast, Plaintiffs offer practical means of verifying class membership through significant evidence, as discussed above. (Granade Decl., Ex. A (████████████████████); *id.*, Ex. B (███████████████████████ ███████████████);*id.*, Ex. C (███████████████); *see generally* Weisbrot Decl.)

Defendant cries crocodile tears about the supposed risk of fraudulent submissions diluting class members' recoveries (Opp. at 7), but the risk of such submissions poses concerns no greater than in any other action in our judicial system where we must and do rely on truthful submissions to the Court. Furthermore, "the fact that particular persons may make false claims of membership does not invalidate the objective criteria used to determine inclusion." *McCrary*, 2014 U.S. Dist. LEXIS 8443, at *25-26. The threat of a bad claim does not infringe upon Defendant's due process rights when aggregate liability is tied to a "concrete, objective set of facts—its total sales." *See Forcellati v. Hyland's, Inc.*, 2014 U.S. Dist. LEXIS 50600, at *16 (C.D. Cal. Apr. 9, 2014); *see also* 3 Conte & Newberg, Newberg on Class Actions § 10:5 (2002) ("Aggregate computation of class monetary relief is lawful and proper. . . . Challenges that such aggregate proof affects substantive law and otherwise violates the defendant's due process rights or jury rights to contest each member's claim individually will not withstand analysis."). Further, the Court's approval of

---

7.      Further, the appeal of the decision in *Karhu* denying class certification is presently pending before the Eleventh Circuit. Oral argument took place on February 6, 2015.

any notice program is secondary to the preliminary question of class certification. *See Rosen v. J.M. Auto, Inc.*, Case No. 07-cv-61234, 2009, U.S. Dist. LEXIS 36097, at *4 (S.D. Fla. 2009) (certifying a class under FDUTPA, and then, once ripe, considering the class notice program facilitated by third-party vendor).

"[T]he class action device, at its very core, is designed for cases like this where a large number of consumers have [allegedly] been defrauded but no one consumer has suffered an injury sufficiently large as to justify bringing an individual lawsuit." *In re Scotts EZ Seed Litig.*, No. 12-cv-4727, 2015 U.S. Dist. LEXIS 9116, at *15 (S.D.N.Y. Jan. 26, 2015); *see also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997) (holding that facilitating small claims is "[t]he policy at the very core of the class action mechanism").

Accordingly, the Class is ascertainable, and Defendant's counterarguments are meritless.

## II.     THE CLASS SATISFIES ALL REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 23(a)

Plaintiffs have established, and Defendant does not dispute, numerosity and adequacy.[8]  As detailed below, Plaintiffs have adequately established commonality and typicality as well.

To meet the commonality requirement, Plaintiffs must identify a "common contention" that is "of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). Here, Plaintiffs' claims pose a common question that will generate a common answer: whether Defendant's "All Natural" labeling of the Products was false, unfair, deceptive, or misleading because the Products contain

---

8.      Plaintiffs previously sought appointment of Reese Richman LLP and Halunen Law as lead counsel; they now seek appointment of Eggnatz, Lopatin & Pascucci, LLP, in addition to Reese Richman LLP and Halunen Law. (*See* Declaration of Joshua H. Eggnatz, filed concurrently herewith; *see also* Doc. No. 74-2; Doc. No. 74-3.)

genetically-modified ingredients or other synthetic ingredients. Since all Class members were exposed to the same "All Natural" statement and purchased the Products, there is "a common core of salient facts." *See In re Conagra Foods, Inc.*, 302 F.R.D. 537, 569 (C.D. Cal. 2014). Other courts have found similar claims challenging the terms "all natural" and "natural" to be a sufficient basis for class certification. *See, e.g.*, *Lilly v. Jamba Juice Co.*, No. 13-cv-02998, 2014 U.S. Dist. LEXIS 131997, at *23 (N.D. Cal. Sept. 18, 2014).

