UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil Case No. 0:13-cv-62496-LENARD-GOODMAN

TODD BARRON, ADELE FERRARA, DANA COOKE, GABRIEL IBERTIS, STEVE TROUT, MATTHEW MCDONOUGH, DAVID KORN, ARNIE NEBRIAGA, RAHSAAN ASHFORD, TERRY SHAPIRO, BENJAMIN BARTELL, ANNE STEIMLE, ARTHUR KAROS, and LARRY ROSENGARTEN, individually and on behalf of all others similarly situated,

        Plaintiffs,

v.

SNYDER'S-LANCE, INC., a North Carolina corporation,

        Defendant.

**DEFENDANT'S REPLY IN SUPPORT OF MOTION (1) TO STRIKE NEW EVIDENCE [ECF Nos. 118, 119-1, and 119-2] AND ARGUMENTS [part of ECF No. 120] SUBMITTED IN PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION FOR CLASS CERTIFICATION, OR IN THE ALTERNATIVE (2) FOR LEAVE TO FILE SUR-REPLY**

Defendant Snyder's-Lance, Inc. ("Snyder's-Lance" or "Defendant") hereby submits its Reply to Plaintiffs' Response in Opposition ("Opposition" or "Pls.' Opp.") [ECF No. 135], in which Plaintiffs request that the Court deny Defendant's Motion (1) to Strike New Evidence [ECF Nos. 118, 119-1, and 119-2] and Arguments [part of ECF No. 120] Submitted in Plaintiffs' Reply Brief in Support of Motion for Class Certification or, in the Alternative (2) for Leave to File Sur-Reply ("Motion" or "Mot.") [ECF No. 123]. For the reasons set forth herein, the relief sought by Snyder's-Lance pursuant to the Motion should be granted.

### INTRODUCTION

For over a year, Plaintiffs neglected to procure evidence that the classes they purport to represent are indeed ascertainable—a burden that they bear, but have failed to carry. After

MI-477035

Defendant responded to their Supplemental Motion for Class Certification ("Class Certification Motion" or "Pls.' Cert. Mot.") [ECF No. 74], Plaintiffs came up with a new theory of ascertainability, attempted to procure new evidence in support of their new theory, and proceeded to argue it improperly in their Reply. Plaintiffs should not be permitted to deprive Defendant of its opportunity to respond to such new evidence simply because Plaintiffs failed to use the generous discovery period to pursue such theories *prior* to filing the Class Certification Motion. Having done so, Plaintiffs left Snyder's-Lance with no choice but to raise this violation of the Local Rules and request that the Court strike these new arguments contained in the Reply, or permit Defendant to file a sur-reply.

In response to the Motion to Strike, Plaintiffs incorrectly assert that the Eleventh Circuit does not require a plaintiff seeking class certification to show that the class is ascertainable. Pls.' Opp. at 5 ("Plaintiffs had no reason to argue that evidence is required to show that the class is ascertainable as the 11th Circuit does not require such a demonstration."). Eleventh Circuit precedent is clear and to the contrary: "A plaintiff seeking class certification bears the burden of satisfying all implicit and explicit requirements of Federal Rule of Civil Procedure 23." *Bussey v. Macon Cnty. Greyhound Park, Inc.*, 562 F. App'x 782, 787 (11th Cir. 2014). One of the "implicit" certification requirements is a demonstration by the plaintiff that the proposed class is ascertainable. *Id.*; *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012) ("Before a district court may grant a motion for class certification, a plaintiff seeking to represent a proposed class must establish that the proposed class is adequately defined and clearly ascertainable." (internal quotations omitted)).

Prior to filing their Reply in Support of Supplemental Motion for Class Certification ("Class Certification Reply" or "Pls.' Reply") [ECF No. 118], the sum total of Plaintiffs' proffer

on the ascertainability of their proposed classes was the general assertion in the Class Certification Motion that "Plaintiffs in a consumer class action alleging false advertising have typically demonstrated their purchase of a product by submitting affidavits, proofs of claim, or retailer receipts." Pls.' Cert. Mot. at 18. Then, in their Class Certification Reply, Plaintiffs raised *for the first time* in this case an entirely new proposed method of ascertaining the identities of putative class members—identification through retailers.

Proffering for the first time a method of ascertaining the identity of class members in the Reply severely prejudices Snyder's-Lance, because it deprives Defendant of the opportunity to respond and offer arguments (or other evidence) in rebuttal. The only way to redress this prejudice is (1) to strike the new argument (and its supporting materials[1]), or (2) to permit Snyder's-Lance to file a sur-reply brief addressing Plaintiffs' new argument. One of these avenues of relief should be granted.

