UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-62496-CIV-LENARD/GOODMAN

TODD BARRON, et al.,

    Plaintiffs,

v.

SNYDER'S-LANCE, INC.,

    Defendant.

_____/

### ORDER GRANTING IN PART DEFENDANT'S MOTION TO STRIKE

This matter is before the Undersigned on Defendant's motion [ECF Nos. 123; 127] to strike new evidence [ECF Nos. 118; 119-1; 119-2] and arguments [ECF No. 120] submitted in Plaintiffs' reply brief [ECF No. 118] in support of their motion for class certification, or in the alternative, for leave to file a sur-reply (the "Motion"). District Judge Joan A. Lenard referred Plaintiffs' supplemental motion for class certification [ECF No. 74] to the Undersigned. [ECF No. 75]. Having reviewed the Motion, Plaintiffs' response in opposition [ECF No. 135], Defendant's reply in support [ECF No. 146] and the pertinent portions of the record, the Motion is **granted in part**. Defendant may file a limited sur-reply pursuant to the guidelines described below, but the evidence and arguments will not be stricken.

On January 14, 2015, Plaintiffs filed an unopposed motion for extension of deadlines for supplemental class certification briefing, which explicitly stated that "Plaintiffs are in the process of obtaining discovery from third-party retailers that

Plaintiffs will use in support of their reply in support of class certification on the issues Defendant raises regarding ascertainability." [ECF No. 94, p. 4]. Accordingly, Defendant was on notice that Plaintiffs were in the process of gathering further discovery for use in their reply brief concerning supplemental class certification, yet did not offer any opposition at that time to Plaintiffs intent to obtain new information and use it in the reply brief. Because Defendant did not object when the issue was first presented in January, it is not appropriate now to strike that information from the briefing.

Therefore, Defendant's request that the Court strike the new exhibits and arguments is **denied**. However, it would be equally inappropriate to permit Plaintiffs to present new arguments and evidence in their reply brief without allowing Defendant the opportunity to address them. Accordingly, Defendant's request, in the alternative, to file a sur-reply is **granted**; Defendant may by April 3, 2015, file a sur-reply of no more than five (5) double-spaced pages, excluding signature block and certificate of service, limited to the new exhibits and the arguments relying upon the new exhibits, which were submitted along with Plaintiffs' reply to the supplemental motion for class certification.

**DONE AND ORDERED** in Chambers, in Miami, Florida, March 24, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

<u>Copies furnished to</u>:
Honorable Joan A. Lenard
All Counsel of Record