UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil Case No. 0:13-cv-62496-LENARD-GOODMAN

TODD BARRON, ADELE FERRARA, DANA COOKE,
GABRIEL IBERTIS, STEVE TROUT, MATTHEW
MCDONOUGH, DAVID KORN, ARNIE NEBRIAGA,
RAHSAAN ASHFORD, TERRY SHAPIRO,
BENJAMIN BARTELL, ANNE STEIMLE, ARTHUR
KAROS, and LARRY ROSENGARTEN, individually
and on behalf of all others similarly situated,

                    Plaintiffs,

   v.

SNYDER'S-LANCE, INC., a North Carolina corporation,

                    Defendant.

**DEFENDANT'S SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR
CLASS CERTIFICATION**

As permitted by the Court's March 24, 2015 Order [ECF No. 148], Defendant Snyder's-Lance, Inc. ("Snyder's-Lance" or "Defendant") hereby submits its Sur-Reply in Opposition to Plaintiffs' Supplemental Motion for Class Certification ("Motion") [ECF No. 74].

Plaintiffs' Reply in Support of Supplemental Motion for Class Certification ("Reply") [ECF No. 118] presented for the first time a new method of ascertaining who is and who is not a member of Plaintiffs' proposed classes – ascertainability-by-retailer.  Plaintiffs indicate that they can ascertain class members by first having individuals self identify as class members, but then "back check" using retailer records to ensure that a self-identifying putative class member is, in reality, a purchaser of Products during the relevant time period and, therefore, an actual class member.[1]  However, Plaintiffs' ascertainability-by-retailer theory fails on multiple levels and must be rejected.

First, the "back checking" methodology Plaintiffs propose puts the cart before the horse. Plaintiffs' burden is to show that putative class members are readily identifiable at the front end, rather than the back end, of the class certification process.  *EQT Production Co. v. Adair*, 764 F.3d 347 (4th Cir. 2014).  The Court rejected plaintiffs' proposal for back end identification during the process of determining whether putative class members would be entitled to recovery, holding that on the contrary this was a "perquisite" to class identification and ascertainability:

> Without even a rough estimate of the number of potential successors-in-interest, we have little conception of the nature of the proposed classes or who may be bound by a potential merits ruling.  Lacking even a rough outline of the classes' size and composition, we cannot conclude that they are sufficiently ascertainable.

*Id*. at 359-60.  Likewise, in this case Plaintiffs have offered no information – much less even a rough outline – concerning their proposed classes' size and composition.

---

[1] The term "Products" shall have the same meaning as defined in Plaintiffs' Amended Complaint. Am. Compl. ¶ 2.

1

Second, identification of class members must be through "administratively feasible" means, *Randolph v. J.M. Smucker Co.*, 303 F.R.D. 679, 685 (S.D. Fla. 2014), "meaning that the identification of class members should be 'a manageable process that does not require much, if any, individual inquiries.'" *Id.* In the ascertainability-by-retailer context, a plaintiff must show that retailer records do not leave out large numbers of putative class members in order to meet the ascertainability requirement for class certification. *See In re Clorox Consumer Litig.*, 301 F.R.D. 436, 441 (N.D. Cal. 2014).

In *Clorox*, the plaintiffs moved to certify classes of consumers who purchased the defendant's Fresh Step cat litter in five states. *Id.* at 439-40. In their reply brief, the plaintiffs argued that the class could be ascertained through retailer records and subpoenaed records from sixteen retailers, which accounted for 85% of Fresh Step sales nationwide. *Id.* at 441. Of the five retailers who agreed to produce information about Fresh Step sales, the court held that few provided information sufficient to help ascertain class members. *Id.* The court denied the plaintiffs' motion for class certification, reasoning that:

> Plaintiffs' evidence demonstrates quite clearly that there is no administratively feasible method for ascertaining the plaintiff classes. Customers do not remember when they purchased Fresh Step cat litter or how much they bought. Of the retailers who responded to Plaintiffs' inquiries, six do not have any way of identifying Fresh Step purchasers. Five can track some customers through loyalty programs or store credit cards, but three of those five can identify customers in only a small minority of Fresh Step transactions. Ultimately, only two of the sixteen retailers Plaintiffs contacted can help identify a substantial number of plaintiffs. The Court finds that there is no administratively feasible method of determining membership for the vast majority of potential members of Plaintiffs' proposed sub-classes. Therefore, Plaintiffs' proposed classes are not ascertainable.

*Id.* at 441-42.

