# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### CASE NO. 0:13-cv-62496-LENARD/GOODMAN

TODD BARRON, ADELE FERRERA,
DANA COOKE, GABRIEL IBERTIS,
STEVE TROUT, MATTHEW
MCDONOUGH, DAVID KORN, ARNIE
NEBRIAGA, RAHSAAN ASHFORD,
TERRY SHAPIRO, BENJAMIN BARTELL,
ANNE STEIMLE, ARTHUR KAROS, and
LARRY ROSENGARTEN, individually and
on behalf of all others similarly situated,

    *Plaintiffs,*

v.

SNYDER'S-LANCE, INC.,

    *Defendant.*

## ORDER GRANTING PRELIMINARY APPROVAL
## OF CLASS ACTION SETTLEMENT, AND
## LEAVE TO FILE THIRD AMENDED COMPLAINT

The parties to this litigation have entered into a Stipulation of Class Action Settlement (the "Agreement"), which if approved, would resolve this putative class action. Plaintiffs Adele Ferrera, Dana Cooke, Rahsaan Ashford, Anne Steimle, Steve Trout, Terry Shapiro, Benjamin Bartell, Arthur Karos, Larry Rosengarten, and Joshua Seidman, have filed a Motion for Preliminary Approval of Class Action Settlement and for Leave to File Third Amended Complaint for Settlement Purposes (the "Motion"). Defendants, Snyder's-Lance, Inc. and Snack Factory, LLC (collectively "Snyder's") do not oppose the Motion, and support preliminary approval of the Agreement by the Court.

The definitions in the Agreement are hereby incorporated as though set forth fully in this Order, and capitalized terms shall have the meaning attributed to them in the Agreement.

The Court has read and considered the Motion, the Agreement, and all exhibits thereto, including the proposed Class Notice and Claim Form, and finds there is sufficient basis for: (1) granting leave to file the Third Amended Complaint; (2) granting preliminary approval of the Agreement; (3) certifying the Settlement Class for settlement purposes; (4) appointing Plaintiffs Adele Ferrera, Dana Cooke, Rahsaan Ashford, Anne Steimle, Steve Trout, Terry Shapiro, Benjamin Bartell, Arthur Karos, Larry Rosengarten, Joshua Seidman, Tina Mary Brunello, Matthew McDonough, and David Korn, as Class Representatives; (5) appointing Joshua H. Eggnatz, of Eggnatz, Lopatin & Pascucci, LLP; Michael R. Reese, of Reese LLP; and Melissa W. Wolchansky, of Halunen Law, as Class Counsel; (6) directing that Class Notice be disseminated to the Settlement Class as provided by the Notice Plan; and (7) setting a Final Approval Hearing at which the Court will consider whether to grant final approval of the Agreement.

The Court now GRANTS the Motion for Preliminary Approval and makes the following findings and orders:

1.     The proposed Third Amended Complaint shall be deemed filed as of the date of this Order. The case style and caption for all future filings and pleadings in this action, including all ancillary papers filed and published in furtherance of the notice and administration of the class action settlement, shall reflect the class representative Plaintiffs identified in the caption of the Third Amended Amended Complaint and this Order. In light of the Settlement submitted by the parties, Snyder's-Lance, Inc. and Snack Factory, LLC, need not respond to the Third Amended Complaint unless the Court enters a subsequent order disapproving the Settlment. If

the Settlement is disapproved, the Third Amended Complaint shall be stricken and the case shall proceed of the Second Amended Complaint.

     2.     The Court preliminary certifies, for purposes of effectuating the Settlement of the parties, the following settlement class (the "Settlement Class") pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All Persons who, for personal or household use, purchased Snyder's-Lance's Snyder's of Hanover® Pretzels, Snyder's of Hanover® Chips, Cape Cod® Potato Chips, Eatsmart Naturals® Snacks, Padrino's® Chips and Snack Factory Pretzel Crisps® products bearing, or advertised or marketed with, a Natural Label, in the United States from November 13, 2007 through and including the Notice Date, as defined in the Agreement. Excluded from the Settlement Class are: (a) all Persons who purchased or acquired the Products for resale; (b) Snyder's-Lance and its employees, principals, affiliated entities, legal representatives, successors, and assigns; (c) any Person who files a valid, timely Request for Exclusion; (d) federal, state, and local governments (including all agencies and subdivisions thereof, but excluding employees thereof); and (e) the judges to whom the Snyder's-Lance Actions are assigned and any members of their immediate families.