Defendant suggests that there can be no commonality or typicality unless all Class members agreed on what "All Natural" meant. (Opp. at 11.) Defendant is wrong. Under the reasonable consumer standard—which is objective—the Court will never need to examine any consumer's subjective definition of "All Natural." *See Bohlke v. Shearer's Foods, L.L.C.*, No. 14-cv-80727, 2015 U.S. Dist. LEXIS 6054, at *25 (S.D. Fla. Jan. 20, 2015). Courts considering claims under the reasonable consumer standard focus on how, *objectively*, a reasonable consumer might interpret the statement at issue, rather than on any individual's subjective understanding of the words. *E.g.*, *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008).

Even assuming, *arguendo*, that Defendant is correct that consumers generally do not share a uniform definition of the term "All Natural" (*see* Opp. at 9–11), that is not a basis for denying class certification. Defendant's argument is really a merits-based argument that it has a common defense to Plaintiffs' claims to present at trial—*i.e.*, that Plaintiffs will fail to prove by a preponderance of the evidence that the "All Natural" statement deceives the reasonable consumer. This defense will either succeed or fail with respect to all members of the Class at once and is a common issue that will predominate over individualized issues. The fact that Plaintiffs *may* fail to prove the merits of their claims, however, does not render the reasonable consumer inquiry into a subjective, individualized inquiry. The law is clear that the reasonable consumer standard is

8

objective. *See Bohlke*, 2015 U.S. Dist. LEXIS 6054, at *25.

Further, even if some issues must eventually be determined individually, this is not a barrier to class certification. *See Pagan v. Abbott Labs*, 287 F.R.D. 139, 145 (E.D.N.Y. 2012) ("[T]he individual circumstances of the class members can differ without precluding class certification, so long as the common questions are at the core of the cause of action alleged.").

Defendant also mistakenly argues that class certification should be denied because some of the Products supposedly do not claim to be "All Natural," and some are offered "in a variety of types and sizes." (Opp. at 12.) However, the only Products at issue in this case claim to be "All Natural" on the packaging or labeling, regardless of type or size. (Am. Compl., ¶ 2; *see also, supra*, at p.2, n. 2 (amending and clarifying Class definition).) The fact that Defendant sells other products that do not claim to be "All Natural," and the fact that the Products are offered in various types or sizes, are entirely irrelevant and do not preclude certification.

## III.  THE CLASS SATISFIES THE REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 23(b)(2)

As Plaintiffs showed in their opening brief, the Court should certify the Class under Rule 23(b)(2) because Defendant's uniform false and deceptive labeling of the Products is an action generally applicable to all Class members "so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." *See* Fed. R. Civ. P. 23(b)(2); *Williams v. Mohawk Indus.*, 568 F.3d 1350, 1359 (11th Cir. 2009).

Defendant does not make any persuasive arguments to the contrary. The excerpts of Plaintiffs' depositions that Defendant cites (Opp. at 12) do not support its assertion that "[a]ll of the Representative Plaintiffs have disavowed any intent to purchase [the] Products in the future," and, thus, supposedly lack standing to pursue injunctive relief. (*See id.*) To the contrary, Plaintiff Adele Ferrara testified under oath that she is interested in buying the Products again in the future,

if they were correctly labeled. (Granade Decl., Ex E (Transcript of Deposition of Adele Ferrara, Dec. 12, 2014) ("Ferrara Depo."), at 53:11–22 ("… Q. If it did not have GMOs, which would you purchase[, Snyder's or a competitor]? A. ***I would probably buy Snyder's.*** Q. Why is that? A. ***Because I like Snyder's. I like the way they taste and -- I like them***.").) Similarly, Plaintiff Dana Cooke testified she "would be very excited to purchase [the Products] if they changed it and did not have GMOs in the products any more." (*Williams*, 568 F.3d at 1359, Ex. F (Transcript of Deposition of Dana Cooke) ("Cooke Depo."), at 35:21–23.) Further, in almost all of the testimony Defendant cites (Opp. at 12), Plaintiffs merely stated they would not purchase the Products again "if the 'all natural' labeling was removed, the ingredients stayed the same, ***and the product stayed the same price***." (Ferrara Depo. at 60:10–15; Cooke Depo. at 35:15–19; Granade Decl., Ex. G (Transcript of Videotaped Deposition of Rahsaan Ashford, Dec. 10, 2014), at 55:21–56:3; *id.*, Ex. H (Transcript of Videotaped Deposition of  Anne Steimle, Dec. 10, 2014), at 6:24–7:11.) This testimony is conditional and does not establish Plaintiffs would never purchase the Products again under any circumstances. Indeed, "the record is devoid of any grounds to discount [P]laintiffs' stated intent to purchase in the future" if the Products are truthfully and non-misleadingly labeled, "thereby satisfying the requisites for standing." *Ries v. Ariz. Bevs. USA L.L.C.*, 287 F.R.D. 523, 533 (N.D. Cal. 2012); *see also In re Motor Fuel Temperature Sales Practices Litig.*, No. 06-2582-KHV, 2012 U.S. Dist. LEXIS67895 (D. Kan. May 14, 2012).