## ARGUMENT

As Defendant stated in its Motion (and as Plaintiffs do not dispute), the Local Rules of this District provide that a "reply memorandum shall be *strictly limited* to rebuttal of matters raised in the memorandum in opposition." Mot. at 1 (quoting S.D. Fla. L.R. 7.1(c) (emphasis added)). The reason for this is clear—the party opposing a motion has no opportunity to respond to new arguments and supporting evidence raised for the first time in a reply. *See Baltzer v. Midland Credit Mgmt.*, No. 14-20140, 2014 WL 3845449, at *1 (S.D. Fla. Aug. 5, 2014) ("A reply memorandum may not raise new arguments or evidence, particularly where the evidence was available when the underlying motion was filed and the movant was aware (or should have been aware) of the necessity of the evidence."). Plaintiffs oppose the relief sought in this Motion

---

[1] The newly-raised "ascertainability-by-retailer" argument purports to be supported by the Weisbrot Declaration [ECF No. 120], the Target Affidavit [ECF No. 119, Ex. A], and the Stop & Shop Letter [ECF No. 119, Ex. B].

3

by ineffectively arguing that the new evidence merely rebuts arguments raised in Defendant's Opposition to Plaintiffs' Supplemental Motion for Class Certification [ECF No. 86]; namely, that the new evidence did not exist at the time of filing its Class Certification Motion, and that Defendant has not been prejudiced because it had notice of the new evidence. Pls.' Opp. at 5-10. These arguments are without merit.

### A. THE ASCERTAINABILITY-BY-RETAILER ARGUMENT WAS NOT RAISED IN THE CLASS CERTIFICATION MOTION

Plaintiffs first seek to escape their failure to meet their burden of showing ascertainability by characterizing such burden as a "theory [that] was first presented in Defendant's Opposition." Pls.' Opp. at 5. This "theory" is actually a requirement for class certification, a requirement that Plaintiffs did not adequately meet. *See Bussey*, 562 F. App'x at 787; *Little*, 691 F.3d at 1304. Plaintiffs are now trying to convince this Court to consider their new ascertainability-by-retailer argument by seeking to disguise it as "merely supplemental evidence in rebuttal of Defendant's arguments." Pls.' Opp. at 10. This is a blatant mischaracterization, and courts in this District have routinely rejected this type of argument.

In fact, this exact situation was presented in *TCC Air Servs. v. Schlesinger*, No. 05-80543, 2009 WL 565516 (S.D. Fla. Mar. 5, 2009). In *TCC Air*, the plaintiffs filed a motion for costs, but provided no evidence with the motion to support their claim that they were entitled to certain fees. *Id.* at *7. The plaintiffs then attempted to support their motion by belatedly filing the necessary supporting evidence with their reply. *Id.* The court refused to consider the new evidence and denied the plaintiffs' motion for costs, reasoning that "[i]f this Court were to consider this evidence now, defendants would be prejudiced by not having an opportunity to determine the reasonableness of plaintiffs' costs in light of the records supporting plaintiffs'

claims." *Id.* Likewise, here, if Plaintiffs' new ascertainability-by-retailer argument is considered by this Court, Defendant would be prejudiced by not having an opportunity to respond to it.

### B. PLAINTIFFS' FAILURE TO PROCURE EVIDENCE RELATED TO THE NEW ASCERTAINABILITY-BY-RETAILER ARGUMENT DOES NOT EXCUSE NON-COMPLIANCE WITH THE LOCAL RULES OR THE PREJUDICE CAUSED TO DEFENDANT

Plaintiffs next attempt to excuse their belated ascertainability-by-retailer argument by weakly stating that they did not have the evidence until after they filed their Motion for Class Certification. Pls.' Opp. at 5-6. This argument fails for two reasons.

First, it ignores the prejudice to Defendant that is caused by Plaintiff's own neglect in failing to timely procure necessary evidence of ascertainability. Their neglect should not be permitted to deprive Defendant of its opportunity to respond to such evidence. Such a result is manifestly unfair and should not be allowed by this Court. *See, e.g.*, *In re Graphics Processing Units Antitrust Litig.*, 253 F.R.D. 478, 501 (N.D. Cal. 2008) ("*GPU*") (striking portions of plaintiffs' reply expert report which contained new damages theories that properly should have been presented with their original motion for class certification); *Bryant v. Mortg. Capital Res. Corp.*, No. 1:00-CV-671, 2002 WL 34720249, at *9 n.18 (N.D. Ga. May 31, 2002) (refusing to consider expert testimony on issue of commonality submitted with reply brief in support of motion for class certification).