Here, Plaintiffs have provided even less evidence of ascertainability than the plaintiffs in *Clorox*. First, like cat litter, the Products at issue in this case are relatively small purchases for

2

which customers are unlikely to retain receipts or remember when and how many Products they purchased. This presents a "subjective memory problem" which the Southern District of Florida has previously acknowledged as preventing ascertainability.[2]

Additionally, Plaintiffs have served subpoenas seeking customer sales records on only four entities – Target, Stop & Shop, Wal-Mart ("Wal-Mart"), and Catalina Marketing Corporation ("Catalina").[3] As Plaintiffs have identified, Snyder's-Lance Products are sold by hundreds of retailers[4] and Plaintiffs have failed to prove that records from these four entities alone could account for "the vast majority of potential members of Plaintiffs' proposed [class]." *Clorox*, 301 F.R.D. at 442. Moreover, only two retailers have responded to the subpoenas and the Target Affidavit [ECF No. 119-1] and the Stop & Shop Letter [ECF No. 119-2] demonstrate that these retailers do not maintain records that are sufficient to ascertain the class members.



Target Aff. ¶ 3.

Stop & Shop Letter at 1.

Unlike the plaintiffs in *Clorox*, Plaintiffs have presented absolutely no evidence concerning what percentage of the class could be ascertained through the records of Target and Stop & Shop. Instead, Plaintiffs mistakenly assert that the class is ascertainable as long as a fraction of its members can be identified. Reply at 2-7. This argument is unsupported by the law

---

[2] *See, e.g.*, *J.M. Smucker*, 303 F.R.D. at 689 (holding that a "subjective memory problem" – where individuals cannot accurately recall whether they purchased Crisco oil with an "All Natural" label – made self-identification unfeasible); *Mirabella v. Vital Pharm., Inc.*, No. 12-62086, slip op. at 8-9 (S.D. Fla. Feb. 27, 2015) (recognizing a "subjective memory problem" where individual class members cannot reliably recall their purchase history).

[3] Copies of the subpoenas are attached as Exhibits A through D.

[4] *See* Granade Decl., Ex. C, ECF No. 119.

3

and Plaintiffs cannot possibly represent a class of "all" purchasers of the Products, but have no means whatsoever of identifying large numbers of those purchasers.

Even if Plaintiffs could identify a substantial number of class members through their ascertainability-by-retailer proposal, their method involves far too many individualized determinations, and thus, is not administratively feasible. *See J.M. Smucker Co.*, 303 F.R.D. at 685. Simply obtaining retailer records would involve "a series of mini-trials and defeat the purpose of class-action treatment." *Karhu v. Vital Pharm., Inc.*, No. 13-60768-CIV, 2014 WL 815253, at *3 (S.D. Fla. Mar. 3, 2014). So far, Plaintiffs have only served subpoenas on three retailers out of the hundreds they have identified. While Target and Stop & Shop have responded, Wal-Mart has not. Therefore, obtaining information from Wal-Mart will likely require Plaintiffs to file and the Court to rule on a motion to compel. Additionally, the marketing company, Catalina filed a Motion to Quash Subpoena.[5] In its Motion to Quash, Catalina identified multiple concerns, including that Catalina would need to obtain permission of each retailer in order to disclose their data and the fact that the requested information is confidential and proprietary.[6] The issues raised by Catalina are likely to be echoed by many retailers who will object to divulging to Plaintiffs highly sensitive consumer identifying information regarding their customers; indeed ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Stop & Shop Letter at 2. Plaintiffs have seemingly conceded the validity of Catalina's objections, and Catalina has withdrawn its Motion to Quash.[7]

---

[5] *See Barron v. Snyder's Lance, Inc.*, No. 8:15-MC-19-T-JSM-AEP (M.D. Fla. Feb. 5, 2015) (ECF No. 1), copy attached as Exhibit E.
[6] *Id.* at 8-12.
[7] *See Barron v. Snyder's Lance, Inc.*, No. 8:15-MC-19-T-JSM-AEP (M.D. Fla. Feb. 10, 2015) (ECF No. 4), copy attached as Exhibit F.

Based on the limited information Plaintiffs have sought so far, it is inevitable that identifying class members through retailer subpoenas will require extensive court involvement.

Finally, Plaintiffs seemingly concede that retailer data alone cannot identify the class members, and have proposed a plan where individual class members would self-identify by submitting a claim form, affidavit, and supporting documentation (such as a product UPC code or sales receipt) and a claims administrator would then use retailer data as a means of verifying each individual claim.  *See* Weisbrot Decl. ¶¶ 10-11.  This process is not administratively feasible and clearly involves the type of individualized determinations or "mini-trials" that are prohibited under the ascertainability standard.[8]  The Southern District of Florida recently denied class certification on this exact basis. *See Mirabella v. Vital Pharm., Inc.*, No. 12-62086, slip op. at 7-10 (S.D. Fla.  Feb. 27, 2015) (rejecting plaintiff's proposed method of cross-checking individual claims against retailer records and holding that plaintiff failed to show that class may be ascertained on basis of objective criteria).