     3.     The Court approves Adele Ferrera, Dana Cooke, Rahsaan Ashford, Anne Steimle, Steve Trout, Terry Shapiro, Benjamin Bartell, Arthur Karos, Larry Rosengarten, Joshua Seidman, Tina Mary Brunello, Matthew McDonough, and David Korn as Class Representatives.

     4.     The Court appoints the following to serve as Class Counsel: Joshua H. Eggnatz of Eggnatz, Lopatin & Pascucci, LLP; Michael R. Reese of Reese LLP; and Melissa W. Wolchansky of Halunen Law. The Court finds that these lawyers are competent and capable of exercising their responsibilities as Class Counsel.

     5.     The Court finds, for purposes of settlement only, and conditioned upon the entry of this Order and the Final Judgment and Order Approving Settlement and upon the occurrence of the Effective Date, that the requirements of Rule 23 of the Federal Rules of Civil Procedure are met by the Settlement Class: (a) joinder of all Settlement Class Members in a single

proceeding would be impracticable, if not impossible, because of their numbers and dispersion; (b) there are questions of law and fact common to the Settlement Class; (c) Plaintiffs' claims are typical of the claims of the  Settlement Class she seeks to represent for purposes of settlement; (d) Plaintiffs have fairly and adequately represented the interests of the Settlement Class and will continue to do so; (e) Plaintiffs and the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting class actions, including those involving the sort of practices alleged in the Snyder's Actions' operative Complaints; (f) for purposes of settlement, the questions of law and fact common to the Settlement Class Members predominate over questions affecting any individual Settlement Class Member; (g) Snyder's has acted on grounds that apply generally to the Settlement Class, such that final injunctive relief is appropriate respecting the Settlement Class as a whole; and (h) a class settlement is superior to other available methods for a fair resolution of the controversy.

6.      The Court preliminary approves the Agreement, finding that its terms appear sufficient and fair, reasonable, and adequate to warrant dissemination of notice of the proposed settlement to the Settlement Class as provided by the Notice Plan. The Court finds that the Agreement contains no obvious deficiencies and that the parties entered into the Agreement in good faith, following arms-length negotiation between their respective counsel.

7.      The Court approves, as to form and content, the Long-Form Notice and Short-Form Publication Notice attached to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement as Exhibits 1 and 2 to the Stipulation of Settlement.  The Court also approves the procedure for disseminating notice of the proposed settlement to the Settlement Class and the Claim Form, as set forth in the Notice and Media Plan attached to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement as

Exhibits G.  The Court finds that the notice to be given constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution.

8.      Snyder's shall cause notice to be disseminated pursuant to the Notice Plan within 21 calendar days of this Order.

9.      As set forth in the Agreement, Snyder's shall pay for the class notice, settlement administration, and any third party costs securing the performance of the settlement obligation, up to a maximum of $350,000.00.

10.      The Court authorizes and directs Snyder's to retain Angeion Group as the Claims Administrator to implement the terms of the proposed Agreement, and authorizes and directs such Claims Administrator to (a) publish the Long-Form Notice and Publication Notice as provided by the Notice Plan; (b) establish the toll-free informational telephone number; (c) establish the Settlement Website; (d) receive and process Claims; and (e) carry out such other responsibilities as are provided for in the Agreement or may be agreed to by the Parties.

11.      At or before the Final Approval Hearing (defined below), the Claims Administrator shall provide the Court with a declaration showing that the Class Notice was disseminated in accordance with this Order and the Notice Plan.

12.      A hearing on final approval of the Agreement, an award of attorneys' fees and expenses to Class Counsel, and service award payment to Plaintiffs (the "Final Approval Hearing") shall be held on **June 3, 2016**, before the undersigned in Courtroom 12-1 of the United States District Court for the Southern District of Florida, 400 North Miami Avenue, Miami, Florida 33128.  At the Final Approval Hearing, the Court will consider: (a) whether the

Agreement should be finally approved as fair, reasonable, and adequate for the Settlement Class; (b) whether a judgment granting approval of the Agreement and dismissing the Action with prejudice should be entered; and (c) whether Class Counsel's application for attorneys' fees and expenses and an service award for Plaintiff should be granted.