Likewise, Defendant's citations to the Amended Complaint (*see* Opp. at 12) do not support its argument because they simply show Plaintiffs do not want to purchase falsely labeled Products again, and, moreover, Plaintiffs each expressly alleged that they would purchase truthfully labeled Products in the future. (Am. Compl., ¶¶ 18, 25, 70, 92; *see also* Ferrara Depo. at 53:11–22; Cooke Depo. at 35:15–36:2.) Finally, Defendant cites to *Marty v. Anheuser-Busch Cos.*, No. 13-cv-23656,

2014 U.S. Dist. LEXIS 124180 (S.D. Fla. Sept. 5, 2014) (see Opp. at 12), but that case is inapposite because there the plaintiffs "[did] not allege that [they would] purchase [the product at issue] again in the future if appropriately labeled." *Marty*, 2014 U.S. Dist. LEXIS 124180, at *17. For all of these reasons, Defendant's argument that Plaintiffs lack standing to pursue injunctive relief fails.[9]

Defendant also argues that an injunctive relief class "is appropriate only if the predominant relief sought is injunctive." (Opp. at 13.) Defendant is wrong for the reasons Plaintiffs gave in their opening brief. (Doc. No. 74 at 12 n.5.) *Jermyn v. Best Buy Stores, L.P.*, 276 F.R.D. 167 (S.D.N.Y. 2011); *Stinson v. City of N.Y.*, 282 F.R.D. 360 (S.D.N.Y. 2012).

## IV.  THE CLASS SATISFIES THE REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 23(b)(3)

Plaintiffs have established, and Defendant does not dispute, that the Class meets the superiority requirement. As set forth below, Plaintiffs have established predominance as well.

"[N]umerous courts have recognized that the presence of individualized damages issues does not prevent a finding that the common issues in the case predominate." *Allapattah Servs. v. Exxon Corp.*, 333 F.3d 1248, 1261 (11th Cir. 2003). (*Accord* Granade Decl., Ex. D (*Moore v. GNC Holdings, Inc.*), at 10.)

Defendant claims that *Comcast* requires that "***[t]o satisfy the predominance requirement***, Plaintiffs ***must show*** . . . that damages are capable of measurement on a classwide basis." (Opp. at 14.) Defendant is completely wrong. Indeed, Defendant's argument was rejected by the Second Circuit less than two weeks ago. *Specifically, in Roach v. T.L. Cannon Corp.*, No. 13-cv-3070, 2015 U.S. App. LEXIS 2054 (2d Cir. Feb. 10, 2015), the Second Circuit held that, "*Comcast* does

---

9.      In a footnote, Defendant incorporates by reference the arguments concerning standing to pursue injunctive relief in its motion to dismiss (Doc. No. 38). (Opp. at 12 n.9.) In response, Plaintiffs incorporate by reference the arguments concerning standing to pursue injunctive relief they set forth in their opposition to Defendant's motion to dismiss (Doc. No. 44).

not mandate that certification pursuant to Rule 23(b)(3) requires a finding that damages are capable of measurement on a classwide basis." *Roach*, 2015 U.S. App. LEXIS 2054, at *2.