Second, this argument completely ignores the fact that it is Plaintiffs' burden to show ascertainability in support of class certification. Plaintiffs filed their Class Certification Motion more than a year after initiating this lawsuit. *Nothing* prevented Plaintiffs from making their retailer-ascertainability argument in their Class Certification Motion, and nothing prevented Plaintiffs from obtaining evidence purporting to support its retailer-ascertainability argument in advance of that motion's filing.

### C. OBSERVING PLAINTIFFS CONDUCTING DISCOVERY IS NOT "NOTICE" OF A PREVIOUSLY UNDISCLOSED ARGUMENT; DEFENDANTS ARE PREJUDICED BY PLAINTIFFS' NON-COMPLIANCE WITH THE LOCAL RULES

Finally, Plaintiffs argue that Snyder's-Lance is not prejudiced by their delayed presentation of the retailer-ascertainability argument because Defendant somehow had notice of this evidence through Plaintiffs' Motion for Extension of Deadlines for Supplemental Class Certification Briefing [ECF No. 94], in which Plaintiffs requested an extension of time to file their Class Certification Reply, and by receiving notice of the subpoenas. *See* Pls.' Opp. at 6. Plaintiffs contend that because Defendant was aware that Plaintiffs "were in the process of obtaining discovery from third-party retailers that Plaintiffs intended on using in support of their Reply on the issue of ascertainability" that Defendant somehow waived its right to respond to such evidence. Pls.' Opp. at 6. This argument is absurd and completely unsupported by the law. Defendant cannot be expected to file an anticipatory response to evidence which was not presented, and which Plaintiffs admit they had not yet even obtained. *See* Pls.' Opp. at 5-6.

Plaintiffs' "last ditch effort to satisfy their burden," *Bryant*, 2002 WL 34720249, at *9 n.18, by submitting new evidence and arguments regarding ascertainability with their Class Certification Reply is a "clear-cut form of sandbagging and [i]s simply unfair," *GPU*, 253 F.R.D. at 501. This is particularly so because the ascertainability-by-retailers argument newly raised by Plaintiffs is stunningly weak, as Snyder's-Lance will be able demonstrate in a sur-reply if the Court opts not to strike the new argument.

The "threshold issue of 'ascertainability,' relates to whether the putative class can be identified: '[a]n identifiable class exists if its members can be ascertained by reference to objective criteria.'" *Randolph v. J.M. Smucker Co.*, 303 F.R.D. 679, 684 (S.D. Fla. 2014) (quoting *Bussey*, 562 F. App'x at 787). The Eleventh Circuit has interpreted the ascertainability

6

requirement as follows:

> An identifiable class exists if its members can be ascertained by reference to objective criteria. The analysis of the objective criteria also should be administratively feasible. "Administrative feasibility" means that identifying class members is a manageable process that does not require much, if any, individual inquiry.

*Id.* at 687 (quoting *Bussey*, 562 F. App'x at 787).

Plaintiffs assert in their Class Certification Reply that the sole purpose of the Weisbrot Declaration, the Target Affidavit, and the Stop & Shop Letter is to present evidence in support of a method to ascertain class members. *See* Pls.' Reply at 4-5. This new evidence, however, does not demonstrate a manageable process for identifying class members. In fact, Plaintiffs' new evidence raises more questions about ascertaining the Class[2] than it answers.

In their newly-raised ascertainability-by-retailer argument, Plaintiffs posit that they can ascertain the identity of class members through retailer records containing information regarding customers who purchased Snyder's-Lance Products[3] during the class period. Weisbrot Decl. ¶¶ 21-22; Pls.' Reply at 4-6. Plaintiffs' proposed Class consists of "[a]ll persons who purchased one or more of the Products … during the period from November 13, 2009, to the date of class certification." Pls.' Cert. Mot. at 3. However, Plaintiffs have not demonstrated that they will, in fact, be able to obtain adequate customer-identifying information from retailers.

First, while Plaintiffs have made a submission relating to two retailers, they have identified from Defendant's document production literally hundreds of others. Granade Decl., Ex. C, ECF No. 119. But Plaintiffs have supplied no information whatsoever regarding the

---

[2] Plaintiffs claim to represent a nationwide class and several state subclasses of purchasers (Pls.' Cert. Mot. at 3), which are collectively referred to herein as the "Class."