Plaintiffs have not provided the Court with retailer information that is sufficient for it to conduct the required rigorous analysis, and their submissions suggest that they can only obtain this information through subpoenas and extensive litigation with hundreds of retailers.  This process will involve the type of individualized "mini-trials" that class actions are designed to avoid – at least retailer by retailer, if not also consumer by consumer.  For these reasons, Plaintiffs have failed to carry their burden of showing an administratively feasible method for determining membership of the proposed class.  Therefore, the proposed class is not ascertainable, and Plaintiffs' Supplemental Motion for Class Certification should be denied.

---

[8] *See Karhu*, 2014 WL 815253, at *3 (holding that class was not ascertainable, and refusing to allow individual class members to self-identify through affidavit in consumer class action because (1) accepting affidavits without verification would deprive the defendant of its due process rights; (2) allowing the defendant to contest each affidavit would "require a series of mini-trials and defeat the purpose of class action treatment"; and (3) using affidavits to determine class memberships invites fraudulent submissions and could dilute recovery of genuine class members).

Dated: Miami, Florida
April 2, 2015

Respectfully submitted,

*/s/ April Boyer*
April Boyer
Florida Bar No. 168335
Olivia Kelman
Florida Bar No. 105286
K&L GATES LLP
Southeast Financial Center
200 South Biscayne Boulevard, Suite 3900
Miami, FL 33131
Email: april.boyer@klgates.com
Email: olivia.kelman@klgates.com
Telephone: 305.539.3300
Facsimile:  305.358.7095
       and
Matthew G. Ball, admitted *pro hac vice*
matthew.ball@klgates.com
**K&L GATES LLP**
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: 412.249.1014
Facsimile: 412.882.8220
       and
Kiran H. Mehta, admitted *pro hac vice*
kiran.mehta@troutmansanders.com
**TROUTMAN SANDERS LLP**
301 South College Street, Suite 3400
Charlotte, NC 28202
Telephone:  704.998.4072
Facsimile:  704.998.4051

*Counsel for Defendant Snyder's-Lance, Inc.*

6

**CERTIFICATE OF SERVICE**

The undersigned certifies that on April 2, 2015, the foregoing redacted version of **DEFENDANT'S SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** was filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel or parties of record on the service list set forth below.

/s/April Boyer
April Boyer

**SERVICE LIST**
Case No. 0:13-cv-62496- LENARD/GOODMAN
United States District Court, Southern District of Florida

Howard W. Rubinstein
Michael Thomas Fraser
The Law Offices of Howard W.
 Rubinstein, P.A.
1615 Forum Place, Suite 4C
West Palm Beach, FL 33401
Email: howardr@pdq.net
Email: mfraser@hwrlawoffice.com
Telephone: 832.715.2788
Facsimile:  561.688.0630

Benjamin M. Lopatin, admitted *pro hac vice*
Eggnatz, Lopatin & Pascucci, LLP
580 California Street, Suite 1200
San Francisco, CA 94104
Email: blopatin@ELPLawyers.com
Telephone: 415.753.9219
Facsimile: 415.520.2262

Michael R. Reese, admitted *pro hac vice*
George V. Granade, II, admitted *pro hac vice*
Kim E. Richman, admitted *pro hac vice*
Reese LLP
875 Avenue of the Americas, 18th Floor
New York, NY  10001
Email: mreese@reeserichman.com
Email: ggranade@reeserichman.com
Email: krichman@reeserichman.com
Telephone:  212.646.0500
Facsimile: 212.253.4272

April Boyer
Florida Bar No. 168335
Jonathan B. Morton
Florida Bar No. 956872
Olivia Kelman
Florida Bar No. 105286
K&L GATES LLP
Southeast Financial Center
200 South Biscayne Boulevard, Suite 3900
Miami, FL 33131
Email: april.boyer@klgates.com
Email: olivia.kelman@klgates.com
Email: jonathan.morton@klgates.com
Telephone: 305.539.3300
Facsimile:  305.358.7095

Matthew G. Ball, admitted *pro hac vice*
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Email: matthew.ball@klgates.com
Email: rosalind.cook@klgates.com
Telephone: 412.249.1014
Facsimile:  412.882.8220

7

Melissa W. Wolchansky, admitted *pro hac vice*
Dustin W. Massie, admitted *pro hac vice*
Halunen Law
1650 IDS Center
80 South Eight Street
Minneapolis, MN 55402
Email: wolchansky@halunenlaw.com
Email: carlson@halunenlaw.com
Email: massie@halunenlaw.com
Telephone: 612-605-4098

Joshua Harris Eggnatz
Eggnatz, Lopatin & Pascucci, LLP
5400 S. University Drive, Suite 413
Davie, FL 33328
Email: jeggnatz@ELPLawyers.com
Telephone: 954.889.3359
Facsimile: 954.889.5913

Kiran H. Mehta, admitted *pro hac vice*
Troutman Sanders LLP
301 South College Street, Suite 3400
Charlotte, NC 28202
Email: kiran.mehta@troutmansanders.com
Telephone: 704.998.4072
Facsimile: 704.998.4051