13.    Any Settlement Class Member may object to any aspect of the Stipulation of Settlement may object to any aspect of the proposed Agreement either on his or her own or through an attorney hired at his or her expense. Any Settlement Class Member who wishes to object to the proposed Agreement must file with the Court, and serve on Class Counsel and Defendant's Counsel, at the addresses set forth below, a written statement of objection no later than May 3, 2016 (the "Objection Deadline"). Such statement shall include (a) the name, address, telephone number and, if available, e-mail address of the Person objecting and, if represented by counsel, of his/her counsel, including any former or current counsel who may be entitled to compensation for any reason related to the objection; (b) specifically and in writing, all objections, accompanied by any legal support known to the objecting Class Member or his or her counsel; (c) whether he/she intends to appear at the Final Approval Hearing, either with or without counsel; (d) a statement of his/her membership in the Settlement Class including all of the information required by the Claim Form; and (e) a detailed list of any other objections submitted by the Settlement Class Member, or his/her counsel, to any class actions submitted in any court, whether state or otherwise, in the United States in the previous five (5) years. If the Settlement Class Member or his/her counsel has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he/she shall affirmatively state so in the written materials provided in connection with the Objection to this Settlement.

**Claims Administrator**
Angeion Group
*Snack Food Settlement*
1801 Market Street, Suite 660
Philadelphia, Pennsylvania 19103

**Class Counsel**
Michael R. Reese
**Reese LLP**
100 West 93rd Street, 16th Floor
New York, New York 10025

Melissa W. Wolchansky
**Halunen Law**
1650 IDS Center
80 South Eight Street
Minneapolis, Minnesota 55402

Joshua H. Eggnatz
**Eggnatz, Lopatin & Pascucci, LLP**
5400 S. University Drive, Suite 413
Davie, Florida 33328

**Defendant's Counsel**
General Counsel
**Snyder's-Lance, Inc.**
13024 Ballantyne Corporate Place, Suite 900
Charlotte North Carolina 28277

Kiran H. Mehta
Molly L. McIntosh
**Troutman Sanders LLP**
301 South College Street, Suite 3400
Charlotte, North Carolina 28202

14.    Any Settlement Class Member who does not timely file and serve a written objection pursuant to the terms hereof shall be deemed to have waived, and shall be foreclosed from thereafter raising, any objection to the Agreement.  Any objection that is not timely made shall be barred.  The filing of an objection allows Class Counsel or Defendant's Counsel to notice such objecting person for and take his or her deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location, and to seek any documentary evidence or other

7

tangible things that are relevant to the objection. Failure by an objector to make himself or herself available for a deposition or to comply with expedited discovery requests may result in the Court striking said objector's objection and otherwise denying that person the opportunity to make an objection or be further heard. The Court reserves the right to tax the costs of any such discovery to the objector or the objector's counsel should the Court determine that the objection is frivolous or is made for an improper purpose.

15. The procedures and requirements for filing objections in connection with the Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Settlement Class Members' objection to the Agreement, in accordance with the due process rights of all Settlement Class Members.

16. Any Settlement Class Member who files and serves a timely written objection pursuant to the terms of this Order and complies with the requirements of this Paragraph may also appear at the Final Approval Hearing either in person or through counsel retained at the Settlement Class Member's expense. Settlement Class Members or their attorneys intending to appear at the Final Approval Hearing must serve on Class Counsel and Defendant's Counsel, and file with the Court, at the addresses specified in this Order, no later than 15 calendar days before the Final Approval Hearing, a notice of intention to appear, setting forth the case number, and the name, address, telephone number, and, if available, email address of the Settlement Class Member (and, if applicable, the name, address, telephone number, and email address of the Settlement Class Member's attorney). Any Settlement Class Member who does not timely file and serve a notice of intention to appear pursuant to the terms of this Order shall not be permitted to appear, except for good cause shown.

17.    <u>Exclusions</u>.

a)    Any Settlement Class Member may request to be excluded (or "opt out") from the Settlement Class.  A Settlement Class Member who wishes to opt out of the Settlement Class must complete and mail to the Claims Administrator a Request for Exclusion that is postmarked no later than May 3, 2016 (the "Opt-Out Deadline").  The Request for Exclusion must be personally signed by the Class Member requesting exclusion and contain a statement that indicates a desire to be excluded from the Class.  No person may opt-out of the Settlement Class any other person, or be opted-out by any other Person, and no Person shall be deemed opted-out of the Settlement Class through any purported "mass" or "class" opt-outs.  So-called "mass" or "class" opt-outs shall not be allowed.

b)    Except for those Persons who have properly and timely submitted Requests for Exclusion, all Settlement Class Members will be bound by the Agreement and the Final Judgment and Order Approving Settlement, including the Release contained therein, regardless of whether they file a Claim or receive any monetary relief.

c)    Any Settlement Class Member who properly requests to be excluded from the Settlement Class shall not: (a) be bound by any orders or judgments entered in the Action relating to the Agreement; (b) be entitled to relief under, or be affected by, the Agreement; (c) gain any rights by virtue of the Agreement; or (d) be entitled to object to any aspect of the Agreement.