In *Roach*, as in the present case, the plaintiffs did not submit or otherwise propose a classwide damages model as part of their motion for class certification under Rule 23(b)(3). *Id.* at *1–2. The district court denied the motion, holding that lack of the classwide damages model was fatal to the motion. *Id.* at *1-2. The Second Circuit reversed, holding that the district court had committed error. After a detailed analysis of the Supreme Court's *Comcast* decision, the appellate court held that:

> *Comcast* held that a model for determining classwide damages relied upon to certify a class under Rule 23(b)(3) must actually measure damages that result from the class's asserted theory of injustice; **but the Court did not hold that proponents of class certification must rely upon a classwide damages model to demonstrate predominance.**

*Id.* at *5. Other appellate courts have ruled the same way. *See, e.g.*, *In re Nexium Antitrust Litig.*, No. 14-cv-1521, 2015 U.S. App. LEXIS 968, at *10 (1st Cir. Jan. 21, 2015) ("Where . . . common questions predominate regarding liability, then courts generally find the predominance requirement to be satisfied even if individual damages issues remain.").[10]

---

[10]     *In re Deepwater Horizon*, 739 F.3d 790, 817 (5th Cir. 2014) ("The principal holding of *Comcast* was that a model purporting to serve as evidence of damages . . . must measure only those damages attributable to the theory of liability on which the class action is premised. . . . In this case, however, the district court's inquiry into predominance was never premised on such a formula. *In re Whirlpool Corp. Front-Loading Washer Products Liab. Litig.*, 722 F.3d 838, 861 (6th Cir. 2013) ("[I]t remains the black letter rule that a class may obtain certification under Rule 23(b)(3) when liability questions common to the class predominate over damages questions unique to class members."); *Butler v. Sears, Roebuck & Co.,* 727 F.3d 796, 799 (7th Cir. 2013) ("[In Comcast, none] of the parties had even challenged the district court's ruling that class certification required that the damages resulting from . . . the antitrust violation were measurable on a class-wide basis through use of a common methodology."); *Leyva v. Medline Indus.*, 716 F.3d 510, 514 (9th Cir. 2013) ("[T]he presence of individualized damages cannot, by itself, defeat class certification under Rule 23(b)(3)."); *In re Urethane Antitrust Litig.*, 768 F.3d 1245, 1257-58 (10th

Here, Plaintiffs have not relied upon a classwide damages model to demonstrate predominance, and nothing in *Comcast* requires them to do so.[11] As the Second Circuit held, "*Comcast* does not mandate that certification pursuant to Rule 23(b)(3) requires a finding that damages are capable of measurement on a classwide basis." *Roach*, 2015 U.S. App. LEXIS 2054, at \*1. Rather, predominance here is established through other means, such as the numerous common questions of law and fact. As stated in the opening brief, the class members were all subjected to identical false, misleading, and deceptive representations on the Products' labeling that the Products were "All Natural." Thus, on the issue of liability, the same questions of law and fact are present for all Class members and predominate over individual inquiries. (Granade Decl., Ex. D (*Moore*), at 10–11 (finding that the parties could resolve through common proof whether, under FDUTPA, the allegedly deceptive label was, in fact, deceptive to a consumer acting reasonably in the same circumstances).) Moreover, as the claims here are governed by an objective, reasonable consumer standard, the common question of how a reasonable consumer would interpret the marketing predominates over any individual interpretation. *Fitzpatrick*, 263 F.R.D. at 700-01 ("[A] plaintiff seeking to recover under the FDUTPA need not allege that the deceptive act motivated his or her decision to purchase [the product], but only that an objective reasonable

---

Cir. 2014) ("Comcast did not rest on the ability to measure damages on a class-wide basis. . . . Comcast does not control because: [] the decision turned on a concession that is absent here . . . .").