[3] As used herein, the term "Products" has the same meaning as defined in the Plaintiff's Amended Complaint. *See* Am. Compl. ¶ 2, ECF No. 14.

attitude of those retailers regarding any effort by Plaintiffs to obtain customer identification information from those retailers, or whether those retailers can supply such information.

In determining whether Plaintiffs' proposed Class is ascertainable, the Court must "rigorously analyze whether the administrative burden of identifying class members … would render class proceedings too onerous." *EQT Prod. Co. v. Adair*, 764 F.3d 347, 358 (4th Cir. 2014). If "class members are impossible to identify without extensive and individualized fact-finding or 'mini-trials,' then a class action is not appropriate." *Id*. (internal quotations omitted).

Plaintiffs have not provided the Court with retailer information sufficient for it to conduct the required rigorous analysis, and their submission suggests that they can only obtain the information they require through subpoenas and potentially very extensive litigation with hundreds of retailers. These retailers may have their own issues with divulging to Plaintiffs highly-sensitive consumer-identification information regarding their customers. Those issues would inevitably lead to the individualized "mini-trials" that the class action vehicle is designed to avoid – at least retailer by retailer, if not also consumer by consumer.

Further, the information actually presented by Plaintiffs proves beyond a shadow of a doubt that Plaintiffs' proposed method of ascertainment-by-retailer will leave out certain categories of customers all together, even if the subpoenaed retailers cooperate in providing customer-identification information as to those customers for which they possess such information. *See* Mot. at 8-9. Plaintiffs cannot possibly represent a class of "all" purchasers of the Products, but have no means whatsoever of identifying large numbers of those purchasers.

An illustrative case is *In re Clorox Consumer Litigation.*, 301 F.R.D. 436 (N.D. Cal. 2014). In *Clorox*, the plaintiffs moved to certify classes of consumers who purchased the defendant's Fresh Step cat litter in five states. *Id.* at 439-40. In their reply brief, the plaintiffs

8

argued that the class could be ascertained through retailer records and subpoenaed records from sixteen retailers, which accounted for 85% of Fresh Step sales nationwide. *Id.* at 441. Of the sixteen retailers, five refused to produce any records and six did not have any method for tracking Fresh Step purchases. *Id.* Of the remaining five retailers who agreed to produce information about Fresh Step sales, the court held that few provided information sufficient to help ascertain class members. *Id.* For example, the "most helpful" retailer, Target, could only identify 67% of Fresh Step purchases. *Id.* The court denied the plaintiffs' motion for class certification, reasoning that:

> Plaintiffs' evidence demonstrates quite clearly that there is no administratively feasible method for ascertaining the plaintiff classes. Customers do not remember when they purchased Fresh Step cat litter or how much they bought. Of the retailers who responded to Plaintiffs' inquiries, six do not have any way of identifying Fresh Step purchasers. Five can track some customers through loyalty programs or store credit cards, but three of those five can identify customers in only a small minority of Fresh Step transactions. Ultimately, only two of the sixteen retailers Plaintiffs contacted can help identify a substantial number of plaintiffs. The Court finds that there is no administratively feasible method of determining membership for the vast majority of potential members of Plaintiffs' proposed sub-classes. Therefore, Plaintiffs' proposed classes are not ascertainable.

*Id.* at 441-42.

Here, Plaintiffs have provided even less evidence of ascertainability than the plaintiffs in *Clorox*. If the Court does not simply strike the portions of the Class Certification Reply in which Plaintiffs posit that they can show ascertainability of the Class through retailers, along with the information supporting this claim, then Snyder's-Lance should be afforded an opportunity to respond to this new argument in a sur-reply brief. As Snyder's-Lance requested in its Motion, the sur-reply will be limited solely to the newly-raised ascertainability-by-retailer argument, and would be further limited to ten (10) double-spaced pages.

9

## CONCLUSION

Snyder's-Lance respectfully requests that the Court strike the ascertainment-by-retailer argument advanced in Plaintiffs' Class Certification Reply, as well as the materials supporting that argument. In the alternative, Snyder's-Lance respectfully requests that the Court grant Snyder's-Lance leave to file a sur-reply in response to the Class Certification Reply.