18.    <u>Claims</u>.  The Claim Deadline shall be thirty (30) calendar days following the Final Approval Hearing, which is due, adequate, and sufficient time.  All Claims must be submitted with a Claim Form and received by the Claims Administrator or postmarked by the Claims Deadline.  The Claims Deadline shall be clearly set forth in the Class Notice, the Settlement

Website, and on the Claim Form.  Settlement Class Members who do not timely submit a signed, completed Claim Form in accordance with the procedures set forth in the Agreement shall not be eligible for an Award.

     19.    Supplemental Filing Deadlines.

     a)    The Motion for Final Approval of the Settlement and Certification of the Settlement Class, together with the supporting memorandum and papers, shall be filed no later than April 18, 2016.

     b)    Class Counsel's Motion for Attorneys' Fees, Expenses, and an Incentive Award, together with the supporting memorandum and papers, shall be filed no later than April 18, 2016.

     c)    The Parties may each file a supplemental brief no longer than twenty-five (25) pages in length to address any objections filed by Settlement Class Members.  Said supplemental briefs shall be filed no later than seven (7) calendar days before the Final Approval Hearing.

     20.    If any deadline set forth in this Order falls on a Saturday, Sunday or federal holiday, then such deadline shall extend to the next Court business day.

     21.    Stay of Litigation.  Pending the Final Approval Hearing, all proceedings in the Action, other than proceedings necessary to carry out and enforce the terms and conditions of the Agreement and this Order, are hereby stayed.

     22.    Termination.  In the event the Court does not grant final approval of the Settlement, or for any reason the Parties fail to obtain a Final Judgment and Order Approving Settlement as contemplated by the Agreement, or the Agreement is terminated pursuant to its terms for any reason or the Effective Date does not occur for any reason, then the following shall

apply:

      a)      The Agreement and all orders and findings entered in connection with the Agreement and the Settlement shall become null and void and be of no further force and effect whatsoever, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in this or any other proceeding; and

      b)      The provisional certification of the Settlement Class pursuant to this Order shall be vacated automatically, the Action shall proceed as though the Settlement Class had never been provisionally certified pursuant to the Agreement, and provisional findings related to Rule 23 shall have no force or effect for the remainder of the Action.

23.      This Order shall not be construed or used as an admission, concession, or declaration by or against Snyder's of any fault, wrongdoing, breach, or liability, and shall not be deemed to be a stipulation as to the propriety of class certification, or any admission of fact or law regarding any request for class certification, in any other action or proceeding, whether or not involving the same or similar claims.  Nor shall this Order be construed or used as an admission, concession, or declaration by or against Plaintiff or the other Settlement Class Members that their claims lack merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any Party of any defenses or claims he, she, or it may have in the Action or in any other proceeding.

24.      The Court reserves the right to adjust the date of the Final Approval Hearing and related deadlines.  In that event, the revised hearing date and/or deadlines shall be posted on the Settlement Website referred to in the Class Notice, and the Parties shall not be required to re-send or re-publish the Class Notice.

25.    Accordingly, it is hereby ordered:

- The Final Approval Hearing shall be held on June 3, 2016 ;

- Any Settlement Class Member who wishes to object to the proposed Agreement must file with the Court, and serve on Class Counsel and Defendant's Counsel a written statement of objection no later than May 3, 2016;

- A Settlement Class Member who wishes to opt out of the Settlement Class must complete and mail to the Claims Administrator a Request for Exclusion that is postmarked no later than May 3, 2016;

- The Motion for Final Approval of the Settlement and Certification of the Settlement Class, together with the supporting memorandum and papers, shall be filed no later than April 18, 2016;

- Class Counsel's Motion for Attorneys' Fees, Expenses, and an Incentive Award, together with the supporting memorandum and papers, shall be filed no later than April 18, 2016; and

- The Parties may each file a supplemental brief no longer than twenty-five (25) pages in length to address any objections filed by Settlement Class Members. Said supplemental briefs shall be filed no later than May 27, 2016.

IT IS SO ORDERED.

Dated:  _Feb. 12, 2016_
        _Miami, Fl_

_Joan A. Lenard_
THE HONORABLE JOAN A. LENARD
UNITED STATES DISTRICT
COURT JUDGE