11.    This renders *Comcast & Braz. v. Dole Packaged Foods, L.L.C., No*. 12-CV-01831-LHK, 2014 U.S. Dist. LEXIS 157578 (N.D. Cal. Nov. 6, 2014), which Defendant cites (Opp. at 15), irrelevant and inapplicable. In both cases, the plaintiffs relied upon classwide damage models to show predominance. That simply was not done here. Nor is it required. *Roach*, 2015 U.S. App. LEXIS 2054, at \*1, \*5-6; *see Comcast Corp.*, 133 S. Ct. at 1436 (Ginsberg and Breyer, JJ., dissenting) ("[The majority's] decision should not be read to require, as a prerequisite to certification, that damages attributable to a classwide injury be measurable on a class-wide basis.").

person would have been deceived by it."); *Nelson*, 270 F.R.D. at 697–98 ("[I]ndividual class members may establish a FDUTPA claim by submitting identical proof that Defendant's representations about [the product at issue] would deceive an objective reasonable consumer. . . . Because plaintiffs may prove the essential issues in this case with common proof, the Court concludes that class-wide issues predominate over individualized issues.").[12]

## V.   PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(c)(4), THE COURT SHOULD CERTIFY THE CLASS FOR LIABILITY PURPOSES ONLY

Certification for liability purposes alone is the most efficient manner to resolve Plaintiffs' claims, since Defendant's Products uniformly claim to be "All Natural." Under Rule 23(c)(4), "a class may be certified for liability purposes only, leaving individual damages calculations to subsequent proceedings." *In re Whirlpool*, 722 F.3d at 860–61.

In *Whirlpool*, the court certified a liability class only, reserving all issues concerning damages for subsequent determination. *Id*. at 860. The Sixth Circuit ruled that the plaintiffs properly established class certification under Rule 23(a) and (b) and also found that common questions predominated "when adjudication of questions of liability common to the class will achieve economies of time and expense." *Id*. at 860–61 (quoting *Comcast*, 133 S. Ct. at 1437).

Here, Plaintiffs have requested that the Court certify a class for liability purposes under Rule 23(c)(4) because adjudication of Defendant's liability will achieve judicial efficiency, economies of time and expense, and fairness. Moreover, Plaintiffs also seek to certify a Rule

---

12.    While *Roach* shows that no classwide damages model need be forwarded at this stage, if the Court finds that one is still required in this case despite the appellate rulings, Plaintiffs respectfully seek permission for leave to file a renewed motion for class certification that would include such a classwide damages model that has been accepted by other courts in similar food litigation cases. *See In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 581 (C.D. Cal. 2014) (allowing plaintiffs to file renewed class certification motion (and later certifying class)); *Ebin*, 297 F.R.D. at 569 (granting class certification in food litigation based upon classwide damages model submitted by expert Colin Weir).

23(b)(2) Class pursuing injunctive relief. Certification for liability purposes is the proper mechanism for Plaintiffs' injunctive relief claims. Once liability is established, the corresponding declaratory and injunctive relief applicable to the entire class as a whole will automatically follow, regardless of any damages issues.

Defendant's reliance on *Werdebaugh v. Blue Diamond Growers*, No. 12-cv-02724, 2014 U.S. Dist. LEXIS 173789, at *50 (N.D. Cal. Dec. 15, 2014) (Opp. at 24–25) is misplaced, as Plaintiffs are not required to present a classwide damages model at class certification. (*See, supra*, at n. 2.) Defendant also mistakenly relies on *Cohn v. Mass. Mut. Life Ins. Co.*, 189 F.R.D. 209 (D. Conn. 1999). In *Cohn*, the defendant demonstrated that the sales presentations and marketing materials available to its agents were, in fact, not uniform, and the agents were not subject to a uniform training program; thus, a predominance of individual issues was present. *Id.* at 213. Here, Plaintiffs do not seek to circumvent the predominance requirement by requesting a liability class. Every Class members' claim is based on the same facts and legal theories. All Class members were subjected to the same false, misleading, and deceptive "All Natural" representation on the Products, resulting in identical claims susceptible to class-wide proof.

Accordingly, the Court should grant certification pursuant to Rule 23(c)(4).