Dated: Miami, FloridaRespectfully submitted,
March 19, 2015

*/s/ April Boyer*
April Boyer
Florida Bar No. 168335
Olivia Kelman
Florida Bar No. 105286
K&L GATES LLP
Southeast Financial Center
200 South Biscayne Boulevard, Suite 3900
Miami, FL 33131
Email: april.boyer@klgates.com
Email: olivia.kelman@klgates.com
Telephone: 305.539.3300
Facsimile: 305.358.7095
and
Matthew G. Ball, admitted *pro hac vice*
matthew.ball@klgates.com
**K&L GATES LLP**
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: 412.249.1014
Facsimile: 412.882.8220
and
Kiran H. Mehta, admitted *pro hac vice*
kiran.mehta@troutmansanders.com
**TROUTMAN SANDERS LLP**
301 South College Street, Suite 3400
Charlotte, NC 28202
Telephone: 704.998.4072
Facsimile: 704.998.4051

*Counsel for Defendant Snyder's-Lance, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on March 19, 2015, the foregoing **DEFENDANT'S REPLY IN SUPPORT OF MOTION (1) TO STRIKE NEW EVIDENCE [ECF Nos. 118, 119-1, and 119-2] AND ARGUMENTS [part of ECF No. 120] SUBMITTED IN PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION FOR CLASS CERTIFICATION, OR IN THE ALTERNATIVE (2) FOR LEAVE TO FILE SUR-REPLY, AND INCORPORATED MEMORANDUM OF LAW** was filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel or parties of record on the service list set forth below.

/s/April Boyer
April Boyer

**SERVICE LIST**
Case No. 0:13-cv-62496- LENARD/GOODMAN
United States District Court, Southern District of Florida

Howard W. Rubinstein, P.A.
The Law Offices of Howard W.
 Rubinstein, P.A.
3507 Kyoto Gardens Drive, Suite 200
Palm Beach, FL 33401
Email: howardr@pdq.net
Telephone: 800.436.6437
Facsimile:  415.692.6607

Michael Thomas Fraser
The Law Offices of Howard W.
 Rubinstein, P.A.
One Embarcadero Center, Suite 500
San Francisco, CA  94111
Email:  mfraser@hwrlawoffice.com
Telephone:  800.436.6437
Facsimile:  415.692.6607

Benjamin M. Lopatin, admitted *pro hac vice*
Eggnatz, Lopatin & Pascucci, LLP
580 California Street, Suite 1200
San Francisco, CA 94104
Email: blopatin@ELPLawyers.com
Telephone: 415.753.9219
Facsimile: 415.520.2262

April Boyer
Florida Bar No. 168335
Jonathan B. Morton
Florida Bar No. 956872
Olivia Kelman
Florida Bar No. 105286
K&L GATES LLP
Southeast Financial Center
200 South Biscayne Boulevard, Suite 3900
Miami, FL 33131
Email: april.boyer@klgates.com
Email: olivia.kelman@klgates.com
Email: jonathan.morton@klgates.com
Telephone: 305.539.3300
Facsimile:  305.358.7095

Michael R. Reese, admitted *pro hac vice*
George V. Granade, II, admitted *pro hac vice*
Kim E. Richman, admitted *pro hac vice*
Reese LLP
875 Avenue of the Americas, 18th Floor
New York, NY  10001
Email: mreese@reeserichman.com
Email: ggranade@reeserichman.com
Email: krichman@reeserichman.com
Telephone:  212.646.0500
Facsimile: 212.253.4272

Melissa W. Wolchansky, admitted *pro hac vice*
Dustin W. Massie, admitted *pro hac vice*
Halunen Law
1650 IDS Center
80 South Eight Street
Minneapolis, MN 55402
Email: wolchansky@halunenlaw.com
Email: massie@halunenlaw.com
Telephone: 612-605-4098

Joshua Harris Eggnatz
Eggnatz, Lopatin & Pascucci, LLP
5400 S. University Drive, Suite 413
Davie, FL 33328
Email: jeggnatz@ELPLawyers.com
Telephone: 954.889.3359
Facsimile: 954.889.5913

Matthew G. Ball, admitted *pro hac vice*
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Email: matthew.ball@klgates.com
Email: rosalind.cook@klgates.com
Telephone: 412.249.1014
Facsimile:  412.882.8220

Kiran H. Mehta, admitted *pro hac vice*
Troutman Sanders LLP
301 South College Street, Suite 3400
Charlotte, NC 28202
Email:  kiran.mehta@troutmansanders.com
Telephone:  704.998.4072
Facsimile:  704.998.4051