## **<u>CONCLUSION</u>**

For the reasons set forth herein, the Court should grant Plaintiffs' Supplemental Motion for Class Certification.[13]

---

13.    Plaintiffs join in Defendant's request for a hearing.

Dated: Miami, Florida
February 18, 2015

Respectfully submitted,

 */s/ Joshua Eggnatz*
Joshua H. Eggnatz
Florida Bar No. 0067926
**EGGNATZ, LOPATIN & PASCUCCI, LLP.**
54000 S. University Drive, Suite 413
Davie, Florida 33328
954-889-3359
Fax:  954-889-5913
Email: *JEggnatz@ELPLawyers.com*

Michael R. Reese (admitted *pro hac vice*)
George V. Granade (admitted *pro hac vice*)
**REESE RICHMAN LLP**
875 Avenue of the Americas
18th Floor
New York, NY 10001
212-646-0500
Email: *mreese@reeserichman.com*
          *ggranade@reeserichman.com*

Melissa W. Wolchansky (admitted *pro hac vice*)
Dustin W. Massie (admitted *pro hac vice*)
**HALUNEN & ASSOCIATES**
1650 IDS Center
80 South Eight Street
Minneapolis, MN 55402
612-605-4098
Email: *wolchansky@halunenlaw.com*
          *massie@halunenlaw.com*

Howard Weil Rubinstein
**THE LAW OFFICES OF**
**HOWARD W. RUBINSTEIN, P.A.**
1615 Forum Place
Suite 4C
West Palm Beach, FL 33401
832-715-2788
Fax: 4156926607
Email: *howardr@pdq.net*

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 18, 2015, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send copies to all counsel of record.

_/s/ Joshua Eggnatz_____
Joshua H. Eggnatz

## SERVICE LIST
*Barron v. Snyder's-Lance, Inc.*
No. 0:13-cv-62496-JAL
United States District Court for the Southern District of Florida

Joshua H. Eggnatz
**EGGNATZ, LOPATIN & PASCUCCI, LLP.**
54000 S. University Drive, Suite 413
Davie, Florida 33328
954-889-3359
Fax:  954-889-5913
Email: *JEggnatz@ELPLawyers.com*

Benjamin M. Lopatin (admitted *pro hac vice*)
**EGGNATZ, LOPATIN & PASCUCCI, LLP.**
580 California Street, Suite 1200
San Francisco, CA 94104
415-324-8620
Email: *BLopatin@ELPLawyers.com*

Michael R. Reese (admitted *pro hac vice*)
George V. Granade (admitted *pro hac vice*)
**REESE RICHMAN LLP**
875 Avenue of the Americas
18th Floor
New York, NY 10001
212-646-0500
Email: *mreese@reeserichman.com*
         *ggranade@reeserichman.com*

Melissa W. Wolchansky (admitted *pro hac vice*)

Dustin W. Massie (admitted *pro hac vice*)
**HALUNEN LAW**
1650 IDS Center
80 South Eight Street
Minneapolis, MN 55402
612-605-4098
Email: *wolchansky@halunenlaw.com*
         *massie@halunenlaw.com*

Howard Weil Rubinstein
**THE LAW OFFICES OF
HOWARD W. RUBINSTEIN, P.A.**
1615 Forum Place
Suite 4C
West Palm Beach, FL 33401
832-715-2788
Fax: 4156926607
Email: *howardr@pdq.net*

Kiran H. Mehta
**TROUTMAN SANDERS LLP**
301 South College Street
Suite 3400
Charlotte, NC 28202
704-998-4072
Fax: 704-998-4051
Email: *Kiran.mehta@troutmansanders.com*

Matthew G. Ball (admitted *pro hac vice*)
**K&L GATES, LLP**
4 Embarcadero Center
Suite 1200
San Francisco, CA 94111

18

415-249-1014
Email: *matthew.ball@klgates.com*

April Lynn Boyer
Olivia Rae Waters Kelman
**K&L GATES, LLP**

Southesast Financial Center
200 South Biscayne Boulevard
Suite 3900
Miami, FL 33131-2399
305-539-3300
Fax: 305-358-7095
Email: *april.boyer@klgates.com*
        *olivia.kelman@klgates.com*
        *jonathan.morton@klgates.com*

19